LEE V. QUILLAR
NAME
D-22639
PRISON NUMBER
P.O. BOX 950 5BA227
CURRENT ADDRESS OR PLACE OF CONFINEMENT
FOLSOM, CA 95763
CITY, STATE, ZIP CODE

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ✓
COPIES SENT TO
Court ✓ ProSe ___

FILED
2008 JAN 31 PM 4:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ___ DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,
(FULL NAME OF PETITIONER)

PETITIONER

v.

MATTHEW KRAMER, WARDEN,
(NAME OF WARDEN, SUPERINTENDENT, JAILOR, OR AUTHORIZED PERSON HAVING CUSTODY OF PETITIONER [E.G., DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS])

RESPONDENT

and

JERRY BROWN, A.G.,
The Attorney General of the State of California, Additional Respondent.

'08 CV 0194 IEG AJB

Civil No ___
(TO BE FILLED IN BY CLERK OF U.S. DISTRICT COURT)

## PETITION FOR WRIT OF HABEAS CORPUS

UNDER 28 U.S.C. § 2254
BY A PERSON IN STATE CUSTODY

1. Name and location of the court that entered the judgment of conviction under attack: California Superior Court, El Cajon, San Diego County
2. Date of judgment of conviction: August 9, 1997
3. Trial court case number of the judgment of conviction being challenged: SCE-171374
4. Length of sentence: Thirty-six years to life/Three-Strikes

5. Sentence start date and projected release date: October 21, 1997-March 9, 2030

6. Offense(s) for which you were convicted or pleaded guilty (all counts): False Imprisonment, Causing fire, ADW/other than firearm.

7. What was your plea? (CHECK ONE)
   (a) Not guilty ☒
   (b) Guilty ☐
   (c) Nolo contendere ☐

8. If you pleaded not guilty, what kind of trial did you have? (CHECK ONE)
   (a) Jury ☒
   (b) Judge only ☐

9. Did you testify at the trial?
   ☐ Yes ☒ No

## DIRECT APPEAL

10. Did you appeal from the judgment of conviction in the California Court of Appeal?
    ☒ Yes ☐ No

11. If you appealed in the California Court of Appeal, answer the following:
    (a) Result: DENIED
    (b) Date of result (if known): November 9, 1999
    (c) Case number and citation (if known): D029778
    (d) Names of Judges participating in case (if known)
    (e) Grounds raised on direct appeal: 1) Court incorrectly instructed Jury on assault, 2) court erred in denying wheeler motion, and 3) Court of Appeal erred in finding trial errors harmless.

12. If you sought further direct review of the decision on appeal by the California Supreme Court (e.g., a Petition for Review), please answer the following:
    (a) Result: Denied
    (b) Date of result (if known): February 29, 2000
    (c) Case number and citation (if known): S098811
    (d) Grounds raised: SAME AS ABOVE

13. If you filed a petition for certiorari in the **United States Supreme Court**, please answer the following with respect to that petition: If necessary, this will be the first petition to be filed in Supreme Court

(a) Result: N/A

(b) Date of result (if known): N/A

(c) Case number and citation (if known): N/A

(d) Grounds raised: N/A

## COLLATERAL REVIEW IN STATE COURT

14. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Superior Court**?
☒ Yes ☐ No

15. If your answer to #14 was "Yes," give the following information:

(a) **California Superior Court** Case Number (if known): EHC 467

(b) Nature of proceeding: Habeas Corpus

(c) Grounds raised: 1) Trial counsel failed to interview witnesses, 2) Trial counsel failed to investigate, 3) Counsel did not request a 402 hearing, and 4) Counsel did not object to the wrong jury instruction.

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: Denied

(f) Date of result (if known): February 28, 2005

16. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the **California Court of Appeal**?
☒ Yes ☐ No

17. If your answer to #16 was "Yes," give the following information:

(a) California Court of Appeal Case Number (if known): D046232

(b) Nature of proceeding: Habeas Corpus

(c) Names of Judges participating in case (if known) Irion

(d) Grounds raised: Due Process Violations based on claims being denied by party who caused same and, petitioner suffered prejudice under local rule 3.12(A)(1).

(e) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(f) Result: Appeal court responded to wrong petition (exhibit).

(g) Date of result (if known): May 18, 2005

18. Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g., a Petition for Writ of Habeas Corpus) with respect to this judgment in the California Supreme Court?
☒ Yes ☐ No

19. If your answer to #18 was "Yes," give the following information:

(a) California Supreme Court Case Number (if known): S134564

(b) Nature of proceeding: Habeas Corpus

(c) Grounds raised: Same as above (17(d)).

(d) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

(e) Result: Denied after failing to address merits

(f) Date of result (if known): May 10, 2006

20. If you did *not* file a petition, application or motion (e.g., a Petition for Review or a Petition for Writ of Habeas Corpus) with the California Supreme Court, containing the grounds raised in this federal Petition, explain briefly why you did not:
N/A

## COLLATERAL REVIEW IN FEDERAL COURT

21. Is this your **first** federal petition for writ of habeas corpus challenging this conviction?
☐ Yes ☒ No (IF "YES" SKIP TO #22)
(a) If no, in what federal court was the prior action filed? The Above Court
(i) What was the prior case number? CV-01-0968-BTM/CV-06-2286-H-(AJB)
(ii) Was the prior action (CHECK ONE):
☒ Denied on the merits? CV-01-0968-BTM
☒ Dismissed for procedural reasons? CV-06-2286-H-(AJM)
(iii) Date of decision: #1 July 8, 2002; and 2) January 23, 2007.
(b) Were any of the issues in this current petition also raised in the prior federal petition?
☐ Yes ☐ No Two of the Five claims under: CV-06-2286-H-(AJM)
(c) If the prior case was denied on the merits, has the Ninth Circuit Court of Appeals given you permission to file this second or successive petition? **NONE of the herein**
☐ Yes ☐ No **claims has ever undergone review on the merits. Concrete proof was not ascertained until late 2006, while appellant was suffering from prison guard abuse.**

**CAUTION:**

- **Exhaustion of State Court Remedies:** In order to proceed in federal court you must ordinarily first exhaust your state court remedies as to each ground on which you request action by the federal court. This means that even if you have exhausted some grounds by raising them before the California Supreme Court, you must first present ***all*** other grounds to the California Supreme Court before raising them in your federal Petition.
- **Single Petition:** If you fail to set forth all grounds in this Petition challenging a specific judgment, you may be barred from presenting additional grounds challenging the same judgment at a later date.
- **Factual Specificity:** You must state facts, not conclusions, in support of your grounds. For example, if you are claiming incompetence of counsel you must state facts specifically setting forth what your attorney did or failed to do. A rule of thumb to follow is — state who did exactly what to violate your federal constitutional rights at what time or place.

23. Do you have any petition or appeal **now pending** in any court, either state or federal, pertaining to the judgment under attack?
☒ Yes ☐ No

24. If your answer to #23 is "Yes," give the following information:

(a) Name of Court: California Supreme Court

(b) Case Number: S154162

(c) Date action filed: July 6, 2007

(d) Nature of proceeding: Habeas Corpus

(e) Name(s) of judges (if known):

(f) Grounds raised: APPRENDI V. NEW JERSEY-Blakely V. Washington claims (RIGHTS TO JURY ON AGGRAVATING FACTORS) Retroactively applies to petitioner as his case was open on direct appeal when (both) Apprendi and Blakely was ruled on.

**Note:** Petitioner was unable to raise claims before now due to having been attacked by a correctional officer and made to serve an illegal six month SHU-TERM.

(g) Did you receive an evidentiary hearing on your petition, application or motion?
☐ Yes ☒ No

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment attacked herein:

(a) At preliminary hearing: Salvatore Tarantino

(b) At arraignment and plea: **Was not represented by anyone SEE CLAIMS.**

(c) At trial: Elizabeth A. Barranco.

(d) At sentencing: Elizabeth A. Barranco

(e) On appeal: Carl Fabian

(f) In any post-conviction proceeding: Self-represented

(g) On appeal from any adverse ruling in a post-conviction proceeding: N/A

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?
☒ Yes ☐ No

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?
☐ Yes ☒ No

(a) If so, give name and location of court that imposed sentence to be served in the future:
N/A

(b) Give date and length of the future sentence: N/A

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future? N/A
☐ Yes ☐ No

28. Consent to Magistrate Judge Jurisdiction

In order to insure the just, speedy and inexpensive determination of Section 2254 habeas cases filed in this district, the parties may waive their right to procced before a district judge and consent to magistrate judge jurisdiction. Upon consent of all the parties under 28 U.S.C. § 636(c) to such jurisdiction, the magistrate judge will conduct all proceedings including the entry of final judgment. The parties are free to withhold consent without adverse substantive consequences.

The Court encourages parties to consent to a magistrate judge as it will likely result in an earlier resolution of this matter. If you request that a district judge be designated to decide dispositive matters, a magistrate judge will nevertheless hear and decide all non-dispositive matters and will hear and issue a recommendation to the district judge as to all dispositive matters.

You may consent to have a magistrate judge conduct any and all further proceedings in this case, including the entry of final judgment, by indicating your consent below.

Choose only one of the following:

☐ Plaintiff consents to magistrate judge jurisdiction as set forth above.

OR

☒ Plaintiff requests that a district judge be designated to decide dispositive matters and trial in this case.

29. Date you are mailing (or handing to a correctional officer) this Petition to this court: Jan-22 2008

Wherefore, Petitioner prays that the Court grant Petitioner relief to which he may be entitled in this proceeding.

Lee V. Quillan

SIGNATURE OF ATTORNEY (IF ANY)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

1-22-08

(DATE)

Lee V. Quillan

SIGNATURE OF PETITIONER

LEE V. QUILLAR D-22639
P.O. BOX 950 5BA227
FOLSOM, CA 95763

In Pro Se.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

Petitioner,

Vs.

MATTHEW KRAMER, WARDEN,

Respondent.

and

JERRY BROWN
The Attorney General of the State
of California, Additional Respondent./

CASE No.:________________

**PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
**28 U.S.C. §2254**

I.
INTRODUCTION

This Petition for Writ of Habeas Corpus is being filed seeking redress for the "intentional violation" of petitioner's rights to counsel, and the violating of his FIFTH, SIXTH, AND FOURTEENTH Amendment rights to Due Process and Equal Protection clause under the United States Constitution.

This petition satisfies the requirements as mandated under 28 U.S.C. 2244(b)(3); regarding the Anti-Effective Death Penalty Act (AEDPA) procedural bar, and is being filed under the criteria as setforth under FARETTA V. CALIFORNIA, (1975) 422 U.S. 806, 45 L. Ed 2d 562, 95 S. Ct 2525; GIDEON V. WAINWRIGHT, (1963) 372 U.S. 335

9 L. Ed 2d 799, 83 S. Ct 792; MEMPA V. RHAY, (1967) 389 U.S. 128, 19 L. Ed 2d 336, 88 S.Ct 254; and PATE V. ROBINSON, (1966) 383 U.S. 375, 15 L.Ed 2d 815, 86 S. Ct 836.

II.
JURISDICTION

This petition is being filed by virtue of 28 U.S.C. 2244(b)(2), FRCP, rule 8; 22(b); 60(b); and 28 U.S.C. §2241(c)(3).

III.
STANDARD OF REVIEW

The claims that are hereby submitted falls under the criteria as demonstrated under MURRAY V. CARRIER, (1986) 477 U.S. 478, 91 L. Ed 2d 397, 106 S. Ct 2639; as: 1) an "Objective External Factor Impeded the claims of the ability to be raised before now (interference by officials), and 2) facts shows that the claims presented herein, were not reasonably available. Also, as described under U.S. V. FRADY, (1982) 456 U.S. 152, 71 L. Ed 2d 816, 102 S. Ct 1584; "the errors (severely) worked to petitioner's actual and substantial disadvantage so as to effect the entire trial."

IV.
STATEMENT OF FACTS

On July 10, 1996 at 1:25 p.m., a court hearing was held in the Superior Court of California, County of San Diego. It was alleged at this hearing that petitioner was: 1) present, 2) advised of his rights, 3) plead not guity, 4) waives his trial date, and 5) the Public Defenders Office was relieved and petitioner/defendant was placed into self-representation. Petitioner never attended any such hearing and never requested or knew of any such event until August 2004. (See Appendinx-A, P.1.)

On August 14, 1996 at 9:30 a.m., a court hearing was held in the Superior Court of California, County of San Diego. It was alleged at this hearing that petitioner was 1) present, and 2) At-

torney Elizabeth A. Barranco was appointed as "CO-COUNSEL" to petitioner's alleged pro per status.

Petitioner never attended this hearing, and never requested, or learned of such event until August 2004. (Appnd-A, p.2.)

On August 20, 1996 at 9:30 a.m., a "third hearing was held."

Now, it was alleged that: 1) petitioner/defendant withdraws his pro per status, 2) the court grants petitioner's request and Elizabeth Barranco was appointed as attorney of record, and 3) petitioner's trial date was once again waived.

Petitioner never attended this hearing, and never requested any of the above. (Appnd-A, p.3.)

Thereafter, on January 13, 1997, Attorney Elizabeth Barranco then alleged that someone named Ray Dobbs(?) told her (Barranco) that petitioner/defendant's first story to him (Dobbs(?)) was not true and stated:

> I am writing to ask that you approve payment for investigation conducted to date in the above-referenced case as well as additional work that needs to be done. Ray Dobbs has handled the case so far. His billings, copies of which are attached, are self explanatory. He tells me that he will need an additional 20 hours. Part of the problem has been that we wasted a lot of time trying to verify the client's first story to us that was not true. Appnd-A, p.4.

Petitioner has never met anyone named Ray Dobbs(?). Thus, petitioner was denied of his complete investigation due to counsel Barranco using his case for personal financial gain, and based on the above-mentioned "Plain Errors" that consequently denied petitioner of his complete compulsory process and right to be present in court.

Petitioner, who was actively enrolled in college and was work-

ing "two jobs," was himself victimized after attempting to help a family member who had no place to live. Prior to his arrest, and after coming home from school earlier than usual, petitioner caught several people drinking and using drugs in his home. After removing all of the parties from his home, petitioner informed his sister, who he had only recently allowed to stay with him, that she would have to leave if she were caught bringing people to his home again, as petitioner was on parole.

Subsequently, days later petitioner began to feel the effects of a mind-altering chemical that caused him to succumb to the effects of the drugs which directly led to petitioner's arrest whereby, he was hogged tied and committed to the "Emergency Psychiatric Security Unit," at George Bailey Detention Facility.[1/]

There were "Five Direct Eye Witnesses" and three direct knowledgeable witnesses that knew exactly what happened to petitioner, however, based on how trial counsel Elizabeth Barranco was assigned to his case (fraud), all evidence that was submitted to her by the petitioner was ignored and petitioner was confined to a "PUT TOGETHER DEFENSE." (Appnd-A, p.4.)

V.

CAUSE AND PREJUDICE

After all of the above occurrences, the state court then failed to provide the actual Reporter's Transcripts that would have allowed for him to become aware, or address the above violations by way of "direct appeal."

This cause of action has precluded petitioner of the means to undergo review under the plain error standard, although, these violations are the very reasons that the jury never discovered that: 1) petitioner himself was initially a victim, 2) the serious demen-

1 Petitioner, who used drugs in the past became instantly readdicted **only after** unsuspectingly consuming an unknown substance, and also had his home robbed.

tiated state that caused petitioner to be committed to EPU, and 3) direct eye witnesses where denied of the ability to testify, to be interviewed, and/or demonstrate the actual facts of what happened to petitioner based on the accummulative errors. In light of the above discovery, petitioner submits the following claims.

## VI.
## ARGUMENTS

After being arrested on June 10, 1996, petitioner was submitted to the Emergency Psychiatric Unit (EPU), at George Bailey Detention Facility, on a three day commitment hold. After the expiration date of the hold, petitioner was made to sign into the unit for additional treatment which lasted another six to eight (6-8) weeks. (Appnd-A, p.5-5A.)

During the course of this time period, each of the above alleged hearings were held, that denied petitioner of his most basic constitutional rights. To include, his right to be present in court. (Appnd-A, pp. 1-3.) (Compare to Appnd-A, p.5, Treatment.)

It was not until **March 2006, thru June 2006**, that petitioner was able to secure the actual medical reports that showed the actual condition that he was in, as well as where he was during the hearings that were held on July 10, 1996; August 14, 1996; and August 20, 1996. (Appnd-A, pp. 1-3.)

At all times preceding June 2006, petitioner was continuously denied access to all trial transcripts regarding the fictitious hearings, and by the very same judicial officer who conducted the hearings. See Appnd-B, pp. 6-10.

Petitioner never received any of the actual reporter's transcripts on direct appeal as mandated by law, and have been forced to sue for the transcripts. (Appnd-C, pp. 11-25.)

Based on each of the clear violations, petitioner raises the following claims:

VII.
CLAIMS FOR RELIEF

PETITIONER WAS DENIED HIS RIGHTS TO COUNSEL AS GUARANTEED BY THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION

Petitioner, having been forced into self-representation on July 10, 1996, without his consent and/or knowledge, has violated the Sixth Amendment of the United States Constitution. Under GIDEON V. WAINWRIGHT, (1963) 372 U.S. 335, 9 L. Ed 2d 799, 83 S. Ct. 792; "A criminal defendant is entitled to counsel at all crucial stages of the proceedings." Morever, petitioner was violated under the constitutional standard required when counsel is to be relieved.

Under FARETTA V. CALIFORNIA, (1975) 422 U.S. 806, 45 L. Ed 2d 562, 95 S. Ct. 2525; "A defendant may waive the right to be represented by counsel and to represent himself as long as the waiver is timely, knowingly, and intelligently made. The trial court not only denied petitioner of his Equal Protection under the above criteria, but, petitioner was not even permitted to attend the hearing although, it is falsely alleged that he has. (Appnd-A, p.l.)

Also, under the California requirement as outlined in California Rules of Court, rule 3.328; and PEOPLE V. MARSDEN, (1970) 2 Cal 3d 118, 123, 84 CR 156; petitioner was not allowed to: 1) undergo a "marsden hearing," 2) make an intelligent waiver, 3) be present in court, and 4) have appointed counsel safeguard his Sixth and Fourteenth Amendment right under the United States Constitution.

Petitioner, who already had Attorney Salvatore Tarantino appointed to represent him, was without notice stripped of counsel, and in absentia, in direct violation of the Sixth Amendments sub-

stantial right procedures as demonstrated in MEMPA V. RHAY, (1967) 389 U.S. 128, 134, 19 L. Ed 2d 336, 340, 88 S. Ct 254. Also, see California Constitutional Article §15; and penal code section 686.

VIII.
PETITIONER HAS BEEN DENIED HIS RIGHT TO AN ADEQUATE APPEAL BASED ON BEING DENIED HIS RIGHT TO REPORTER'S TRANSCRIPTS CAUSING A FUNDAMENTAL MISCARRIAGE OF JUSTICE

After having had the court hold several fictitious hearings against petitioner, he was then denied all access to the transcripts that were supposed to automatically become a part of the permanent record. This in terms denied petitioner of the right to address these "plain errors" on direct appeal causing a fundamental miscarriage of justice. See McCLESKEY V. ZANT, (1991) 449 U.S. 467, 113 L. Ed 2d 517, 111 S. Ct. 1454.

Thereafter, petitioner filed multiple motions/writs of mandates, and even attempted to pay for the transcripts only to be denied again and again, and "twice by the very judicial officer who caused the very claims that are hereby submitted."

This fact, satisfies the "CAUSE" standard that is required under MURRAY V. CARRIER, (1986) 477 U.S. 478, 91 L. Ed 2d 397, 106 S. Ct. 2639. Equally, the claims herein has severely effected the trial as none of the facts of what actually happened to petitioner (drugged/robbed prior to the events) became a part of the police report, as the arresting officers failed to interview all EIGHT of the direct eye witnesses, nor were they ever made to materialize directly due to trial counsel Barranco using petitioner's case for personal financial benefit, after having been appointed illegally on August 14, 1996 and August 20, 1996, to petitioner's case. See Appnd-A, pp. 2-3. Also, see witness affidavits. Appnd-F, pp 34-36.[2/]

Respondent, Attorney General Meagan Beale have verified this information, but has elected to conceal it.

Furthermore, the put together defense, that was designed (Appnd-A, p.4) had nothing to do with petitioner's reality as he was **actively enrolled in college**, had recently declined **to make a commercial for the school**, and was **working two jobs simultaneously**. (Appnd-D, pp. 26-28.)

Clearly, this would have been in petitioner's favor before a jury, and it would have lucidly shown that petitioner himself has suffered victimization prior to the events leading to his arrest.

Thus, the entire trial was effected. See U.S. V. FRADY, (1982) 456 U.S. 152, 71 L. Ed 2d 816, 102 S. Ct. 1584 And, petitioner's request to have his witnesses secured at trial. (Appnd-E, pp. 29-33)

IX.

PETITIONR HAS BEEN DENIED HIS RIGHT TO TRANSCRIPTS THAT ARE OF EXCULPATORY VALUE AND CAUSED VIOLATIONS UNDER THE FOURTEENTH AMENDMENT DUE PROCESS AND EQUAL PROTECTION CLAUSE

After having suffered each of the "plain errors violations," petitioner was then denied of his rights to ALL of the Reporter's Transcripts that would support his claims which by law, is mandated to become a part of the permanent record automatically. Under California Rules of Court, rule, 3.328; it states, in pertinent part:

> (1) The Reporter's Transcripts of any hearing held under People V. Marsden, (1970) 2 Cal.3d 118; must be kelp confidential. The chronological index to the reporter's transcripts MUST include the Marsden hearing but list it as confidnetial or the equivalent;
>
> (2) The Superior Court Clerk MUST send the original and one copy of the confidential transcripts to the reviewing court with the record; and,
>
> (3) The Superior Court Clerk MUST send one copy **to the defendant's Appellate Counsel** or, if the defendant is not yet represented

by the Appellate Counsel, to the Appellate project for the district. See Cal. R. Ct. 3.328(b)(1-3).

Not only did the clerk of the court fail in this duty, but none of the transcripts relevant to each of the fictitious hearings were included in any of the records that were submitted save the minute orders. This has caused petitioner to file a state law suit for declaratory relief as he has been ignored, and erroneously denied to ascertain "Direct Exculpatory Evidence" for more than three years now. Although, all state laws mandates that said transcripts become a permanent part of the record as a normal course of law.

The United States Supreme Court has ruled that Equal Protection principals demand that an indigent defendant be provided with a transcript of prior proceedings when that transcript is needed for an effective defense... BRITT V. NORTH CAROLINA, (1971) 404 US 226,227, 30 L. Ed. 2d 400, 403-404, 92 S. Ct. 431. Under the Instant case, the judicial officer who caused the claims, has denied petitioner twice after restating the facts and alleging that petitioner INTENDS TO FILE A HABEAS CORPUS, when petitioner made it clear that he needed such transcripts on his **then pending habeas corpus** under case number: **01CV0968BTM(BEN)**.

The Supreme Court also ruled that the Equal Protection requirements would include prior trial transcripts shall be given under GRIFFIN V. ILLINOIS, (1956) U.S. 12, 100 L Ed. 891.

X.

PETITIONER WAS DENIED HIS RIGHT TO COUNSEL WHILE UNDERGOING PSYCHIATRIC TREATMENT AND/OR TO BE PROPERLY EVALUATED

Petitioner was denied his equal protection rights of being

properly evaluated based on not having counsel appointed to represent him, causing not only the reality of what actually happened to him to never become known but, his actual incapacitated/dementiated state and the severity of such state was never evaluated by anyone as petitioner was without counsel. After having been hogged tied and committed initially on a three day state commitment. And then having been made to sign into the EPU unit under Doctor Brown's orders to undergo further therapy, and then being forced to represent himself while under these conditions is the proximate cause as to why none of the evidence shown herein ever became known and would not have become known had not petitioner had the assistance of a family member who assisted him in February-June 2006.

This has violated petitioner's Sixth Amendment right to counsel, and his Fourteenth Amendment right to Due Process under the United States Constitution. Morever, petitioner was denied his right to be evaluated under the affirmative duty as required based on the condition that he was in when arrested as demonstrated under PATE V. ROBINSON, (1966) 383 U.S. 375,384, 15 L. Ed 2d 815,821, 86 S. `Ct. 836. Although it was clear that petitioner was seriously ill at that time, and the Doctor made it clear in his reports that petitioner Was Not Malingering, instead of taking the appropriate steps, the trial court elected to strip petitioner of every safeguard under the constitution which ultimately denied the truth of what actually occurred to become a part of the normal record, to include the fact that: "petitioner never attended any such hearings as have been alleged under the fictitious minute orders." This has again directly violated GIDEON, supra.

///

XI.
PETITIONER WAS DENIED HIS RIGHTS TO A SPEEDY TRIAL AND HAD HIS TRIAL DATE WAIVED WITHOUT HIS CONSENT

On July 10, 1996, petitioner's right to trial was waived by the court after he was forced into self-representation in absentia (Appnd-A, p.1). Some fourty days later, petitioner trial date was once again waived (in absentia) and without his knowledge which again, equally denied his state of mind/condition to ever become a part of the record. (Appnd-A, p.3.)

It was not until **"EIGHT YEARS LATER"** (August 2004), that petitioner discovered what had happen to him, as he was not able to get Appellate Counsel Carl Fabian to address the issues of his witnesses not having been investigated by counsel Barranco, after she (Barranco) used petitioner as an alibi to request more funds, and his federal appointed attorney Steve Feldman, equally refused to assist petitioner regarding the herein claims.

Under the Fourteenth Amendment of the U.S. Constitution, and Cal. Const., art. I §15; petitioner was denied his rights to a speedy trial due to the conducting of the false hearings which caused prejudice due to none of the actual and factual occurrances becoming known to the jury. No doubt had the facts been made known, petitioner would have had a much lessor culpability standard presented before the jury based on the evidence that is now before the court. As such, petitioner has been violated as previously ruled as shown in DOGGETT V. U.S., (1992) 505 U.S. 647, 651, 656, 120 L. Ed. 2d 520, 112 S. Ct. 2686; and BARKER V. WINGO, (1972) 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182.

CONCLUSION

In light of each of the claims above, petitioner's claims,

and each of them, by law is reqiuired to undergo review as none of the procedural violations are due to his actions.

XII.
VERIFICATION

I, Lee V. Quillar, states:

I am the petitioner in this action. I have read the foregoing petition for writ of habeas corpus and the facts stated therein are true of my own knowledge except as to matters that are stated therein on information and belief, and as to those matters I believe them to be true.

/S/ Lee V. Quillar
Lee V. Quillar-Petitioner

XIII.
PRAYER FOR RELIEF

Petitioner is without plain, speedy or adequate remedy save petition for writ of habeas corpus. Accordingly, the court should:

1. Issue writ of habeas corpus;

2. Issue order to show cause;

3. Reverse petitioner's conviction;

4. Order petitioner's immediate release;

5. Grant any and all other relief deemed just, proper, and equitable under the claims submitted herein.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed at Folsom State Prison on January 22, 2008.

///

Respectfully submitted by,

///

/S/ Lee V. Quillar
LEE V. QUILLAR-PETITIONER

///

///

///

///

# PROOF OF SERVICE BY MAIL

I, LEE V. QUILLAR, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM ~~AM NOT~~ A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: D-22639

MY PRISON ADDRESS IS; **P.O. BOX 950, Folsom, Ca. 95763**

ON JANUARY 27, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT: PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF UNDER 28 U.S.C. 2254

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

Department of Justice
110 West "A" Street, Ste. 1100
San Diego, CA 92186

United States District Court
Southern District of California
880 Front St., Rm 4290
San Diego, CA 92101-8900

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED JANUARY 27, 2008, AT FOLSOM, CALIFORNIA..

Lee V. Quillar

<signature here >

By, LEE V. QUILLAR-PETITIONER