LEE V. QUILLAR D-22639
P.O. BOX 950 5BA227
FOLSOM, CA 95763

FILED
2008 JAN 31 PM 4:14
CLERK US DISTRICT COURT SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

In Pro Se. CASE No. U.S.C.A. '08 CV 0194 IEG AJB
U.S.D.C.

APPENDIX-A-F PAGES 1-36

IN SUPPORT OF MOTION TO FILE A SECOND/SUCCESSIVE

PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §2244(b)(2)

AND

PETITION FOR WRIT OF HABEAS CORPUS AND

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF


| | | |
|---|---|---|
| "A" | JULY 10, 1996 MINUTE ORDER | p.1 |
| "A" | August 14, 1996 MINUTE ORDER | p.2 |
| "A" | August 20, 1996 MINUTE ORDER | p.3 |
| "A" | JANUARY 13, 1997 LETTER re INVESTIGATION | p.4 |
| "A" | MEDICAL REPORT SHOWING PETITIONER'S STATE | pp.5-5A |
| "B" | TRIAL COURT'S DENIAL OF EXCULPATORY REPORTER'S TRANSCRIPT'S re EVIDENCE | pp.6-10 |
| "C" | PETITIONER'S CIVIL COMPLAINT FOR DECLARATORY RELIEF | pp.11-25 |
| "D" | PETITIONER'S SCHOOL AND WORK EVIDENCE | pp.26-28 |
| "E" | PETITIONER'S LAST ATTEMPT TO HAVE HIS WITNESSES COMPELLED TO TESTIFY | pp. 29-33 |
| "F" | AFFIDAVITS FROM TWO OF PETITIONER'S <u>DIRECT EYE WITNESSES</u> THAT WERE NEVER <u>INTERVIEWED</u> BY ARRESTING OFFICERS, NOR TRIAL COUNSEL ELIZABETH A. BARRANCO | pp.34-36 |


////////////////////////////////////////


| | | |
|---|---|---|
| /// | NOTICE AND MOTION TO FILE SECOND/SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS | pp. 1-2 |
| /// | PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUN OF POINTS AND AUTHORITIES | pp. 1-12 |
| /// | <u>COMBINED TOTAL PAGES</u>: 40 | |

# APPENDIX – A
# PAGE – 1

# IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS

ECS

CR SCE171374 DA P8001801

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

0346

DATE 07-10-96 AT 01:25 M. 96139457 ARR ON INFORMATION

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER CARLUCCI, ROBERT 5552 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA

VS. L. Koster

DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V B - S.TARANTINO relieved

DEFENDANT

ATTORNEY FOR DEFENDANT (APPT'D/RETAINED)

VIOLATION OF PC451(b) Ct1 PC245(a)(1) Ct2 PC236/237 Ct3

Alleg: PC12022(b) Ct3 Priors: 2 Strike: 2 S/F: 2

INTERPRETER ______ SWORN

LANGUAGE ______

☒ DEFENDANT ☒ ~~NOT~~ PRESENT ☐ VIA AUDIO/VISUAL ☒ ARRAIGNED, FURNISHED WITH A TRUE COPY OF INFORMATION/~~INDICT~~

☒ READING WAIVED. ☒ TRANSCRIPT FURNISHED/~~WAIVED~~ FOR ARRAIGNMENT. ☒ DEFENDANT ADVISED OF RIGHTS.

DEFENDANT PLEADS ☒ NOT GUILTY ☐ NOT GUILTY BY REASON OF INSANITY. ☐ OTHER:

☐ DRS. ______ AF ...NIED.

DEFENDANT ☐ ADMITS ☒ DENIES PRIOR FELONY CONVICTIONS/ALLEGATIONS.

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ THIS CASE ONLY.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______

☒ DEFENDANT WAIVES STATUTORY TIME FOR TRIAL. ☐ JURY WAIVED BY DEFENDANT.

READINESS CONFERENCE SET FOR 8/14/96 AT 9:30 IN DEPARTMENT B 13

TRIAL SET FOR [redacted] 8/26/96 AT 9:00 IN DEPARTMENT B DAYS LEFT [redacted]

BAIL REVIEW SET FOR ______ AT ______ IN DEPARTMENT ______ ☐ PTS ORDERED

MOTIONS DUE 7/24/96

______ CONTINUED TO/SET FOR ______ AT ______ IN DEPT. ______

ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______ . ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______

☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______ . BOND NO. ______

BOND COMPANY ______ AGENT ______

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______

IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON ______ AT ______ IN DEPARTMENT ______.

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

OTHER: Public Defenders Office is relieved.
Defendant is pro per.
Sheriff is ordered to give the defendant pro per privileges.

1

Herbert J. Exarhos

JUDGE OF THE SUPERIOR COURT

CRIMINAL MINUTES ARRAIGNMENT

# APPENDIX – A
# PAGE – 2

SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE 08-14-96 AT 09:30 M. 96139457 SUP READINESS CONF 0347

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

D. Bennett — DEPUTY DISTRICT ATTORNEY

QUILLAR LEE — DEFENDANT V P - PROPER — ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ______ SWORN/CERT
LANGUAGE ______

**READINESS**

DEFENDANT ☒ ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE ______ REMAINS AS SET/CONFIRMED/VACATED.
☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ______
☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS
☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:
☐ GUILTY OF THE OFFENSE:
☐ PEOPLE V. WEST PLEA.
☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.
☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ______ REMAINING IS/ARE DISMISSED FOJ/VOP.
☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ______ REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000-.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______.

**FUT HRGS**

☐ DEFT'S WAIVERS: ☐ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.
Hrg re pro per privileges IS SET FOR/CONT'D/TRAILED TO 8-20-96 AT 9:30 A
IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT ______

**BONDS WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______
☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.
☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______. BOND NO. ______
BOND COMPANY ______ AGENT ______
☐ BOND FORFEITURE OF ______ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ______ W/IN 30 DAYS.

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______ IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON ______ AT ______ IN DEPARTMENT ______.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**PROBTN REFRRL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ______
☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

OTHER: Multi-Conflict Counsel - [redacted] is appointed as advisory counsel (notified K.K. 8-14-96) Elizabeth Barranco.
Sheriff's representative is ordered to be present on 8-20-96 - Charles Ervin - notified

2

JUDGE OF THE SUPERIOR COURT

# APPENDIX – A
# PAGE – 3

SCE171374 DA P8001801 SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-20-96 AT 09:30 M. 96139457 SUP READINESS CONF 0348

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK M. C. del Toro REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA VS. — J. Bennett, DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V DEFENDANT — P - PROPER Elizabeth Barranco ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3

ALLEG: PC12022(b) CT3

PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ______ SWORN/CERT

LANGUAGE ______

- [x] DEFENDANT ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE 8-26-96 REMAINS AS SET/CONFIRMED/(VACATED).
- ☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ______.
- ☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS
  - ☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:
  - ☐ GUILTY OF THE OFFENSE:
- ☐ PEOPLE V. WEST PLEA.
- ☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.
- ☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ______ REMAINING IS/ARE DISMISSED FOJ/VOP.
- ☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ______ REMAINING IS/ARE STRICKEN FOJ/VOP.

---

- [x] DEFENDANT REMANDED TO CUSTODY OF SHERIFF. ☐ WITHOUT BAIL [x] WITH BAIL SET AT $ 30,000.
- ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.
- ☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
- ☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______.

---

- [x] DEFT'S WAIVERS: [x] STATUTORY TIME PRON. JUDGMENT/(TRIAL) ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.

Trial IS SET FOR/CONT'D/TRAILED TO 9-30-96 AT 9:00 am

IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT 10.

---

- ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______.
- ☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.
- ☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______. BOND NO. ______.

BOND COMPANY ______ AGENT ______.

- ☐ BOND FORFEITURE OF ______ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ______ W/IN 30 DAYS.

---

- ☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______ IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON ______ AT ______ IN DEPARTMENT ______.

- ☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

---

- ☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ______.
- ☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
- ☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
- ☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
  ☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

---

OTHER: Further readiness 9-24-96 930 Dept B

Defendant withdraws his pro per status. Court grants deft. request. Elizabeth Barranco is appointed as attorney of record.

Herbert Exarhos

JUDGE OF THE SUPERIOR COURT

3

# APPENDIX – A

# PAGE – 4

ELIZABETH A. BARRANCO
ATTORNEY AT LAW
*CERTIFIED SPECIALIST, CRIMINAL LAW*
*CERTIFIED SPECIALIST, APPELLATE LAW*
(THE STATE BAR OF CALIFORNIA BOARD OF LEGAL SPECIALIZATION)

January 13, 1997

Eleanor Silvers
PCC
By Facsimile

Re: Lee Virt Quillar, SCE 171374

Dear Eleanor:

I am writing to ask that you approve payment for investigation conducted to date in the above-referenced case as well as additional work that needs to be done.

Ray Dobbs has handled the case so far. His billings, copies of which are attached, are self-explanatory. He tells me that he will need an additional 20 hours. Part of the problem has been that we wasted a lot of time trying to verify the client's first story to us that was not true. We are now trying to put together cocaine psychosis defense. This is strike three for the client and the DA's office is refusing to deal the case in any way because strike one was a manslaughter conviction.

* Anyway, I ask that Ray's prior billings be paid and that he be authorized to expend an additional twenty hours assisting me with witness interviews concerning the client's behavior on the date of the offense.

I also ask for authorization to retain the services of a forensic psychologist who can testify about the cocaine psychosis defense. I usually use Katherine DiFrancesca for my cases and I know that she charges $150.00 per hour. I need her to interview the client and then testify at trial. I expect that the initial evaluation can be accomplished for $1,000.00. I will need to prepare her for an hour and she will be on the stand for at least two hours. If PCC knows of another credible expert who can provide this type of testimony for less money, I am open to any suggestions. Otherwise, I need for $1,450.00 for Dr. DiFrancesca.

Please advise at your earliest convenience about these requests. I will wait until I hear from you before I submit Ray's current bill for payment. My back line is 390-1792.

Sincerely,

E A Barr

Elizabeth A. Barranco

4

9624 Chocolate Summit Drive El Cajon, California 92021 TEL: (619)696-5289 FAX: (619)561-4389 Email: attyliz@connectnet.com

# APPENDIX – A

# PAGE – 5

ADMISSION DATE: 6-11-96 DISCHARGE DATE: 6-15-96

DISCHARGE SUMMARY:

HISTORY OF PRESENT ILLNESS: Following the patient's, Lee Quillar, arrest for charges of arson and stabbing his girlfriend, the patient reported that he had suicidal thoughts. The patient was placed in a safety cell for his own protection. While in the safety cell, an attempt to interview the patient was made by Dr. Brown. The patient would not cooperate with this interview. He would not respond to questions and was noted to frequently cry and occasionally bang his head against the walls. Based on the patient's presentation and the report that he had threatened suicide, it was decided to admit the patient to the Psychiatric Security Unit. Following the patient's admission to the Psychiatric Security Unit, information obtained from the sister indicated that the patient did not have any psychiatric history and that the psychiatric problems began in December of 1995 when the patient was released from prison to discover that his mother had died. The patient was rather depressed since that time but otherwise behaved normally. Three weeks prior to his arrest, the patient became bizarre in behavior. He would express paranoid delusions. The patient's sister suspected that he was abusing drugs but she was uncertain of this.

ADMISSION MENTAL STATUS EXAMINATION: Per Dr. Brown; the patient was a young black male. He was sullen in appearance and would periodically bang against the walls. He would not respond to questions. His mood was dysphoric. He would intermittently cry and yell. His insight is poor. His level of control was also considered to be poor. His judgment again was poor.

ADMISSION DIAGNOSIS: Per Dr. Brown.

| | |
|---|---|
| AXIS I: | Rule Out Psychotic Disorder Not Otherwise Specified;<br>Rule Out Unknown Substance Intoxication;<br>Rule Out Malingering. |
| AXIS II: | Deferred. |
| AXIS III: | No Apparent Physical or Medical Problems. |
| AXIS IV: | 8. Incarceration. |
| AXIS V: | GAF current: 35. |

TREATMENT: The patient was admitted to the Psychiatric Security Unit on a 3-day detention hold as being a danger to himself. Subsequent to the expiration of this hold, the patient signed into the unit for voluntary treatment. He was placed on the following medications; Navane up to 15 milligrams per day and Cogentin up to 4 milligrams per day. He received group and milieu therapy as is routine in the Psychiatric Security Unit.

RESPONSE TO TREATMENT: Was poor during the first 24 hours of this patient's treatment. He required seclusion due to self-destructive behavior such as banging his head against the wall. By the second day of his treatment, the patient became much more goal directed and logical in behavior. The patient indicated that he

County of San Diego
Department of Health Services
Mental Health Services

**DISCHARGE SUMMARY**

NAME: QUILLAR, LEE

KM

M.R.#: ~~0744616~~ 07466

DOB: 11-12-67

PROGRAM: P.S.U.



5

Confidential Information
DO NOT REPRODUCE
DO NOT RELEASE TO PATIENT
This information has been disclosed to you from records whose confidentiality is protected under California Welfare and Institutions Code Section 5328 and may also be protected by Federal Regulation (42 CFR part 2). If the information is protected by the Federal Regulations, you are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. Information protected by Section 5328 also requires written consent by the patient for disclosure in most cases. A general authorization for the release of medical or other information is NOT sufficient for this purpose.

had been abusing drugs but is unaware of what he had been abusing. The patient's urine drug screen was positive for cocaine. Though the patient initially agreed to voluntary treatment, he did not follow unit directions and declined to cooperate with medications. On the date of his discharge, he could no longer be detained involuntarily and therefore, he was discharged per his request to the main portion of the jail.

<u>DISCHARGE MENTAL STATUS</u>: The patient was alert, attentive and mostly directable. His speech was average in rate and volume, coherent and goal directed. The patient denied experiencing any auditory or visual hallucinations and he did not express any delusions. He denied having any suicidal or homicidal ideation. The patient's mood was sad with a full affect that was appropriate to ideation. He was oriented to date, place and person. His insight and judgment were considered to be fair. His level of control was considered to be adequate.

<u>DISCHARGE DIAGNOSIS</u>:

| | |
|---|---|
| AXIS I: | Cocaine Induced Psychosis, Resolved; Cocaine Abuse. |
| AXIS II: | Deferred. |
| AXIS III: | No Known Medical Problems. |
| AXIS IV: | 8 - Incarceration. |
| AXIS V: | GAF current: 45. |

<u>DISCHARGE DISPOSITION</u>: The patient was transferred to the main portion of the jail with psychiatric follow-up to be managed by the psychiatric outpatient team.

<u>DISCHARGE MEDICATIONS</u>: None.

BENJAMIN BENSOUL, M.D.
STAFF PSYCHIATRIST
PSYCHIATRIC SECURITY UNIT

BB:fp
D: 8-8-96
T: 8-14-96



5A

**Confidential Information**
This information has been disclosed to you from records whose confidentiality is protected under California Welfare and Institutions Code Section 5328 and may also be protected by Federal Regulation (42 CFR part 2). If the information is protected by the Federal Regulations, you are prohibited from making any further disclosure of it without the specific written consent of the person to whom it pertains, or as otherwise permitted by such regulations. Information protected by Section 5328 also requires written consent by the patient for disclosure in most cases. A general authorization for the release of medical or other information is NOT sufficient for this purpose.
DO NOT REPRODUCE
DO NOT RELEASE TO PATIENT

# APPENDIX – B
# PAGE – 6 - 10

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>LEE VIRT QUILLAR,<br><br>Defendant. | SCE 171374<br><br>ORDER DENYING REQUEST FOR TRANSCRIPTS |

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

Defendant seeks transcripts regarding the above-referenced case, but has not provided any factual basis for that request. The Defendant is not entitled to free transcripts for the purpose of searching the record to find possible grounds on which to assert a claim for collateral relief. He must show a "reasonably compelling need for the specific documentary evidence." (*Chavez v. Sigler* (8th Cir. 1971) 438 F.2d 890. See also *Bentley v. United States* (6th Cir. 1970) 431 F.2d 250; *Walker v. United States* (5th Cir. 1970) 424 F.2d 278; *Muller v. Municipal Court* (1968) 259 Cal.App.2d 177.)

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

Accordingly, before the court is required to order transcripts at public expense, the

indigent defendant must file a motion demonstrating a colorable need for the transcripts to support the substantive allegations of the particular petition. The court in *Miller v. Hamm* (1970) 9 Cal.App.3d 860, 871, held that "the federal Courts of Appeal appear to uniformly hold that where a petitioner has failed to avail himself of an appeal and further fails to specify in what respect a reporter's transcript is in fact necessary to rectify an invasion of a fundamental right, his entitlement to a free reporter's transcript, has not been made out. One is not entitled to a free reporter's transcript, they hold, merely to 'comb the record in hope of discovering some flaw' to raise on collateral review. (*McGarry v. Fogliani* (9th Cir. 1966) 370 F.2d 42, 44; accord: *United States v. Shoaf*, supra, 341 F.2d 832; *Harless v. United States* (5th Cir. 1964) 329 F.2d 397, 398-399; *Culbert v. United States* (8th Cir. 1964) 325 F.2d 920, 921-922.)"

In this case, Defendant requests a copy of the transcripts based on the claim that he intends to file a petition for a writ of habeas corpus. However, Defendant has not provided any factual basis for the request for the transcripts. Without a showing of a specific need for the transcript, a Defendant is not entitled to receive them at the public's expense. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

In addition, the Defendant filed an appeal in this action. The Defendant through his appellate counsel has received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

Accordingly, the Defendant's request for copies of transcripts from all prior proceedings is hereby DENIED.

**IT IS SO ORDERED.**

DATED: NOV 1 3 2002

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT



8

FILED
Clerk of the Superior Court

AUG 1 1 2003

By: M.C. del TORO, Deputy

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>LEE VIRT QUILLAR,<br><br>Defendant. | SCE 171374<br><br>ORDER DENYING REQUEST FOR TRANSCRIPTS |

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

On November 13, 2002, the Court denied the Defendant's previous request for transcripts. The Court is now in receipt of a second motion for transcripts. The Defendant's basis for the present motion is the same as previously addressed by the Court in the November 13, 2002, order.

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

As the Court has previously addressed the Defendant's justification for requesting free transcripts and the Defendant has not provided any new factual basis for the request for the transcripts, the Defendant has not shown good cause to renew his request for a free copy of



9

the reporter's transcript from the court hearings. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

In addition, the Defendant through his appellate counsel has already received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

Accordingly, the Defendant's request for a free copy of the court transcripts is DENIED.

**IT IS SO ORDERED.**

DATED: AUG 1 1 2003

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT · SAN DIEGO · CA

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: AUG 1 1 2003

Clerk of the Superior Court of the State of California, in and for the County of San Diego.

By ________ Deputy



10

# APPENDIX – C
# PAGE – 11 - 25

#11 SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

NOTICE TO DEFENDANT: TAMMY L. NIELSON, KATHLEEN
*(AVISO AL DEMANDADO):* KOMAN, M.C. DEL TORO, AND ROBERT CARLUCCI

YOU ARE BEING SUED BY PLAINTIFF: LEE V. QUILLAR
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.**

**There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.**

***Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.***

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is: SUPERIOR COURT OF SAN DIEGO
*(El nombre y dirección de la corte es):* 330 W. BROADWAY,
SAN DIEGO, CA 92101
CENTRAL DIVISION

CASE NUMBER: *(Número del Caso):* 37-2007-00082024-CU-PO-CTL

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
LEE V. QUILLAR
P.O. BOX 950 (5BA210U)
FOLSOM, CA 95763

DATE: ~~September 30, 2007~~ NOV 19 2007 Clerk, by B. N. FOLLIS, Deputy
*(Fecha)* Resubmitted ~~November 2, 2007~~ *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use* Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, *(POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [ ] on behalf of *(specify):*

under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[X] other *(specify):* STATE REPRESENTATIVE

4. [ ] by personal delivery on *(date):*





American LegalNet, Inc.
www.USCourtForms.com

#12

PLD-PI-001

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LEE V. QUILLAR D-22639
P.O. BOX 950 (5BA210U)
FOLSOM, CA. 95763

TELEPHONE NO.: FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name): INPROPRIA PERSONA

FOR COURT USE ONLY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: P.O. BOX 122724
CITY AND ZIP CODE: SAN DIEGO, CA. 92112-2724
BRANCH NAME: CIVIL DIVISION

PLAINTIFF: LEE V. QUILLAR

DEFENDANT: TAMMY L. NIELSON, KATHLEEN KOMAN, M.C. DEL TORO, AND ROBERT CARLUCCI.

☐ DOES 1 TO ______

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

☐ AMENDED (Number):

Type (check all that apply):

☐ MOTOR VEHICLE ☒ OTHER (specify): DENIAL OF CONSTITUTIONAL RIGHTS

☐ Property Damage ☐ Wrongful Death

☒ Personal Injury ☐ Other Damages (specify):

Jurisdiction (check all that apply):

☐ ACTION IS A LIMITED CIVIL CASE

Amount demanded ☐ does not exceed $10,000

☐ exceeds $10,000, but does not exceed $25,000

☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)

☐ ACTION IS RECLASSIFIED by this amended complaint

☐ from limited to unlimited

☐ from unlimited to limited NON-MONETARY

CASE NUMBER:

37-2007-00082024-CU-PO-CTL

1. Plaintiff (name or names): LEE V. QUILLAR

alleges causes of action against defendant (name or names): ROBERT CARLUCCI, TAMMY NIELSON, KATHLEEN FAHEY KOMAN, M.C. DEL TORO.

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult

a. ☐ except plaintiff (name):

(1) ☐ a corporation qualified to do business in California

(2) ☐ an unincorporated entity (describe):

(3) ☐ a public entity (describe):

(4) ☐ a minor ☐ an adult

(a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

(b) ☐ other (specify):

(5) ☐ other (specify):

b. ☐ except plaintiff (name):

(1) ☐ a corporation qualified to do business in California

(2) ☐ an unincorporated entity (describe):

(3) ☐ a public entity (describe):

(4) ☐ a minor ☐ an adult

(a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed

(b) ☐ other (specify):

(5) ☐ other (specify):

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.



Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

#13

LEE V. QUILLAR D-22639
P.O. BOX 950 5-BA210U
FOLSOM, CA 95763

IN PRO PER.

IN THE CALIFORNIA SUPERIOR COURT

FOR THE COUNTY OF SAN DIEGO

LEE V. QUILLAR, Plaintiff,

vs.

EL CAJON SUPERIOR COURT, el al., Defendants.

CASE NO. ______________

CIVIL COMPLAINT

(JURY TRIAL REQUESTED)

I.

INTRODUCTION

1. This is a complaint for "declaratory relief" in connection with denial of due process, right to transcripts, fraud, the falsifying of legal documents, and denial to access to court.

II.

JURISDICTION

2. This case is brought by virtue of California Code of Civil Procedure §425.11., and California Government Code §§ 814, and 815.6.

III.

VENUE

3. All of the events stated herein and giving rise to the instant claims and each of them, arose in San Diego County, California.

#14

FW-003

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
LEE V. QUILLAR D-22639
P.O. BOX 950 (5BA227)
FOLSOM, CA 95763

TELEPHONE NO.: FAX NO.:
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* In Pro Per.

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
NOV 20 2007
BY: I. REYES, DEPUTY

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. Broadway
MAILING ADDRESS: P.O. BOX 122724
CITY AND ZIP CODE: San Diego, CA 92112--2724
BRANCH NAME: Civil Branch

PLAINTIFF/ PETITIONER: LEE V. QUILLAR
DEFENDANT/ RESPONDENT: TAMMY L. NIELSON, et al.,

CASE NUMBER: 37-2007-00082024-CU-PO-CTL

## ORDER ON APPLICATION FOR WAIVER OF COURT FEES AND COSTS

1. The application was filed on *(date):* ☐ A previous order was issued on *(date):*
2. The application was filed by *(name):* LEE V. QUILLAR
3. ☒ IT IS ORDERED that the application is **granted** ☒ in whole ☐ in part *(complete item 4 below).*
   a. ☒ **No payments.** Payment of all the fees and costs listed in California Rules of Court, rules 3.61, **is waived.**
   b. ☐ **The applicant shall pay** all the fees and costs listed in California Rules of Court, rules 3.61, EXCEPT the following:
      (1) ☐ Filing papers.
      (2) ☐ Certification and copying.
      (3) ☐ Issuing process and certification.
      (4) ☐ Transmittal of papers.
      (5) ☐ Court-appointed interpreter.
      (6) ☐ Sheriff and marshal fees.
      (7) ☐ Reporter's fees* *(valid for 60 days).*
      (8) ☐ Telephone appearance (Gov. Code, § 68070.1 (c))
      (9) ☐ Other *(specify code section):*
      Reporter's fees are per them pursuant to Code Civ. Proc., §§ 269, 274c, and Gov. Code, §§ 69947, 69948, and 72195.
   c. **Method of payment.** The applicant shall pay all the fees and costs when charged, EXCEPT as follows:
      (1) ☐ Pay *(specify):* percent. (2) ☐ Pay: $ per month or more until the balance is paid.
   d. The clerk of the court, county financial officer, or appropriate county officer is authorized to require the applicant to appear before and be examined by the court no sooner than four months from the date of this order, and not more than once in any four-month period. ☐ The applicant is ordered to appear in this court as follows for review of his or her financial status:

| Date: | Time: | Dept.: | Div.: | Room: |
|---|---|---|---|---|

   e. ☐ The clerk is directed to mail a copy of this order only to the applicant's attorney or to the applicant if not represented.
   f. **All unpaid fees and costs shall be deemed to be taxable costs if the applicant is entitled to costs and shall be a lien on any judgment recovered by the applicant and shall be paid directly to the clerk by the judgment debtor upon such recovery.**
4. ☐ IT IS ORDERED that the application is **denied** ☐ in whole ☐ in part for the following reasons *(see Cal. Rules of Court, rules 3.50–3.63):*
   a. ☐ Monthly household income exceeds guidelines (Gov. Code, § 68511.3(a)(6)(B); form 982(a)(17)(A)).
   b. ☐ Other *(Complete line 4b on page 2).*
   c. The applicant shall pay any fees and costs due in this action within 10 days from the date of service of this order or any paper filed by the applicant with the clerk will be of no effect.
   d. The clerk is directed to mail a copy of this order to all parties who have appeared in this action.
5. ☐ IT IS ORDERED that a **hearing** be held.
   a. The substantial evidentiary conflict to be resolved by the hearing is *(specify):*
   b. The applicant should appear in this court at the following hearing to help resolve the conflict:

| Date: | Time: | Dept.: | Div.: | Room: |
|---|---|---|---|---|

   c. The address of the court is *(specify):*
      ☐ Same as above
   d. The clerk is directed to mail a copy of this order only to the applicant's attorney or to the applicant if not represented.

**NOTICE: If item 3d or item 5b is filled in and the applicant does not attend the hearing, the court may revoke or change the order or deny the application without considering information the applicant wants the court to consider.**

**WARNING: The applicant must immediately tell the court if he or she becomes able to pay court fees or costs during this action. The applicant may be ordered to appear in court and answer questions about his or her ability to pay fees or costs.**

Date: NOV 20 2007

☐ [signature] JUDICIAL OFFICER ☐ Clerk, by ______________________, Deputy

*(Clerk may GRANT in full a nondiscretionary fee waiver; see Cal. Rules of Court, rules 3.56.)*



Form Adopted for Mandatory Use
Judicial Council of California
FW-003 [Rev. January 1, 2007]

ORDER ON APPLICATION FOR WAIVER OF COURT FEES AND COSTS (Fee Waiver)

Government Code, § 68511.3; Cal. Rules of Court, rules 3.50–3.63
www.courtinfo.ca.gov

FW-003

| | |
|---|---|
| PLAINTIFF/PETITIONER (*Name*): LEE V. QUILLAR<br>DEFENDANT/RESPONDENT (*Name*): TAMMY L. NIELSOM, et al., | CASE NUMBER:<br>37-2007-00082024-CU-PO-CTL |

4b ☐ Application is denied in whole or in part (*specify reasons*):

**CLERK'S CERTIFICATE OF MAILING**

I certify that I am not a party to this cause and that a true copy of the foregoing was mailed first class, postage prepaid, in a sealed envelope addressed as shown below, and that the mailing of the foregoing and execution of this certificate occurred at (*place*): , California, on (*date*): NOV 21 2007

SUPERIOR COURT OF CALIFORNIA
Civil Division
330 W. Broadway
P.O. Box 120128
San Diego, CA 92112-0128

Clerk, by I. REYES, Deputy

LEE V. QUILLAR D-22639
P.O. BOX 950 (5BA227)
FOLSOM, CA 95763

(SEAL)

SUPERIOR COURT SAN DIEGO COUNTY, CA

**CLERK'S CERTIFICATE**

I certify that the foregoing is a true and correct copy of the original on file in my office.

Date: NOV 21 2007 Clerk, by I. REYES, Deputy

#15

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 West Broadway
MAILING ADDRESS: 330 West Broadway
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: Central
TELEPHONE NUMBER: (619) 685-6144

PLAINTIFF(S) / PETITIONER(S): LEE V. QUILLAR

DEFENDANT(S) / RESPONDENT(S): TAMMY L. NIELSON et.al.

QUILLAR VS. NIELSON

| NOTICE OF CASE ASSIGNMENT | CASE NUMBER: 37-2007-00082024-CU-PO-CTL |
|---|---|

Judge: Ronald S. Prager Department: C-71

**COMPLAINT/PETITION FILED:** 11/15/2007

**CASES ASSIGNED TO THE PROBATE DIVISION ARE NOT REQUIRED TO COMPLY WITH THE CIVIL REQUIREMENTS LISTED BELOW**

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT).

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

**TIME STANDARDS:** The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil consists of all cases except: Small claims appeals, petitions, and unlawful detainers.

**COMPLAINTS:** Complaints must be served on all named defendants, and a CERTIFICATE OF SERVICE (SDSC CIV-345) filed within 60 days of filing. This is a mandatory document and may not be substituted by the filing of any other document.

**DEFENDANT'S APPEARANCE:** Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than a 15 day extension which must be in writing and filed with the Court.)

**DEFAULT:** If the defendant has not generally appeared and no extension has been granted, the plaintiff must request default within 45 days of the filing of the Certificate of Service.

THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO LITIGATION, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. MEDIATION SERVICES ARE AVAILABLE UNDER THE DISPUTE RESOLUTION PROGRAMS ACT AND OTHER PROVIDERS. SEE ADR INFORMATION PACKET AND STIPULATION.

YOU MAY ALSO BE ORDERED TO PARTICIPATE IN ARBITRATION PURSUANT TO CCP 1141.10 AT THE CASE MANAGEMENT CONFERENCE. THE FEE FOR THESE SERVICES WILL BE PAID BY THE COURT IF ALL PARTIES HAVE APPEARED IN THE CASE AND THE COURT ORDERS THE CASE TO ARBITRATION PURSUANT TO CCP 1141.10. THE CASE MANAGEMENT CONFERENCE WILL BE CANCELLED IF YOU FILE FORM SDSC CIV-359 PRIOR TO THAT HEARING

#16

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
| --- | --- |
| STREET ADDRESS: 330 West Broadway<br>MAILING ADDRESS: 330 West Broadway<br>CITY, STATE, & ZIP CODE: San Diego, CA 92101-3827<br>BRANCH NAME: Central | |
| PLAINTIFF(S): LEE V. QUILLAR | |
| DEFENDANT(S): TAMMY L. NIELSON et.al. | |
| SHORT TITLE: QUILLAR VS. NIELSON | |
| **STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION PROCESS (CRC 3.221)** | CASE NUMBER: 37-2007-00082024-CU-PO-CTL |

Judge: Ronald S. Prager Department: C-71

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution process. Selection of any of these options will not delay any case management time-lines.

- ☐ Court-Referred Mediation Program
- ☐ Private Neutral Evaluation
- ☐ Private Mini-Trial
- ☐ Private Summary Jury Trial
- ☐ Private Settlement Conference with Private Neutral
- ☐ Court-Ordered Nonbinding Arbitration
- ☐ Court-Ordered Binding Arbitration (Stipulated)
- ☐ Private Reference to General Referee
- ☐ Private Reference to Judge
- ☐ Private Binding Arbitration
- ☐ Other (specify): ______________________

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) ______________________

______________________

______________________

Alternate: (mediation & arbitration only) ______________________

Date: ______________________ Date: ______________________

______________________ ______________________

Name of Plaintiff Name of Defendant

______________________ ______________________

Signature Signature

______________________ ______________________

Name of Plaintiff's Attorney Name of Defendant's Attorney

______________________ ______________________

Signature Signature

(Attach another sheet if additional names are necessary). It is the duty of the parties to notify the court of any settlement pursuant to California Rules of Court, 3.1385. Upon notification of the settlement the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court and all un-served, non-appearing or actions by names parties are dismissed.

**IT IS SO ORDERED.**

Dated: 11/19/2007 ______________________
JUDGE OF THE SUPERIOR COURT

#17

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

CASE NUMBER: 37-2007-00082024-CU-PO-CTL CASE TITLE: QUILLAR vs. NIELSON

## NOTICE TO LITIGANTS/ADR INFORMATION PACKAGE

You are required to serve a copy of this Notice to Litigants/ADR Information Package and a copy of the blank Stipulation to Alternative Dispute Resolution Process (received from the Civil Business Office at the time of filing) with a copy of the Summons and Complaint on all defendants in accordance with San Diego Superior Court Rule 2.1.5, Division II and CRC Rule 201.9.

## ADR POLICY

It is the policy of the San Diego Superior Court to strongly support the use of Alternative Dispute Resolution ("ADR") in all general civil cases. The court has long recognized the value of early case management intervention and the use of alternative dispute resolution options for amenable and eligible cases. The use of ADR will be discussed at all Case Management Conferences. It is the court's expectation that litigants will utilize some form of ADR – i.e. the court's mediation or arbitration programs or other available private ADR options as a mechanism for case settlement before trial

## ADR OPTIONS

**1) CIVIL MEDIATION PROGRAM:** The San Diego Superior Court Civil Mediation Program is designed to assist parties with the early resolution of their dispute. All general civil independent calendar cases, including construction defect, complex and eminent domain cases are eligible to participant in the program. Limited civil collection cases are not eligible at this time. San Diego Superior Court Local Rule 2.31, Division II addresses this program specifically. Mediation is a non- binding process in which a trained mediator 1) facilitates communication between disputants, and 2) assists parties in reaching a mutually acceptable resolution of all or part of their dispute. In this process, the mediator carefully explores not only the relevant evidence and law, but also the parties' underlying interests, needs and priorities. The mediator is not the decision-maker and will not resolve the dispute – the parties do. Mediation is a flexible, informal and confidential process that is less stressful than a formalized trial. It can also save time and money, allow for greater client participation and allow for more flexibility in creating a resolution.

**Assignment to Mediation, Cost and Timelines:** Parties may stipulate to mediation at any time up to the CMC or may stipulate to mediation at the CMC. Mediator fees and expenses are split equally by the parties, unless otherwise agreed. Mediators on the court's approved panel have agreed to the court's payment schedule for county-referred mediation: $150.00 per hour for each of the first two hours and their individual rate per hour thereafter. Parties may select any mediator, however, the court maintains a panel of court-approved mediators who have satisfied panel requirements and who must adhere to ethical standards. All court-approved mediator fees and other policies are listed in the Mediator Directory at each court location to assist parties with selection. **Discovery:** Parties do not need to conduct full discovery in the case before mediation is considered, utilized or referred. **Attendance at Mediation:** Trial counsel, parties and all persons with full authority to settle the case must personally attend the mediation, unless excused by the court for good cause.

---

**2) JUDICIAL ARBITRATION:** Judicial Arbitration is a binding or non-binding process where an arbitrator applies the law to the facts of the case and issues an award. The goal of judicial arbitration is to provide parties with an adjudication that is earlier, faster, less formal and less expensive than trial. The arbitrator's award may either become the judgment in the case if all parties accept or if no trial de novo is requested within the required time. Either party may reject the award and request a trial de novo before the assigned judge if the arbitration was non-binding. If a trial de novo is requested, the trial will usually be scheduled within a year of the filing date.

**Assignment to Arbitration, Cost and Timelines:** Parties may stipulate to binding or non-binding judicial arbitration or the judge may order the matter to arbitration at the case management conference, held approximately 150 days after filing, if a case is valued at under $50,000 and is "at issue". The court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. In addition, if parties select an arbitrator from the court's panel, the court will pay the arbitrator's fees. Superior Court

# 18

**3) SETTLEMENT CONFERENCES:** The goal of a settlement conference is to assist the parties in their efforts to negotiate a settlement of all or part of the dispute. Parties may, at any time, request a settlement conference before the judge assigned to their case; request another assigned judge or a pro tem to act as settlement officer; or may privately utilize the services of a retired judge. The court may also order a case to a mandatory settlement conference prior to trial before the court's assigned Settlement Conference judge.

**4) OTHER VOLUNTARY ADR:** Parties may voluntarily stipulate to private ADR options outside the court system including private binding arbitration, private early neutral evaluation or private judging at any time by completing the "Stipulation to Alternative Dispute Resolution Process" which is included in this ADR package. Parties may also utilize mediation services offered by programs that are partially funded by the county's Dispute Resolution Programs Act. These services are available at no cost or on a sliding scale based on need. For a list of approved DRPA providers, please contact the County's DRPA program office at (619) 238-2400.

**ADDITIONAL ADR INFORMATION:** For more information about the Civil Mediation Program, please contact the Civil Mediation Department at (619) 515-8908. For more information about the Judicial Arbitration Program, please contact the Arbitration Office at (619) 531-3818. For more information about Settlement Conferences, please contact the Independent Calendar department to which your case is assigned. Please note that staff can only discuss ADR options and cannot give legal advice.

 #19

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
**Lee Quillar**
**P. O. Box 950**
**Folsom, CA 95763**
Telephone
FAX
E-MAIL
ATTORNEY FOR (Name): **IN PROPRIA PERSONA**

FOR COURT USE ONLY

**San Diego County Superior Court - San Diego - Hall of Justice**
STREET ADDRESS: **330 W Broadway**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Diego, CA 92101**
BRANCH NAME: **San Diego - Hall of Justice**

PLAINTIFF: **Lee Quillar**
DEFENDANT: **Tammy L Nielson et al**

| PROOF OF SERVICE OF SUMMONS | FILE NUMBER | COURT CASE NUMBER |
|---|---|---|
| | 2007157658 | 37-2007-00082024 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   f. other (specify documents):
   **Attachment(s), Civil Case Cover Sheet, Notice of Case Assignment, Summons, Notice to Litigants/ADR Information Package, Complaint-Personal Injury, Property Damage, Wrongful Death, Civil Complaint,**

3. a. Party served: **Tammy L. Nielson**
   b. Person served: **party in item 3a**

4. Address where party was served: **250 E Main St**
   **El Cajon, CA 92020-3990**

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1)on: 1/3/2008 (2)at: 10:58 AM.

6. The "Notice to the Person Served" (on summons) was completed as follows:
   a. as an individual defendant.

7. Person who served papers:
   a. Name: **V Finch 1690**
   b. Address: **San Diego County Sheriff Sheriff's Civil Office 250 E Main St El Cajon, CA 92020-3949**
   c. Telephone number: **(619) 441-4564**
   d. The fee for service was: **$30.00 (Waived)**

9. I am a California sheriff or marshal and I certify that the foregoing is true and correct.

E. Palmer, SGT.

Date: January 4, 2008

Sheriff's Authorized Agent
William B. Kolender, Sheriff
E. PALMER, SGT

Hearing: **Dept/Div: C-71**

#20

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):

Lee Quillar
P. O. Box 950
Folsom, CA 95763
Telephone
FAX
E-MAIL

ATTORNEY FOR (Name): IN PROPRIA PERSONA

FOR COURT USE ONLY

San Diego County Superior Court - San Diego - Hall of Justice

STREET ADDRESS: 330 W Broadway
MAILING ADDRESS:
CITY AND ZIP CODE: San Diego, CA 92101
BRANCH NAME: San Diego - Hall of Justice

PLAINTIFF: Lee Quillar
DEFENDANT: Tammy L Nielson et al

# PROOF OF SERVICE

FILE NUMBER: 2007157658
COURT CASE NUMBER: 37-2007-00082024

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   f. other (specify documents):
   **Attachment(s), Civil Case Cover Sheet, Notice of Case Assignment, Summons, Notice to Litigants/ADR Information Package, Complaint - Personal Injury, Property Damage, Wrongful Death, Civil Complaint**

3. a. Party served: **M. C. Del Toro**
   b. Person served: **party in item 3a**

4. Address where party was served: **250 E Main St El Cajon, CA 920203990**

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1)on: 1/3/2008 (2)at: 8:40 AM.

6. The "Notice to the Person Served" was completed as follows:
   a. as an individual defendant.

7. Person who served papers:
   a. Name: **M Shirley 1190**
   b. Address: **San Diego County Sheriff Sheriff's Civil Office 250 E Main St El Cajon, CA 92020-3949**
   c. Telephone number: **(619) 441-4564**
   d. The fee for service was: **$30.00 (Waived)**

9. I am a California sheriff or marshal and I certify that the foregoing ~~is true and~~ correct. E. Palmer, SGT.

Date: January 3, 2008

E. PALMER, SGT
Sheriff's Authorized Agent
William B. Kolender, Sheriff

Hearing: **Dept/Div: Dept. C-71**

#21

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Lee Quillar<br>P. O. Box 950<br>Folsom, CA 95763<br>Telephone<br>FAX<br>E-MAIL<br>ATTORNEY FOR (Name): IN PROPRIA PERSONA | |
| San Diego County Superior Court - San Diego - Hall of Justice<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: San Diego - Hall of Justice | |
| PLAINTIFF: Lee Quillar<br>DEFENDANT: Tammy L Nielson et al | |

| PROOF OF ~~SERVICE~~ OF SUMMONS<br>NON-SERVICE | FILE NUMBER<br>2007157658 | COURT CASE NUMBER<br>37-2007-00082024 |
|---|---|---|

1. At the time of service, I was at least 18 years of age and not a party to this action

2. I received the following papers on **12/27/2007:**
   f. other (specify documents): **Attachment(s), Civil Case Cover Sheet, Notice of Case Assignment, Summons, Notice to Litigants/ADR Information Package, Complaint - Personal Injury, Property Damage, Wrongful Death, Civil Complaint**

3. After due search, careful inquiry and diligent attempts at the dwelling house or usual place of abode and/or business, I have been unable to make personal delivery of said process on the following person(s) herein named, to wit:
   **Robert Carlucci**
   **250 E Main St Fl 1|Court Reporter**
   **El Cajon, CA 92020-3941**

4. See Attachment for Declaration of Diligence.

7. Person who attempted Service:
   a. Name: **S Petty 2854**
   b. Address: **San Diego County Sheriff**
   **Sheriff's Civil Office 250 E Main St**
   **El Cajon, CA 92020-3949**
   c. Phone: **(619) 441-4564**
   d. The fee for service was: **$30.00 (Waived)**

9. I am a California sheriff or marshal and I certify that the foregoing is true and correct.

E. Palmer, SGT.

Date: January 4, 2008

Sheriff's Authorized Agent
William B. Kolender, Sheriff

E. PALMER, SGT

Hearing: **Dept/Div: Dept. C-71**
Remarks: **Deft is deceased.**

#22

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): Lee Quillar, P. O. Box 950, Folsom, CA 95763 · Telephone · FAX · E-MAIL | FOR COURT USE ONLY | |
|---|---|---|
| ATTORNEY FOR (Name): IN PROPRIA PERSONA | | |
| **San Diego County Superior Court - San Diego - Hall of Justice**<br>STREET ADDRESS: 330 W Broadway<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Diego, CA 92101<br>BRANCH NAME: San Diego - Hall of Justice | | |
| PLAINTIFF: Lee Quillar<br>DEFENDANT: Tammy L Nielson et al | | |
| **PROOF OF SERVICE OF SUMMONS** | FILE NUMBER<br>2007157658 | COURT CASE NUMBER<br>37-2007-00082024 |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the:
   f. other (specify documents):
   **Attachment(s), Civil Case Cover Sheet, Notice of Case Assignment, Summons, Notice to Litigants/ADR Information Package, Complaint-Personal Injury, Property Damage, Wrongful Death, Civil Complaint**

3. a. Party served: **Kathleen Koman**
   b. Person served: **party in item 3a**

4. Address where party was served: **250 E Main St**
   **El Cajon, CA 920203941**

5. I served the party
   a. by personal service. I personally delivered the documents listed in item 2 to the party or person authorized to receive service of the process for the party (1)on: 1/3/2008 (2)at: 1:30 PM.

6. The "Notice to the Person Served" (on summons) was completed as follows:
   a. as an individual defendant.

7. Person who served papers:
   a. Name: **N Walker 1043**
   b. Address: **San Diego County Sheriff Sheriff's Civil Office 250 E Main St El Cajon, CA 92020-3949**
   c. Telephone number: **(619) 441-4564**
   d. The fee for service was: **$30.00 (Waived)**

9. I am a California sheriff or marshal and I certify that the foregoing is true and correct.

E. Palmer, SGT.

Date: January 4, 2008

Sheriff's Authorized Agent E. PALMER, SGT
William B. Kolender, Sheriff

Hearing: **Dept/Div: Dept. C-71**

#23

State of California
Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102-3660
(415) 557-1200
FAX (415) 557-1266
Web Site: http://cjp.ca.gov

January 9, 2008

Lee V. Quillar, D-22639
Folsom State Prison (5-B-A-227)
P.O. Box 950
Folsom, CA 95763

Dear Mr. Quillar:

We have received and reviewed the letter and documents you submitted to the commission. Following a review of this information, it is not clear to us who your complaint is about.

In order to consider this matter further, it will be necessary for you to clarify your complaint. State the name of the judge and specify exactly, in your own words, what action or behavior of the judge is the basis for your complaint. It is not sufficient to simply provide court documents or other legal papers. Enclosed is a complaint form for your use.

Also, enclosed is the copy you requested stamped along with the envelope. It is unclear whether you wanted this agency to stamp your copy or the court to stamp it, since the envelope you provided has the court's return address.

Very truly yours,

Bernadette M. Torivio

Bernadette M. Torivio
Executive Secretary

BMT:hs/L0109quillar

Enclosures

#24

# COMPLAINT ABOUT A CALIFORNIA JUDGE, COURT COMMISSIONER OR REFEREE

*Confidential under California Constitution Article VI, Section 18, and Commission Rule 102*

**Today's date:** January 16, 2008

**Your name:** Lee V. Quillar

**Your telephone number:** N/A

**Your address:** P.O. BOX 950, (5BA227)
Folsom, CA 95763

**Your attorney's name:** Elizabeth Barranco

**Your attorney's telephone number:** (619)696-5289 NOTE: Trial counsel was involved w/fraud under this case, (appointed as co-counsel under fictitious hearing).

**Name of judge:** Herbert J. Exarhos
**OR**
**Name of court commissioner or referee:**
**(If your complaint involves a court commissioner or referee, you must first submit your complaint to the local court. If you have done so, please attach copies of your correspondence to and from that court.)**

**Court:** El Cajon Superior Court, County of San Diego

**County:** San Diego

**Name of case and case number:** SCE171374

---

**Please specify what action or behavior of the judge, court commissioner or referee is the basis of your complaint. Provide relevant dates and the names of others present. (Use additional sheets if necessary.)**

SEE ATTACHED LETTER

**Please indicate how you became aware of the commission.** Other prisoners

**Return to:** Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, California 94102
**Telephone:** (415) 557-1200
**Web site address:** http://www.cjp.ca.gov

#25 #25

STATE OF CALIFORNIA
COMMISSION ON JUDICIAL PERFORMANCE
455 GOLDEN GATE AVE., STE., 14400
SAN FRANCISCO, CA 94102

IN RE;

LEE V. QUILLAR,
Plaintiff,
VS.
TAMMY L. NIELSEN, et al.,
ON CIVIL COMPLAINT CCP. §425.12/

CALIFORNIA SUPERIOR COURT
COUNTY OF SAN DIEGO
CENTRAL DIVISION
JUDGE: RONALD S. PRAGER
DEPT: C-71
Pending Case No.
37-2007-00082024-CU-PO-CTL

IN RE:

JUDGE HERBERT J. EXARHOS
EL CAJON SUPERIOR COURT
COUNTY OF SAN DIEGO
CASE No. SCE171374

On January 14, 2008, I received a letter by Executive Secretary Bernadette M. Torivio. This letter hereby clarifies the above action.

After having suffered "severe judicial abuse," I was forced into filing a civil complaint as the same party (Judge Exarhos) who ~~is responsible for: 1) holding fictitious hearings, 2) falsifying~~ legal court transcripts, 3) forcing this writer into self-representation, 4) waiving his trial date, 5) committing perjury, and 6) denying this writer of his rights to be present in court under each of the above processes; due to additionally not being granted any of the actual court transcripts.

Consequently, I am now having to deal with:

1) not having my complaint properly endorsed, 2) not being provided with an adequate file stamped date, 3) Not being permitted to set motions for calendar, and 4) being denied of the right to have my motions stamped filed and returned to me under the instant case that addresses the court clerks and the court reporters who has conspired with Judge Herbert J. Exarhos, in denying this writer of his most basic rights under the above conditions. (See attached minute orders whereby, they are each false as this writer never attended any of the hearings as falsely alleged.)

Due to on-going violations, I am hereby most respectfully requesting that the above commission intervene in restoring my rights to include, my rights to seek declaratory relief based on the serious abuse that is being shown herein.

Dated January 16, 2008

Submitted by,

Lee V. Quillar

Lee V. Quillar

# APPENDIX – D
# PAGE – 26 - 28

KELSEY – JENNEY COLLEGE

*established 1887*

June 11, 1996

Lee Quillar
535 Greenfield Drive # 6
El Cajon, CA 92021

Dear Lee:

I wanted to remind you that the 5/27/96 class is coming to an end and that your leave of absence will expire on the last day of the class--June 21, 1996.

The next class begins Monday, June 24, 1996. We will need to see you the week before classes begin in order to complete the required paperwork and give you your schedule.

Please contact me at 525-1791 to arrange an appointment. If you have questions or are experiencing difficulties, please contact me immediately. We look forward to having you back in class.

Sincerely,

KELSEY-JENNEY COLLEGE

Stephanie L. Dumont
Academic Dean

SLD:skh

cc: student file

26

Lin De Le & Associates

1093 East Main, Suite 327 • El Cajon, CA 92021
619-444-0591 • 619-444-0593 • 1-800-566-2121

June 22, 1996

To whom it may concern:

Please be advised that I, M. A. Woods, was Lee Quillar's Supervisor when we both worked for World Wide Get-a-ways.

I was so impressed with his work habits that when I re-opened my business in April, I asked him to come to work for me as my right hand person. He was an excellent employee, did more than was required and anything that was asked of him, whether or not it was for LinDeLe & Associates, or repairing my car, etc.

I would always have an opening for him somewhere in my organization. He was always courteous, impeccable, even very patient when at times I wasn't. Most assuredly he was an asset to my firm.

Very truly yours,

LinDeLe & Associates

M A Woods

M. A. Woods, C.E.O.

# Worldwide Getaways, Inc.

1100 No. Magnolia, Ste. C, El Cajon, CA 92020
619-444-5987 • Fax: 619-444-6348

June 24, 1996

El Cajon Courts

To Whom It May Concern:

This is to verify that Lee Quillar was recently employed by our company as a telemarketer.

We found Lee to be a very dependable, hard-working individual who was here ever day and who performed his job well.

If you have any questions, please feel free to call.

Sincerely,

Boaz Rauchwerger

Boaz Rauchwerger
General Manager

BR/ajr

# APPENDIX – E
# PAGE – 29 - 33

THE COURT: WELL, I WILL SAVE ALL OF THE DISCUSSION. IT WOULD APPEAR TO ME THAT 4.45 IS NOT A PROPER INSTRUCTION, NOT UNDER THE FACTUAL SITUATION IN THIS CASE, AND ESPECIALLY WHEN TRYING TO ASSERT IT IN AT THIS TIME IT WOULD BE HIGHLY IMPROPER.

ALL RIGHT. IN SUMMARY THEN, THE INTENT CHARGED IN THE THIRD CHARGE, ADW, IS SET FORTH IN 3.30, COPY OF WHICH IS ATTACHED WITH THE CHARGES AND THE LESSER-INCLUDED OFFENSES OMITTED, AND THEN I WILL TELL THEM THAT 12.42, PAGE 37, IS TO BE WITHDRAWN.

MS. BARRANCO: YOUR HONOR, WE WERE ALSO GOING TO PUT ON THE RECORD THE DEFENDANT'S REQUEST TO THE COURT CONCERNING THE FAILURE OF ME TO SUBPOENA FOUR WITNESSES.

THE COURT: ALL RIGHT. LET'S GET THIS TO THE JURY, THOUGH, BECAUSE THEY NEED IT RIGHT AWAY.

MS. BARRANCO: OKAY. I JUST DIDN'T WANT TO FORGET THAT.

ALL RIGHT.

THE COURT: ALL RIGHT. WE HAVE THAT GOING TO PRESS. OUR NEXT SITUATION.

MS. BARRANCO: YES. MY CLIENT HAS WRITTEN A LETTER TO THE COURT, AND I BELIEVE IT'S --

THE COURT: NOW, THIS IS OTHER THAN THE ONE CONCERNING HIS BAIL?

MS. BARRANCO: RIGHT. THERE IS THE BAIL

29

LETTER, BUT THEN AFTER THAT HE PREPARED ANOTHER DOCUMENT.

THE COURT: DO I HAVE THAT LETTER OR --

MS. BARRANCO: YOU DO.

MS. BARRANCO: HE'S STATING IN THAT LETTER THAT THERE ARE FOUR PEOPLE HE WANTED ME TO PUT ON THE WITNESS STAND FOR HIM AND HE'S STATING IN ESSENCE OF WHAT HE THINKS THEY WOULD HAVE SAID AND HE IS JUST MAKING A RECORD OF THAT.

THE COURT: WELL I AM NOT SURE THAT -- HAS THE DISTRICT ATTORNEY SEEN EXHIBIT G, WHICH IS THE LETTER THAT HE LAST WROTE?

MR. SCHERMANN: YES.

MS. BARRANCO: YES.

THE COURT: WHAT IS IT THAT YOU ARE REQUESTING THEN?

MS. BARRANCO: I AM NOT REQUESTING ANYTHING. I DON'T BELIEVE THERE IS A MARSDEN MOTION. HE JUST WANTED IT DOCUMENTED THAT HE HAD REQUESTED ME TO DO THESE THINGS AND THAT I DIDN'T DO THEM.

THE COURT: I DON'T THINK THERE IS ANYTHING FOR ME TO ACT UPON, THERE IS NO MOTION BEFORE US, I GUESS THE DEFENDANT IS PRESENTING SOME OF HIS CONCERNS FOR THE RECORD TO PROTECT HIS RECORD. IS HE ASKING FOR ANYTHING OTHER THAN THAT?

(DEFENDANT AND HIS COUNSEL CONFERRED OFF THE RECORD.)

MS. BARRANCO: HE WANTS THESE WITNESSES TO TESTIFY.

THE COURT: WELL, WITH THE JURY OUT IN DELIBERATION WE ARE NOT GOING TO OPEN THE CASE BACK UP.

MS. BARRANCO: I GUESS THAT COULD BE INTERPRETED AS A MOTION FOR A MISTRIAL OF SOME SORT.

THE COURT: WELL I AM GOING TO HAVE TO TREAT IT AS SOME KIND OF A MOTION, A MOTION TO REOPEN THE CASE OR IN THE ALTERNATIVE TO CAUSE A MISTRIAL, AND THOSE BOTH ARE DENIED.

MR. SCHERMANN: YOUR HONOR, JUST FOR THE RECORD, FROM THE PEOPLE'S STANDPOINT, WITH RESPECT TO THAT, IT WOULD APPEAR THAT -- I HATE TO SAY THIS -- BUT MISS BARRANCO HAS EVIDENTLY CONFUSED THE JURY WELL ENOUGH WITH WHAT SHE DIDN'T PUT ON, SO -- AND IN OTHER WORDS --

THE COURT: WELL, I WOULD SAY THAT SHE DIRECTED THEIR ATTENTION AWAY FROM MANY TROUBLESOME ISSUES, AND THAT IT'S A MATTER IN WHICH HAS BEEN PRESENTED TO THE COURT THAT WOULD REQUIRE AN EVALUATION OF MANY OTHER FACTORS THAT ARE NOT BEFORE THE COURT, SO THE COURT -- BUT WHAT I DO HAVE BEFORE ME IS SUFFICIENT TO DENY ANY OF THE MOTIONS THAT HAVE BEEN OFFERED AT THIS TIME. I THINK THAT IT IS -- I THINK THE RECORD SHOULD SPECIFICALLY NOTE THE TIMING OF SUCH MAKING OF THE LETTER AVAILABLE TO THE COURT, THAT IT APPEARS TO ME TO BE VERY WELL THOUGHT

31

OUT PLAN OF HOW TO APPROACH IT.

MS. BARRANCO: HE WANTED -- YOUR HONOR, HE DID TELL ME ALL ALONG THAT HE WANTED THESE PEOPLE TO TESTIFY AND HE DISCUSSED THAT IN THE AFFIRMATIVE, BUT IT'S BEEN AN ONGOING ISSUE WITH US. I DON'T THINK HE CAME UP WITH IT WHILE THE JURY WAS OUT. HE TOLD ME ABOUT THIS. I DO AGREE WITH THAT PART.

THE COURT: WELL, IF HE'S GOING TO MAKE A -- IF HE'S GOING TO BECOME DISTURBED ABOUT SOMETHING AND WANT THE COURT TO INTERVENE ON THE THING, HE'S GOING TO HAVE TO DO IT IN A TIMELY FASHION AND WHEN -- IN OTHER WORDS, BASICALLY WHAT HE CAN'T DO IS SIT BACK AND WAIT AND SEE HOW THINGS ARE GOING, THEN WHEN IT'S APPEARS THAT MAYBE THINGS ARE NOT GOING IN HIS DIRECTION THAT HE THEN PULLS OUT THE NEXT LEGAL MANEUVER. AND IT SEEMS A BIT LATE.

MS. BARRANCO: I DON'T THINK HE DID THAT, THOUGH, REALLY. HE REALLY --

THE COURT: WELL, YOU ARE GIVING A SUBJECTIVE EVALUATION AT THIS TIME. ALL I HAVE TO SAY IS THAT AT THE PRESENT TIME IT'S UNTIMELY, IT IS NOT A BASIS FOR A MISTRIAL AT THIS TIME, AND IT'S A MATTER THAT I GUESS IF THERE HAS BEEN ANY ACTION TAKEN THAT SHOULD NOT HAVE BEEN TAKEN OR OMITTED ACTION OR SOMETHING IT HAS TO BE TAKEN UP AT A LATER TIME. AND THE RECORD IS WELL PRESERVED. AND I STILL SAY THAT THERE IS A GREAT COINCIDENCE OF TIMING OF THIS SITUATION. SO THE MOTIONS ARE

32

DENIED.

MS BARRANCO: THANK YOU, YOUR HONOR.

THE COURT: ALL RIGHT.

(RECESS TAKEN AT THIS TIME).

THE COURT: OKAY. LET'S GO ON THE RECORD. THE NOTE THAT WE RECEIVED, WHICH IS NOTE NO. 5, CAN WE REVIEW THE TRANSCRIPT OF -- THE TRANSCRIPT DEALING WITH THE ASSAULT ONLY FROM MISS MOORE AND THEN DASH TO, THE "O", SCRATCHED OUT THROUGH OF, SCRATCHED OUT ABOUT SOMETHING ELSE, SCRATCHED OUT BRADDOCK. THEN IT'S GOT WITNESSES LISTED, MOORE, BURTON, HICKS, BRADDOCK, 19, AUGUST, '97. AND OBVIOUSLY WHAT THEY ARE ASKING FOR IS THE ENTIRE TRANSCRIPT OF THE ENTIRE TRIAL MINUS ONE DEFENSE WITNESS.

MR. SCHERMANN: NO, THERE IS ONE, THERE WAS A COUPLE OF COPS THAT THEY HAVEN'T ASKED FOR.

THE COURT: WELL, SLIGHT TESTIMONY. SO I AM INDICATING TO THEM THAT THERE IS NO TRANSCRIPT OF THIS CASE, ONLY RAW NOTES OF THE REPORTER ARE AVAILABLE FOR READING BY THE REPORTER TO THE JURY, THIS WILL REQUIRE REVIEW AND PREPARATION BY THE REPORTER TO ELIMINATE BENCH CONFERENCES, OBJECTIONS, ET CETERA. THE READING OF ALMOST ALL OF THE TRIAL TESTIMONY, OVER 80 PERCENT OF THE TRIAL TESTIMONY WILL TAKE HOURS OF PREPARATION AND READING. THEN I AM GOING TO INDICATE THAT I THINK THAT THE JURY, IN SUCH A SHORT TRIAL, SHOULD RELY UPON THEIR OWN

# APPENDIX – F

# PAGE – 34 - 36

# ALL-PURPOSE ACKNOWLEDGEMENT

State of California
County of San Diego } ss.

On July 12, 2000 (DATE) before me, MARGARET A. STACKLE (NOTARY);
personally appeared Vickie Ann Quillar (SIGNER(S))

☐ personally known to me - OR - ☑ proved to me on the basis of satisfactory evidence to be the person~~(s)~~ whose name~~(s)~~ is/~~are~~ subscribed to the within instrument and acknowledged to me that ~~he~~/she/~~they~~ executed the same in ~~his~~/her/~~their~~ authorized capacity~~(ies)~~, and that by ~~his~~/her/~~their~~ signatures~~(s)~~ on the instrument the person~~(s)~~, or the entity upon behalf of which the person~~(s)~~ acted, executed the instrument.

MARGARET A. STACKLE
Comm. # 1239601
NOTARY PUBLIC - CALIFORNIA
San Diego County
My Comm. Expires Oct. 24, 2003

WITNESS my hand and official seal.

Margaret A. Stackle
NOTARY'S SIGNATURE

## OPTIONAL INFORMATION

The information below is not required by law. However, it could prevent fraudulent attachment of this acknowledgement to an unauthorized document.

**CAPACITY CLAIMED BY SIGNER (PRINCIPAL)**

☑ INDIVIDUAL
☐ CORPORATE OFFICER

TITLE(S)

☐ PARTNER(S)
☐ ATTORNEY-IN-FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER:

SIGNER IS REPRESENTING:
NAME OF PERSON(S) OR ENTITY(IES)

self

**DESCRIPTION OF ATTACHED DOCUMENT**

Handwritten letter
TITLE OR TYPE OF DOCUMENT

one
NUMBER OF PAGES

July 11, 2000
DATE OF DOCUMENT

Concerning Lee Virt Quillar
OTHER

RIGHT THUMBPRINT OF SIGNER

Top of thumbprint here

To whom it may Concern July 11-2000

I Vickie Quiller

I am Writting this letter concerning My brother Lee Vint Quiller. On the date of his arrest I was present at his apartment, with my son father Ira Darnell Broadway. I saw Lee destroying his apartment breaking things that belong to him. After he call 911. I left because I was running from my parole office, also I was under Influence I left with Ira Broadway, when we left Lee and Leela was alone, Once I call to Check on Lee, the police officer was there downstairs. I call Lee, attorney a couple time, but he never ~~interviewed~~ interview Me. Today I am willing to be present in court, I am clear of parole Living a Clean Sober life. My brother didn't have a fair trial, and this need to be heard.

Vickie Quiller

7/28/000

I Swear All Information is ~~H~~ True I Teela Gilmore was with Lee Quillar June 10, 1996. I witness Lee Quillar, breaking things and acting weird and his sister Vickie Quillar and her boyfriend and her Friends at house with Him I can't tell you everything because I dont hear but I can tell you what I seen, All night he kept in and out the house. when I look up I notice then when the cops appear, his sister and boyfriend, Friends took off Then went to Neighbor house to call Lee's sister for help. I was very scared So I went to Court and Never been Question for what I seen.

TeelA Gilmore.

T. Gilmore

Subscribed and sworn (or affirmed) to before me this 31 day of July 2002.

STEPHANIE L. ROSS
Commission # 1260462
Notary Public - California
San Diego County
My Comm. Expires Jul 3, 2004

Stephanie L. Ross
NOTARY'S SIGNATURE

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

2254 ✓ 1983
FILING FEE PAID
Yes ___ No ✓
IFP MOTION FILED
Yes ___ No ___
COPIES SENT TO
Court ___ ProSe ___

FILED
2008 JAN 31 PM 4:14
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: ___ DEPUTY

**I (a) PLAINTIFFS**

**Lee V. Quillar**

**DEFENDANTS**

**Kramer, et al**

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** Sacramento
**(EXCEPT IN U.S. PLAINTIFF CASES)**

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
**(IN U.S. PLAINTIFF CASES ONLY)**

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

**Lee V. Quillar**
**PO Box 950**
**Folsom, CA 95763**
**D-22639**

**ATTORNEYS (IF KNOWN)**

**'08 CV 0194 IEG AJB**

**II. BASIS OF JURISDICTION (PLACE AN x IN ONE BOX ONLY)**

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III

**III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX (For Diversity Cases Only) FOR PLAINTIFF AND ONE BOX FOR DEFENDANT**

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).**

**28 U.S.C. 2254**

**V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)**

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 660 Occupational Safety/Health | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 153Recovery of Overpayment of Veterans Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 160 Stockholders Suits | ☐ 360 Other Personal Injury | | **LABOR** | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC |
| ☐ Other Contract | | | ☐ 710Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectmant | ☐ 443 Housing/Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | ☐ Security Act | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

**VI. ORIGIN (PLACE AN X IN ONE BOX ONLY)**

☒ 1 Original Proceeding ☐ 2 Removal from State Court ☐ 3 Remanded from Appelate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23 **DEMAND $** Check YES only if demanded in complaint: **JURY DEMAND:** ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY (See Instructions):** JUDGE Docket Number

DATE January 31, 2008 ~~SIGNATURE OF ATTORNEY OF RECORD~~

CR