LEE V. QUILLAR D-22639
P.O. BOX 950, 5BA227
FOLSOM, CA 95763

In Pro Per.

FILED
2008 JUN -9 PM 12:36
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY Rm DEPUTY

NUNC PRO TUNC
JUN - 4 2008

UNITED STATES DISTICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,
Movant,
vs.
MATTHEW KRAMER, Warden,
Respondent. /

Case No. CV-08-0194 IEG (AJB)

**NOTICE AND MOTION FOR RELIEF FROM JUDGMENT UNDER Fed.R.Civ. Proc. 60(B)**

This rule 60(B) motion is being filed to correct an error in the February 20, 2008 order under the above case number.

Said ruling barred the above movant to proceed under his 28 U.S.C. 2254 habeas corpus under 28 U.S.C. 2244(b)(2). Based on the issues presented and the claims that were raised under said petition; the above entitled court in fact hold jurisdiction under 28 U.S.C. 2254, pursuant to 2244(b)(2); and Fed.R.Civ. Proc., rule 60 (B)(3) and rule 60(B)(6); as "fraud upon the court" is the standard that applies under the instant case.

This motion further demonstrate the grounds that apply which requires the above court to excuse the movant as being untimely under the AEDPA'S one-year statutory limitations.

This motion addresses the following:

1) Pursuant to rule 60(B)(3) and rule 60(B)(6); the herein

movant has "strongly satisfied the criteria" that permits him to file a "second petition for writ of habeas corpus," based on **"egregious fraud," misrepresentation and misconduct of an adverse party,** as provided for under rule 60(B)(3);

2) The record shows that the movant has "gravely suffered" base on the fraud upon the court;

3) Movant has demonstrated enormous due diligence in his attempt to remedy and prove his previously filed claims;

4) No court has addressed the movant's legal arguments under any previously filed petition;

5) Movant has clearly satisfied the requirement as "egregious fraudulent conduct" has occurred, and is the direct cause necessitating the need to have the court grant leave to file a second petition for writ of habeas corpus; and,

6) The above-entitled court actually hold jurisdiction to review movant's newly discovered evidence under the authority that he relies upon.

**HISTORY**

In August 2004, movant for the very first time discovered that while he was undergoing mental health treatment in the county jail, the court, the district attorney, movants trial counsels', and the court clerks held several fictitious hearings and falsified various minute orders to make it appear as if movant was present in court. (Appendix-A, pp. 1-3.)

After attempting to have the actual reporter transcripts relinquished, movant was denied the ascertainment of such transcript by the same parties who caused the fraud. (Appnd, pp. 4-8.)

Although the law mandates that every marsden hearing becomes

a permanent part of the record, movant was deprived of his transcript, quite clearly, based on the fraudulent conduct perpetrated by the court. (Appnd, pp. 9-13.)

This has caused movant to be deprived of the means to address such issues before now.

## STATEMENT OF FACTS

On January ___, 2008 movant "properly filed" a petition for writ of habeas corpus under 28 U.S.C. 2254. The petition raised several "newly discovered claims" that could not have been discovered through due diligence based on severe fraud upon the court.

After discovering such, the herein movant filed the above-mentioned habeas corpus which satisfied the criteria under 28 U.S.C. 2244(b)(2); which permits (and in the instant case commands) that the procedural bar be excused.

However, the above court dismissed the writ under 28 U.S.C. 2244(b)(3)(A). Given the circumstances, the above-entitled court in fact does hold jurisdiction based on the following paragraph.

## LEGAL REQUIREMENT

### A. STANDARD GOVERNING RELIEF FROM A JUDGMENT OR ORDER UNDER 60(B)

Rule 60(B) provides that a court may relieve a party from the effect of a judgment or order "[o]n motion and upon such terms as are just...for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) **fraud, misrepresentation, or other misconduct of an adverse party;** (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise va-

cated, or it is no longer equitable that the judgment should have prospective application; or (6) **any other reason justifying relief from the operation of he judgment."** (Fed.R.Civ.Proc, rule 60(B).)

**B. AVAILABILITY OF RELIEF UNDER RULE 60(B)(3)**

Clear and present fraud has been demonstrated, which is the proximate cause hampering movant of the ability to have submitted his claims under a full and fair hearing previously.

The saving clause under rule 60(b), does not limit the power of the court to entertain an independent action. Thus, the above court holds jurisdiction to permit movant leave to file a second petition for writ of habeas corpus.

Therefore, the court erred by: 1) not ruling on movant's properly filed motion; and 2) not applying the proper standard of review. (See court's denial, pp 14-18.)

Based on the above, movant is currently addressing the ORDER filed February 20, 2008, as an error in judgment, based on fraud upon the court as demonstrated in the accompanied Affidavit/Declaration.

**CONCLUSION**

Movant should be granted leave to bypass the bar under AEDPA'S Gatekeeper Provision under 28 U.S.C. 2244(b)(3)(A); as the court holds jurisdiction to review movant's claims under his previously filed motions and petition.

Dated: May 29, 2008

Submitted by,

Lee V. Quillar

Lee V. Quillar/Movant

///

///

///

///

# CERTIFICATE OF SERVICE

CASE NAME: QUILLAR V. KRAMER

CASE NO.: 08CV0194-IEG(AJB)

IMPORTANT: You must send 2 copy(s) of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the NOTICE AND MOTION FOR RELIEF FROM JUDGMENT UNDER F.R.C.P., 60(B)
(name of document)
and any attachments was served, either in person or by mail,

on the persons listed below.

Lee V. Quillar
SIGNATURE

| Name / Address | Date served |
|---|---|
| United States District Court<br>Southern District of California<br>880 Front Street, Rm., 4290<br>San Diego, CA 92101-8900 | May 29, 2008 |
| Department of Justice<br>110 West "A" St., Ste., 1100<br>San Diego, CA 92101 | May 29, 2008 |

APPENDIX IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT UNDER
RULE 60-(B) PAGES 1-18

CR SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE 07-10-96 AT 01:25 M. 96139457 ARR ON INFORMATION 0346

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER CARLUCCI, ROBERT 5552 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

L. Koster
DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V
DEFENDANT

B - S. TARANTINO relieved
ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) Ct1 PC245(a)(1) Ct2 PC236/237 Ct3

Alleg: PC12022(b) Ct3 Prior: 2 Strike: 2 S/F: 2

INTERPRETER ________ SWORN
LANGUAGE ________

**ARRAIGN**

[X] DEFENDANT [X] ~~NOT~~ PRESENT [ ] VIA AUDIO/VISUAL [X] ARRAIGNED, FURNISHED WITH A TRUE COPY OF INFORMATION/~~INDICT~~

[X] READING WAIVED [X] TRANSCRIPT FURNISHED/~~WAIVED~~ FOR ARRAIGNMENT. [X] DEFENDANT ADVISED OF RIGHTS.

DEFENDANT PLEADS [X] NOT GUILTY [ ] NOT GUILTY BY REASON OF INSANITY. [ ] OTHER:

[ ] DRS.

DEFENDANT [ ] ADMITS [X] DENIES PRIOR FELONY CONVICTIONS/ALLEGATIONS.

**CUSTODY STATUS**

[X] DEFENDANT REMANDED TO CUSTODY OF SHERIFF [ ] WITHOUT BAIL [X] WITH BAIL SET AT $ 30,000

[ ] DEFENDANT ORDERED RELEASED FROM CUSTODY [ ] ON OWN/SUPERVISED RECOGNIZANCE [ ] CASE DISMISSED [ ] THIS CASE ONLY.

[ ] DEFENDANT TO REMAIN AT LIBERTY [ ] ON BOND POSTED $ ________ [ ] ON OWN/SUPERVISED RECOGNIZANCE.

[ ] BAIL IS SET AT/REDUCED TO/INCREASED TO $ ________

**FUTURE HRNGS**

[X] DEFENDANT WAIVES STATUTORY TIME FOR TRIAL [ ] JURY WAIVED BY DEFENDANT.

READINESS CONFERENCE SET FOR 8/14/96 AT 9:30 IN DEPARTMENT B

TRIAL SET FOR [redacted] [redacted] 8/26/96 AT 9:00 IN DEPARTMENT B DAYS LEFT 13 [redacted]

BAIL REVIEW SET FOR ________ AT ________ IN DEPARTMENT ________ [ ] PTS ORDERED

MOTIONS DUE 7/24/96

________ CONTINUED TO/SET FOR ________ AT ________ IN DEPT. ________

ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

**WRRNTS**

[ ] BENCH WARRANT TO ISSUE, BAIL SET AT $ ________ [ ] SERVICE FORTHWITH. [ ] ORDERED WITHHELD TO ________

[ ] BENCH WARRANT ISSUED/ORDERED ________ IS RECALLED/RESCINDED.

[ ] BOND IS [ ] EXONERATED [ ] FORFEITED. AMOUNT $ ________. BOND NO. ________

BOND COMPANY ________ AGENT ________

**MH**

[ ] PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ________ AT ________
IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON ________ AT ________ IN DEPARTMENT ________.

[ ] THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

OTHER: Public Defenders Office is relieved.
Defendant is pro per.
Sheriff is ordered to give the defendant pro per privileges.

1.

Herbert J. Exarhos

2

SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE 08-14-96 AT 09:30 M. 96139457 SUP READINESS CONF 0347

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

G. Bennett
DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V P - PROPER
DEFENDANT ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER SWORN/CERT
LANGUAGE

**READINESS**

DEFENDANT ☒ ~~NOT~~ (PRESENT). ☐ NOT NEGOTIABLE. TRIAL DATE REMAINS AS SET/CONFIRMED/VACATED.
☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED .
☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS
☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:
☐ GUILTY OF THE OFFENSE:
☐ PEOPLE V. WEST PLEA.
☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.
☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) REMAINING IS/ARE DISMISSED FOJ/VOP.
☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000- .
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ .

**FUT HRGS**

☐ DEFT'S WAIVERS: ☐ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.
Hrg re pro per privileges IS SET FOR/CONT'D/TRAILED TO 8-20-96 AT 9:30 A
IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT .

**BONDS WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ . ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO .
☐ BENCH WARRANT ISSUED/ORDERED IS RECALLED/RESCINDED.
☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ . BOND NO. .
BOND COMPANY AGENT .
☐ BOND FORFEITURE OF IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ W/IN 30 DAYS.

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON AT IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON AT IN DEPARTMENT .
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**PROBTN REFRRL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON .
☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

OTHER: Vault-Conflict Counsel - [redacted]
[redacted] is appointed as advisory counsel (notified K.K. 8-14-96)
Elizabeth Barranco
Sheriff's representative is ordered to be present on 8-20-96 - Charles Ervin - notified
2.

Herbert J. Exarhos

ECS

SCE171374 DA P8001801 SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-20-96 AT 09:30 M. 96139457 SUP READINESS CONF 0348

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK M. C. del TORO REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

J. Bennett
DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V P – PROPER Elizabeth Barranco
DEFENDANT ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ____ SWORN/CERT
LANGUAGE ____

**READINESS**

DEFENDANT ☒ ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE 8-26-96 REMAINS AS SET/CONFIRMED/VACATED.

☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ____.

☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS

☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:

☐ GUILTY OF THE OFFENSE:

☐ PEOPLE V. WEST PLEA.

☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.

☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ____ REMAINING IS/ARE DISMISSED FOJ/VOP.

☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ____ REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000.

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ____.

**FUT HRGS**

☒ DEFT'S WAIVERS: ☒ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.

Trial IS SET FOR/CONT'D/TRAILED TO 9-30-96 AT 9:00 am

IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT 10.

**BONDS W. RRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ____.

☐ BENCH WARRANT ISSUED/ORDERED ____ IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ____. BOND NO. ____.

BOND COMPANY ____ AGENT ____.

☐ BOND FORFEITURE OF ____ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ____ W/IN 30 DAYS.

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ____ AT ____ IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON ____ AT ____ IN DEPARTMENT ____.

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**PROBTN REFRL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ____.

☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.

☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.

☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:

☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

OTHER: Further readiness 9-24-96 930 Dept B
Defendant withdraws his pro per status. Court grants deft. request. Elizabeth Barranco is appointed as attorney of record.

3. Herbert Exarhos

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
# COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>LEE VIRT QUILLAR,<br><br>Defendant. | SCE 171374<br><br>ORDER DENYING REQUEST FOR TRANSCRIPTS |

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

Defendant seeks transcripts regarding the above-referenced case, but has not provided any factual basis for that request. The Defendant is not entitled to free transcripts for the purpose of searching the record to find possible grounds on which to assert a claim for collateral relief. He must show a "reasonably compelling need for the specific documentary evidence." (*Chavez v. Sigler* (8th Cir. 1971) 438 F.2d 890. See also *Bentley v. United States* (6th Cir. 1970) 431 F.2d 250; *Walker v. United States* (5th Cir. 1970) 424 F.2d 278; *Muller v. Municipal Court* (1968) 259 Cal.App.2d 177.)

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

Accordingly, before the court is required to order transcripts at public expense, the

indigent defendant must file a motion demonstrating a colorable need for the transcripts to support the substantive allegations of the particular petition. The court in *Miller v. Hamm* (1970) 9 Cal.App.3d 860, 871, held that "the federal Courts of Appeal appear to uniformly hold that where a petitioner has failed to avail himself of an appeal and further fails to specify in what respect a reporter's transcript is in fact necessary to rectify an invasion of a fundamental right, his entitlement to a free reporter's transcript, has not been made out. One is not entitled to a free reporter's transcript, they hold, merely to 'comb the record in hope of discovering some flaw' to raise on collateral review. (*McGarry v. Fogliani* (9th Cir. 1966) 370 F.2d 42, 44; accord: *United States v. Shoaf*, supra, 341 F.2d 832; *Harless v. United States* (5th Cir. 1964) 329 F.2d 397, 398-399; *Culbert v. United States* (8th Cir. 1964) 325 F.2d 920, 921-922.)"

In this case, Defendant requests a copy of the transcripts based on the claim that he intends to file a petition for a writ of habeas corpus. However, Defendant has not provided any factual basis for the request for the transcripts. Without a showing of a specific need for the transcript, a Defendant is not entitled to receive them at the public's expense. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

In addition, the Defendant filed an appeal in this action. The Defendant through his appellate counsel has received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

Accordingly, the Defendant's request for copies of transcripts from all prior proceedings is hereby DENIED.

IT IS SO ORDERED.

DATED: NOV 1 3 2002

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

FILED
Clerk of the Superior Court

AUG 1 1 2003

By: M.C. del TORO, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

IN THE MATTER OF THE APPLICATION OF:

LEE VIRT QUILLAR,

Defendant.

SCE 171374

ORDER DENYING REQUEST FOR TRANSCRIPTS

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

On November 13, 2002, the Court denied the Defendant's previous request for transcripts. The Court is now in receipt of a second motion for transcripts. The Defendant's basis for the present motion is the same as previously addressed by the Court in the November 13, 2002, order.

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

As the Court has previously addressed the Defendant's justification for requesting free transcripts and the Defendant has not provided any new factual basis for the request for the transcripts, the Defendant has not shown good cause to renew his request for a free copy of

r 7.

the reporter's transcript from the court hearings. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

In addition, the Defendant through his appellate counsel has already received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

Accordingly, the Defendant's request for a free copy of the court transcripts is DENIED.

**IT IS SO ORDERED.**

DATED: AUG 1 1 2003

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

SUPERIOR COURT

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: AUG 1 1 2003

Clerk of the Superior Court of the State of California, in and for the County of San Diego,

By ______ Deputy

# SUPERIOR COURT - STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

PEOPLE OF THE STATE OF CALIFORNIA,

Plaintiff

vs.

LEE VIRT QUILLAR

Defendant

CASE NUMBER SCE171374

9.

MASTER CHRONOLOGICAL INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| INFORMATION | 1 | 1 |
| AMENDED INFORMATION | 1 | 4 |
| SECOND AMENDED INFORMATION AND BY INTERLINEATION | 1 | 7 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 10 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 13 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 15 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 17 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, WITHDRAWN BY STIPULATION - REQUESTED BY DEFENDANT, WITHDRAWN BY STIPULATION | 1 | 20 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, NOT GIVEN - REQUESTED BY DEFENDANT, NOT GIVEN | 1 | 44 |
| JURY INSTRUCTIONS - REQUESTED BY DEFENDANT, REFUSED | 1 | 56 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, REPLACED WITH FINAL DRAFT | 1 | 59 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN - REQUESTED BY DEFENDANT, GIVEN | 1 | 80 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN TO JURORS FOR THEIR USE DURING DELIBERATIONS - REQUESTED BY DEFENDANT, GIVEN | 1 | 141 |
| JURY NOTE NO. 1 | 2 | 202 |
| JURY NOTE NO. 2 | 2 | 203 |
| JURY NOTE NO. 3 | 2 | 204 |
| JURY NOTE NO. 4 | 2 | 205 |
| JURY NOTE NO. 5 | 2 | 207 |
| JURY NOTE NO. 6 | 2 | 208 |
| JURY NOTE NO. 7 | 2 | 209 |


10.

MASTER CHRONOLOGICAL INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| VERDICT | 2 | 210 |
| PEOPLE'S EXHIBIT NO. 13 - COUNTY OF SAN DIEGO BOOKING AND PROPERTY RECORD | 2 | 219 |
| PEOPLE'S EXHIBIT NO. 14 - PRISON PACKET CR75335 | 2 | 221 |
| PEOPLE'S EXHIBIT NO. 15 - COMMITMENT SUMMARY D22639 | 2 | 229 |
| PEOPLE'S EXHIBIT NO. 16 - PRISON PACKET CR107662 | 2 | 238 |
| PEOPLE'S EXHIBIT NO. 17 - PRISON PACKET CR75335 | 2 | 245 |
| COURT'S EXHIBIT NO. F - LETTER TO COURT FROM DEFENDANT | 2 | 250 |
| COURT'S EXHIBIT NO. G - LETTER TO COURT FROM DEFENDANT | 2 | 252 |
| EXHIBIT LIST | 2 | 253 |
| NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATION RE PRIOR CONVICTION | 2 | 254 |
| ABSTRACT OF JUDGMENT | 2 | 306 |
| PROBATION OFFICER'S REPORT | 2 | 307 |
| PROBATION OFFICER'S REPORT - CORRECTED | 2 | 322 |
| NOTICE OF APPEAL | 2 | 337 |
| NOTICE OF APPEAL - DUPLICATE | 2 | 339 |
| MINUTES | 2 | 346 |

MASTER ALPHABETIC INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| ABSTRACT OF JUDGMENT | 2 | 306 |
| AMENDED INFORMATION | 1 | 4 |
| COURT'S EXHIBIT NO. F - LETTER TO COURT FROM DEFENDANT | 2 | 250 |
| COURT'S EXHIBIT NO. G - LETTER TO COURT FROM DEFENDANT | 2 | 252 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 10 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 17 |
| EXHIBIT LIST | 2 | 253 |
| INFORMATION | 1 | 1 |
| JURY INSTRUCTIONS - REQUESTED BY DEFENDANT, REFUSED | 1 | 56 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN - REQUESTED BY DEFENDANT, GIVEN | 1 | 80 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN TO JURORS FOR THEIR USE DURING DELIBERATIONS - REQUESTED BY DEFENDANT, GIVEN | 1 | 141 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, NOT GIVEN - REQUESTED BY DEFENDANT, NOT GIVEN | 1 | 44 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, REPLACED WITH FINAL DRAFT | 1 | 59 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, WITHDRAWN BY STIPULATION - REQUESTED BY DEFENDANT, WITHDRAWN BY STIPULATION | 1 | 20 |
| JURY NOTE NO. 1 | 2 | 202 |
| JURY NOTE NO. 2 | 2 | 203 |
| JURY NOTE NO. 3 | 2 | 204 |
| JURY NOTE NO. 4 | 2 | 205 |
| JURY NOTE NO. 5 | 2 | 207 |
| JURY NOTE NO. 6 | 2 | 208 |
| JURY NOTE NO. 7 | 2 | 209 |
| MINUTES | 2 | 346 |

| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| NOTICE OF APPEAL | 2 | 337 |
| NOTICE OF APPEAL - DUPLICATE | 2 | 339 |
| NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATION RE PRIOR CONVICTION | 2 | 254 |
| PEOPLE'S EXHIBIT NO. 13 - COUNTY OF SAN DIEGO BOOKING AND PROPERTY RECORD | 2 | 219 |
| PEOPLE'S EXHIBIT NO. 14 - PRISON PACKET CR75335 | 2 | 221 |
| PEOPLE'S EXHIBIT NO. 15 - COMMITMENT SUMMARY D22639 | 2 | 229 |
| PEOPLE'S EXHIBIT NO. 16 - PRISON PACKET CR107662 | 2 | 238 |
| PEOPLE'S EXHIBIT NO. 17 - PRISON PACKET CR75335 | 2 | 245 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 13 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 15 |
| PROBATION OFFICER'S REPORT | 2 | 307 |
| PROBATION OFFICER'S REPORT - CORRECTED | 2 | 322 |
| SECOND AMENDED INFORMATION AND BY INTERLINEATION | 1 | 7 |
| VERDICT | 2 | 210 |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LEE V. QUILLAR,

Petitioner,

vs.

MATTHEW KRAMER, Warden,

Respondent.

Civil No. 08-0194 IEG (AJB)

**SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION**

Petitioner, Lee V. Quillar, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his conviction in San Diego Superior Court case No. SCE-171374. Thus, the case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PRIOR FEDERAL HABEAS PETITION DENIED ON THE MERITS**

On May 30, 2001, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 01cv0968 BTM (BEN). In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. SCE 171374 as well. On May 29, 2003, this Court denied the petition on the merits. (*See* Order filed May 29, 2003 in case No. 01cv0968 [Doc. No. 61].) Petitioner appealed that determination. On February 7, 2005, the Ninth Circuit Court of Appeals affirmed this Court's decision. (*See* Case No. 01cv0968 at Doc. No. 79.)

## INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. (See Pet. at 1.) Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**DATED: February 20, 2008**

Irma E. Gonzalez

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

## Other Orders/Judgments

3:08-cv-00194-IEG-AJB Quillar v. Kramer et al

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 4:55 PM PST and filed on 2/20/2008
**Case Name:** Quillar v. Kramer et al
**Case Number:** 3:08-cv-194
**Filer:**
**Document Number:** 3

**Docket Text:**
ORDER and summary dismissal of successive Petition pursuant to 28 USC 2244(b)(3)(A) Gatekeeper Provision. Court dismissed this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Signed by Judge Irma E. Gonzalez on 02/20/08. (jpp)

**3:08-cv-194 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:08-cv-194 Notice has been delivered by other means to:**

Lee V Quillar
D-22639
CSP-Sacramento
PO Box 950
Folsom, CA 95763

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/20/2008] [FileNumber=2430576-0
] [4c96db070145b87a0d97014f74c8f17cacf3a307f3cfa9dec2d3e72111873263762
8a842a7c7c7f7443e20fe076ffc36b2deb219c2ff30c216cf64639dc36815]]

16

AO 450 Judgment in a Civil Case

# United States District Court

**SOUTHERN DISTRICT OF CALIFORNIA**

Lee V. Quillar

V.

Matthew Kramer

**JUDGMENT IN A CIVIL CASE**

**CASE NUMBER:** 08CV0194-IEG(AJB)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the action is dismissed without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

February 20, 2008
Date

W. Samuel Hamrick, Jr.
Clerk

s/J. Petersen
(By) Deputy Clerk

ENTERED ON February 20, 2008

## Other Orders/Judgments

3:08-cv-00194-IEG-AJB Quillar v. Kramer et al

**U.S. District Court**

**Southern District of California**

### Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 5:00 PM PST and filed on 2/20/2008

**Case Name:** Quillar v. Kramer et al

**Case Number:** 3:08-cv-194

**Filer:**

**WARNING: CASE CLOSED on 02/20/2008**

**Document Number:** 4

**Docket Text:**
CLERK'S JUDGMENT IT IS SO ORDERED AND ADJUDGED that the action is dismissed without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.(jpp)

**3:08-cv-194 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:08-cv-194 Notice has been delivered by other means to:**

Lee V Quillar
D-22639
CSP-Sacramento
PO Box 950
Folsom, CA 95763

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/20/2008] [FileNumber=2430606-0
] [a9ba6bf73e806191089f240485b6eda0b47b59dccd93bb356a2c026dd030bd1aa84
959de6dff15add70638473892e3a59030a85f2d24f77ed0be4ce3cd0039cb]]

18.