Lee V. Quillar D-22639
P.O. BOX 950, 5BA227
FOLSOM, CA 95763

In Pro Per.

FILED
JUL 10 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY AKR DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR, Petitioner, v. MATTHEW KRAMER, Warden, Respondent.

Civil No. 08-0194 IEG (AJB)

**CERTIFICATE OF APPEALABILITY re ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B) [CIR.R 22-1]**

INTRODUCTION

Appellant Lee V. Quillar, hereby files this Certificate of Appealability for redress under his previously filed "Notice and Motion to File Second/Successive Petition for Writ of Habeas Corpus and Memorandum of Points and Authorities in Support thereof," and "Motion for Relief from Judgment"under Fed.R.Civ.Proc., rule 60(B).

STATEMENT OF APPEALABILTIY

This certificate addresses the district court's previous orders stating: A) it does not hold jurisdiction under 28 U.S.C. §2244(B)(2), although, 1) the herein claims could not have possibly been discovered earlier through the exercise of due diligence as "Egregious Fraud" has occurred,[1] and 2) if proved, appellant would establish by clear and convincing evidence that but for the error (fraud upon the court), no reasonable fact-finder would have found appellant guilty; and B) Appellant

1 Appellant has been litigating **non stop** since 2001.

Motion for Relief from Judgment was not adequately reviewed under the proper legal requirement under Fed.R.Civ.Proc., rule 60(B).

STATEMENT OF FACTS

On January 27, 2008, appellant filed a Notice and Motion to File Second/Successive Petition for Writ of Habeas Corpus. The motion fully satisfied the criteria as established under 28 U.S.C. §2244(B)(2).

On February 20, 2008, the above-entitled court denied appellant's motion stating it lacked jurisdiction. (Citing 28 U.S.C. 2244(B)(3), also, see Exhibit-A, attached.)

On May 29, 2008, appellant filed a Motion for Relief from Judgment under Fed.R.Civ.Proc., rule 60(B)(3), and 60(B)(6); so that he could 1) address the district court's "oversight" in failing to address the criteria under 28 U.S.C. 2244(B)(2), and 2) demonstrate how the district court holds jurisdiction under rule 60(B), based on fraud upon the court, as well as the "saving clause" under rule 60(B).(See Exhibit-B.)

Subsequently, the district court has now treated appellant's rule 60(B) motion as a successive petition, and has equally failed to review appellant's 60(B) motion appropriately under the legal requirement in light of the circumstances.[2] (Exhibit-C.)

ARGUMENT

I.

JURISDICTION IS PERMISSIBLE UNDER 28 U.S.C. § 2244(B)(2)

Before acting on its own initiative to dismiss a state prisoner's habeas petition as untimely, a court must accord the parties fair notice and opportunity to present their positions; the court must assure itself that the petitioner is not significantly prejudice by the delayed focus on the limitation issue, and determine whether the interest of justice would be better served by addressing the merits or by dismiss-

2 Appellant's motion addressed the court errors only.

ing the petition as time barred. (28 U.S.C.A. 2244(d)(1)(A).)

In the instant case, Fraud upon the court is not only clearly demonstrated, but, it is the direct caused of appellant having suffered the inability to present the issues before now. Appellant has been severely prejudiced, and based on egregious conduct on the part of judicial officials. (See declaration of Lee V. Quillar, Exhibit-D.)

Additional authority:

RULE 9: Delayed or Successive Petitions

A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grunds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constitutes an abuse of the writ.

The district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition, abrogating Scott V. Collins, 286 F.3d 923, and Nardi V. Stewart, 354 F.3d 1134. Morever, None of the claims within appellant's current writ have ever undergone review, base solely on the fraud upon the court. See Day v. McDonough, 547 U.S. 198, 126 S.Ct. 1675 (U.S. 2006). Based on the evidence, appellant strongly satisfies 28 U.S.C. 2244(B)(2), which allows the district court to review a second habeas corpus.

II.

MOTION FOR RELIEF FROM JUDGMENT, RULE 60(B)

After having been denied adequate review initially under 2244(B)(2), appellant clarified the record as he addressed the district court order stating it does not have jurisdiction based on 28 U.S.C. 2244(B)(3).

Appellant's motion was filed under 60(B)(3), and the Saving Clause

which also tailors to rule 60(B), permitting the court to entertain an independant action, irregards as to the AEDPA's limitations.

POINT ONE:

The proper application of rule 60(b) strikes a balance between serving the ends of justice and preserving the finality of judgments. (See House v. Secretary of Health and human Service, 688 F.2d 7, 9 (2d Cir. 1982). A motion seeking relief under the rule is addressed to the sound discretion of the district court. Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986); Matter of Emergency Beacon Corp., 666 F.2d 754, 760 (2d Cir. 1981)

POINT TWO:

Rule 60(b) defines fraud as both an expressed ground for relief under subsection (3) and a basis for relief via independant action under the saving clause. Fed.R.Civ.Proc. 60(b), Advisory Committee Notes.

Fraud on the court "defile[s] the court itself, or is fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." In re Levander, 180 F.3d 1114, 1119 (9th Cir. 1999).

Fraud on the court embraces the type of fraud that prevents a party from fully presenting his case. Luttrell v. United States, 644 F.2d 1274, at 1276 (9th Cir. 1980). (internal citations omitted).

Appellant's case correlates the legal requirements as setforth herein.

CONCLUSION

Based on the above, a certificate of appealability should issue.

Dated: July 3, 2008 Submitted By,

Lee V. Quillar-Appellant

# PROOF OF SERVICE BY MAIL

I Lee V. Quillar, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS; AND I AM ~~AM NOT~~ A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: D-22639

MY PRISON ADDRESS IS: **P.O. BOX 950, Folsom, Ca. 95763**

ON July 6, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

CERTIFICATE OF APPEALABILITY re ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT UNDER RULE 60(B)

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States District Court
Southern District of California
880 Front Street, Rm. 4290
San Diego, CA 92101-8900

Department of justice
110 West "A" Street, Ste., 1100
San Diego, CA 92101
Attn: Meagan Beale

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED July 6, 2008, AT FOLSOM, CALIFORNIA..

Lee V. Quillar

<signature here >

# EXHIBIT-A

LEE V. QUILLAR D-22639
P.O. BOX 950 5BA227
FOLSOM, CA 95763

In Pro Se.

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LEE V. QUILLAR,

Petitioner,

Vs.

MATTHEW KRAMER, WARDEN,

Respondent.

and

JERRY BROWN,
The Attorney General of the State
of California, Additional Respondent./

CASE No. ______________

**NOTICE AND MOTION TO FILE SECOND/SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Petitioner hereby files this motion to file second/successive petition for writ of habeas corpus based on new discovery that was not previously available which clearly demonstrate "cause and prejudice."

This motion falls under the standard of 28 U.S.C. §2244(b)(2); as: 1) the herein claims could not have been discovered earlier through the exercise of due diligence, and 2) once proved, no reasonable fact-finder would have found petitioner guilty.

The claims outlined in the accompanied petition equally satisfies 28 U.S.C. 2244(b)(3); as a prima facie showing demonstrates the violations and the procedural default based on government in-

terference. Based on the above authorities, petitioner submit the attached habeas corpus which fulfills all of the aforementioned statutes relevant to the Anti-Effective Death Penalty Act (AEDPA), and all other procedure bars.

I declare under the penalty of perjury that the foregoing is true and correct and that this declaration was executed at Represa, California on January 22, 2008.

Submitted by,

///

///

///

///

///

/S/ Lee V. Quillar
LEE V. QUILLAR-PETITIONER
In Pro Se.

# PROOF OF SERVICE BY MAIL

I, LEE V. QUILLAR, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS. AND I AM /[redacted] A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: D-22639

MY PRISON ADDRESS IS; **P.O. BOX 950, Folsom, Ca. 95763**

ON JANUARY 22, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT:

NOTICE AND MOTION TO FILE SECOND/SUCCESSIVE PETITION FOR WRIT OF HABEAS CORPUS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States Court of Appeals
For the Ninth Circuit
95 Seventh St.,
San Francisco, CA 94103-1526

United States District Court
Southern District of Californi
880 Front St., Rm 4290,
San Diego, CA 92101-8900

California Department of Justice
110 West "A" St., Ste., 1100
San Diego, CA 92186
Meagan Beale, Attorney General

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED JANUARY 22, 2008, AT FOLSOM, CALIFORNIA..

Lee V. Quillar
<signature here>

By, LEE V. QUILLAR-PETITIONER

# EXHIBIT-B

LEE V. QUILLAR D-22639
P.O. BOX 950, 5BA227
FOLSOM, CA 95763

In Pro Per.

UNITED STATES DISTICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

Movant,

vs.

MATTHEW KRAMER, Warden,

Respondent. /

Case No. CV-08-0194 IEG (AJB)

**NOTICE AND MOTION FOR RELIEF FROM JUDGMENT UNDER Fed.R.Civ. Proc. 60(B)**

This rule 60(B) motion is being filed to correct an error in the February 20, 2008 order under the above case number.

Said ruling barred the above movant to proceed under his 28 U.S.C. 2254 habeas corpus under 28 U.S.C. 2244(b)(2). Based on the issues presented and the claims that were raised under said petition; the above entitled court in fact hold jurisdiction under 28 U.S.C. 2254, pursuant to 2244(b)(2); and Fed.R.Civ. Proc., rule 60 (B)(3) and rule 60(B)(6); as "fraud upon the court" is the standard that applies under the instant case.

This motion further demonstrate the grounds that apply which requires the above court to excuse the movant as being untimely under the AEDPA'S one-year statutory limitations.

This motion addresses the following:

1) Pursuant to rule 60(B)(3) and rule 60(B)(6); the herein

movant has "strongly satisfied the criteria" that permits him to file a "second petition for writ of habeas corpus," based on **"egregious fraud," misrepresentation and misconduct of an adverse party**, as provided for under rule 60(B)(3);

2) The record shows that the movant has "gravely suffered" base on the fraud upon the court;

3) Movant has demonstrated enormous due diligence in his attempt to remedy and prove his previously filed claims;

4) No court has addressed the movant's legal arguments under any previously filed petition;

5) Movant has clearly satisfied the requirement as "egregious fraudulent conduct" has occurred, and is the direct cause necessitating the need to have the court grant leave to file a second petition for writ of habeas corpus; and,

6) The above-entitled court actually hold jurisdiction to review movant's newly discovered evidence under the authority that he relies upon.

**HISTORY**

In August 2004, movant for the very first time discovered that while he was undergoing mental health treatment in the county jail, the court, the district attorney, movants trial counsels', and the court clerks held several fictitious hearings and falsified various minute orders to make it appear as if movant was present in court. (Appendix-A, pp. 1-3.)

After attempting to have the actual reporter transcripts relinquished, movant was denied the ascertainment of such transcript by the same parties who caused the fraud. (Appnd, pp. 4-8.)

Although the law mandates that every marsden hearing becomes

a permanent part of the record, movant was deprived of his transcript, quite clearly, based on the fraudulent conduct perpetrated by the court. (Appnd, pp. 9-13.)

This has caused movant to be deprived of the means to address such issues before now.

**STATEMENT OF FACTS**

On January 22, 2008 movant "properly filed" a petition for writ of habeas corpus under 28 U.S.C. 2254. The petition raised several "newly discovered claims" that could not have been discovered through due diligence based on severe fraud upon the court.

After discovering such, the herein movant filed the above-mentioned habeas corpus which satisfied the criteria under 28 U.S.C. 2244(b)(2); which permits (and in the instant case commands) that the procedural bar be excused.

However, the above court dismissed the writ under 28 U.S.C. 2244(b)(3)(A). Given the circumstances, the above-entitled court in fact does hold jurisdiction based on the following paragraph.

**LEGAL REQUIREMENT**

**A. STANDARD GOVERNING RELIEF FROM A JUDGMENT OR ORDER UNDER 60(B)**

Rule 60(B) provides that a court may relieve a party from the effect of a judgment or order "[o]n motion and upon such terms as are just...for the following reasons: (1) Mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) **fraud, misrepresentation, or other misconduct of an adverse party;** (4) the judgment is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise va-

cated, or it is no longer equitable that the judgment should have prospective application; or (6) **any other reason justifying relief from the operation of he judgment.**" (Fed.R.Civ.Proc, rule 60(B).)

**B. AVAILABILITY OF RELIEF UNDER RULE 60(B)(3)**

Clear and present fraud has been demonstrated, which is the proximate cause hampering movant of the ability to have submitted his claims under a full and fair hearing previously.

The saving clause under rule 60(b), does not limit the power of the court to entertain an independent action. Thus, the above court holds jurisdiction to permit movant leave to file a second petition for writ of habeas corpus.

Therefore, the court erred by: 1) not ruling on movant's properly filed motion; and 2) not applying the proper standard of review. (See court's denial, pp 14-18.)

Based on the above, movant is currently addressing the ORDER filed February 20, 2008, as an error in judgment, based on fraud upon the court as demonstrated in the accompanied Affidavit/Declaration.

**CONCLUSION**

Movant should be granted leave to bypass the bar under AEDPA'S Gatekeeper Provision under 28 U.S.C. 2244(b)(3)(A); as the court holds jurisdiction to review movant's claims under his previously filed motions and petition.

Dated: May 29, 2008

Submitted by,

Lee V. Quillar/Movant

///

///

///

///

# CERTIFICATE OF SERVICE

CASE NAME: QUILLAR v. KRAMER

CASE NO.: 08CV0194-IEG(AJB)

IMPORTANT: You must send 2 copy(s) of ALL documents filed with the court and any attachments to counsel for ALL parties in this case. You must also file a certificate of service with this court telling us that you have done so. You may use this certificate of service as a master copy, and fill in the title of the document you are filing. Please list below the names and addresses of the parties who were sent a copy of your document and the dates on which they were served. Be sure to sign the statement below. You must attach a copy of the certificate of service to each of the copies and the copy you file with the court.

I certify that a copy of the NOTICE AND MOTION FOR RELIEF FROM JUDGMENT UNDER F.R.C.P., 60(B)
(name of document)

and any attachments was served, either in person or by mail,

on the persons listed below.

Lee V. Quillar

SIGNATURE

| Name | Address | Date served |
|---|---|---|
| United States District Court<br>Southern District of California<br>880 Front Street, Rm., 4290<br>San Diego, CA 92101-8900 | | May 29, 2008 |
| Department of Justice<br>110 West "A" St., Ste., 1100<br>San Diego, CA 92101 | | May 29, 2008 |

APPENDIX IN SUPPORT OF MOTION
FOR RELIEF FROM JUDGMENT UNDER
RULE 60(B) PAGES 1-18

ECS

CR SCE171374 DA P8001801

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

0346

DATE 07-10-96 AT 01:25 M. 96139457 ARR ON INFORMATION

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER CARLUCCI, ROBERT 5552 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA

VS. Koster

DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V B - S.TARANTINO relieved

DEFENDANT ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) Ct1 PC245(a)(1) Ct2 PC236/237 Ct3

Alleg: PC12022(b) Ct3 Priors: 2 Strike: 2 S/F: 2 INTERPRETER SWORN LANGUAGE

**ARRAIGN**

☒ DEFENDANT ☒ ~~NOT~~ PRESENT ☐ VIA AUDIO/VISUAL ☒ ARRAIGNED, FURNISHED WITH A TRUE COPY OF INFORMATION/~~INDICT~~

☒ READING WAIVED. ☒ TRANSCRIPT FURNISHED/~~WAIVED~~ FOR ARRAIGNMENT. ☒ DEFENDANT ADVISED OF RIGHTS.

DEFENDANT PLEADS ☒ NOT GUILTY ☐ NOT GUILTY BY REASON OF INSANITY. ☐ OTHER:

☐ DRS.

DEFENDANT ☐ ADMITS ☒ DENIES PRIOR FELONY CONVICTIONS/ALLEGATIONS. AF ... NTED.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ THIS CASE ONLY.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $

**FUTURE HRNGS**

☒ DEFENDANT WAIVES STATUTORY TIME FOR TRIAL. ☐ JURY WAIVED BY DEFENDANT.

READINESS CONFERENCE SET FOR 8/14/96 AT 9:30 IN DEPARTMENT B 13

TRIAL SET FOR [redacted] [redacted] 8/26/96 AT 9:00 IN DEPARTMENT B DAYS LEFT [redacted]

BAIL REVIEW SET FOR AT IN DEPARTMENT ☐ PTS ORDERED

MOTIONS DUE 7/24/96

CONTINUED TO/SET FOR AT IN DEPT.

ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

**WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO

☐ BENCH WARRANT ISSUED/ORDERED IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ BOND NO.

BOND COMPANY AGENT

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON AT IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON AT IN DEPARTMENT

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

OTHER: Public Defenders Office is relieved.
Defendant is pro per.
Sheriff is ordered to give the defendant pro per privileges.

1.

Herbert J. Exarhos

2

ECS

SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE 08-14-96 AT 09:30 M. 96139457 SUP READINESS CONF 0347

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

G. Bennett
DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V P - PROPER
DEFENDANT
ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ____ SWORN/CERT
LANGUAGE ____

**READINESS**

DEFENDANT ☒ ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE ____ REMAINS AS SET/CONFIRMED/VACATED.
☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ____.
☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS
☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:
☐ GUILTY OF THE OFFENSE:
☐ PEOPLE V. WEST PLEA.
☐ COUNSEL & DEFT. STIP. TO PRELIM.
TRANS. AS FACTUAL BASIS OF PLEA.
☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ____ REMAINING IS/ARE DISMISSED FOJ/VOP.
☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ____ REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000-.
☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.
☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ____.

**FUT HRGS**

☐ DEFT'S WAIVERS: ☐ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.
Hrg re pro per privileges IS SET FOR/CONT'D/TRAILED TO 8-20-96 AT 9:30
IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT.
DAYS LEFT ____

**BONDS WARRANTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ____
☐ BENCH WARRANT ISSUED/ORDERED ____ IS RECALLED/RESCINDED.
☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ____. BOND NO. ____
BOND COMPANY ____ AGENT ____
☐ BOND FORFEITURE OF ____ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ____ W/IN 30 DAYS.

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ____ AT ____
IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON ____ AT ____ IN DEPARTMENT ____.
☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**PROBTN REFRL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ____.
☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY

OTHER: Matt-Coffin Counsel - [redacted]
[redacted] is appointed as advisory counsel (notified K.C. 8-14-96)
Elizabeth Barranco
Sheriff's representative is ordered to be present on 8-20-96 - Charles Erwin notified

2.

[signature]

ECS

SCE171374 DA P8001801 SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-20-96 AT 09:30 M. 96139457 SUP READINESS CONF 0348

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK M. C. del Toro REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA VS. G. Bennett DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V DEFENDANT P - PROPER Elizabeth Barranco ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ______ SWORN/CERT
LANGUAGE ______

**READINESS**

- [X] DEFENDANT ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE 8-26-96 REMAINS AS SET/CONFIRMED/(VACATED).
- ☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ______
- ☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS
  - ☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:
  - ☐ GUILTY OF THE OFFENSE:
- ☐ PEOPLE V. WEST PLEA.
- ☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.
- ☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ______ REMAINING IS/ARE DISMISSED FOJ/VOP.
- ☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ______ REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

- [X] DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL [X] WITH BAIL SET AT $ 30,000.
- ☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.
- ☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.
- ☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______.

**FUT HRGS**

- [X] DEFT'S WAIVERS: [X] STATUTORY TIME PRON. JUDGMENT/(TRIAL) ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.
  Trial IS SET FOR/CONT'D/TRAILED TO 9-30-96 AT 9:00 am
  IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT 10

**BONDS WRRNTS**

- ☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______.
- ☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.
- ☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______. BOND NO. ______
- BOND COMPANY ______ AGENT ______
- ☐ BOND FORFEITURE OF ______ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ______ W/IN 30 DAYS.

**MH**

- ☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______ IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
  HEARING ON ______ AT ______ IN DEPARTMENT ______.
- ☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**PROBTN REFRRL**

- ☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ______
- ☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.
- ☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.
- ☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:
  ☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

OTHER: Further readiness 9-24-96 930 Dept B
Defendant withdraws his pro per status. Court grants deft request. Elizabeth Barranco is appointed as attorney of record.

3. Herbert Exarhos

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>LEE VIRT QUILLAR,<br><br>Defendant. | SCE 171374<br><br>ORDER DENYING REQUEST FOR TRANSCRIPTS |

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

Defendant seeks transcripts regarding the above-referenced case, but has not provided any factual basis for that request. The Defendant is not entitled to free transcripts for the purpose of searching the record to find possible grounds on which to assert a claim for collateral relief. He must show a "reasonably compelling need for the specific documentary evidence." (*Chavez v. Sigler* (8th Cir. 1971) 438 F.2d 890. See also *Bentley v. United States* (6th Cir. 1970) 431 F.2d 250; *Walker v. United States* (5th Cir. 1970) 424 F.2d 278; *Muller v. Municipal Court* (1968) 259 Cal.App.2d 177.)

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

Accordingly, before the court is required to order transcripts at public expense, the

indigent defendant must file a motion demonstrating a colorable need for the transcripts to support the substantive allegations of the particular petition. The court in *Miller v. Hamm* (1970) 9 Cal.App.3d 860, 871, held that "the federal Courts of Appeal appear to uniformly hold that where a petitioner has failed to avail himself of an appeal and further fails to specify in what respect a reporter's transcript is in fact necessary to rectify an invasion of a fundamental right, his entitlement to a free reporter's transcript, has not been made out. One is not entitled to a free reporter's transcript, they hold, merely to 'comb the record in hope of discovering some flaw' to raise on collateral review. (*McGarry v. Fogliani* (9th Cir. 1966) 370 F.2d 42, 44; accord: *United States v. Shoaf*, supra, 341 F.2d 832; *Harless v. United States* (5th Cir. 1964) 329 F.2d 397, 398-399; *Culbert v. United States* (8th Cir. 1964) 325 F.2d 920, 921-922.)"

In this case, Defendant requests a copy of the transcripts based on the claim that he intends to file a petition for a writ of habeas corpus. However, Defendant has not provided any factual basis for the request for the transcripts. Without a showing of a specific need for the transcript, a Defendant is not entitled to receive them at the public's expense. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

In addition, the Defendant filed an appeal in this action. The Defendant through his appellate counsel has received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

Accordingly, the Defendant's request for copies of transcripts from all prior proceedings is hereby DENIED.

IT IS SO ORDERED.

DATED: NOV 1 3 2002

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

F I L E D
Clerk of the Superior Court

AUG 1 1 2003

By: M.C. del TORO, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN DIEGO, EAST COUNTY DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF:<br><br>LEE VIRT QUILLAR,<br><br>Defendant. | SCE 171374<br><br>ORDER DENYING REQUEST FOR TRANSCRIPTS |

THIS COURT, HAVING READ AND CONSIDERED THE REQUEST FOR COPIES OF TRANSCRIPTS, FINDS AS FOLLOWS:

On November 13, 2002, the Court denied the Defendant's previous request for transcripts. The Court is now in receipt of a second motion for transcripts. The Defendant's basis for the present motion is the same as previously addressed by the Court in the November 13, 2002, order.

Factual specificity and particularity are required when seeking a reporter's transcript or any other material from the file at the taxpayers' expense. Defendant is not entitled to such material merely to comb the record for error. *United States v. MacCollom* (1976) 426 U.S. 317; *Miller v. Hamm* (1970) 9 Cal.App.3d 860.

As the Court has previously addressed the Defendant's justification for requesting free transcripts and the Defendant has not provided any new factual basis for the request for the transcripts, the Defendant has not shown good cause to renew his request for a free copy of

a 7.

the reporter's transcript from the court hearings. The Defendant is not entitled to a free copy of the transcripts in order to "comb the record for error."

In addition, the Defendant through his appellate counsel has already received copies of the court transcripts in connection with his appeal. Therefore, the Defendant can contact his appellate counsel to request those transcripts. The Defendant is not entitled to more than one free copy at taxpayer's expense.

With all of this being said, right of access of the Defendant is not being denied. However, right of access is not the same as a right to have the County of San Diego pay to make copies of transcripts and/or documents from the file. Defendant has the right, as does any member of the public, to review this file and to request that copies be made of whatever documents are contained therein. The requesting party bears the cost of making copies or producing transcripts and there is no legal authority requiring the taxpayer to subsidize this expense when a substantial need for the documents has not been shown.

Accordingly, the Defendant's request for a free copy of the court transcripts is DENIED.

**IT IS SO ORDERED.**

DATED: AUG 1 1 2003

HERBERT J. EXARHOS
JUDGE OF THE SUPERIOR COURT

The foregoing instrument is a full, true and correct copy of the original on file in this office.

Attest: AUG 1 1 2003

Clerk of the Superior Court of the State of California, in and for the County of San Diego.

By ______________ Deputy

# SUPERIOR COURT - STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO

| | |
|---|---|
| PEOPLE OF THE STATE OF CALIFORNIA,<br>Plaintiff<br>vs.<br>LEE VIRT QUILLAR<br><br>Defendant | CASE NUMBER SCE171374 |

9.

MASTER CHRONOLOGICAL INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| INFORMATION | 1 | 1 |
| AMENDED INFORMATION | 1 | 4 |
| SECOND AMENDED INFORMATION AND BY INTERLINEATION | 1 | 7 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 10 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 13 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 15 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 17 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, WITHDRAWN BY STIPULATION - REQUESTED BY DEFENDANT, WITHDRAWN BY STIPULATION | 1 | 20 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, NOT GIVEN - REQUESTED BY DEFENDANT, NOT GIVEN | 1 | 44 |
| JURY INSTRUCTIONS - REQUESTED BY DEFENDANT, REFUSED | 1 | 56 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, REPLACED WITH FINAL DRAFT | 1 | 59 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN - REQUESTED BY DEFENDANT, GIVEN | 1 | 80 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN TO JURORS FOR THEIR USE DURING DELIBERATIONS - REQUESTED BY DEFENDANT, GIVEN | 1 | 141 |
| JURY NOTE NO. 1 | 2 | 202 |
| JURY NOTE NO. 2 | 2 | 203 |
| JURY NOTE NO. 3 | 2 | 204 |
| JURY NOTE NO. 4 | 2 | 205 |
| JURY NOTE NO. 5 | 2 | 207 |
| JURY NOTE NO. 6 | 2 | 208 |
| JURY NOTE NO. 7 | 2 | 209 |


10.

MASTER CHRONOLOGICAL INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| VERDICT | 2 | 210 |
| PEOPLE'S EXHIBIT NO. 13 - COUNTY OF SAN DIEGO BOOKING AND PROPERTY RECORD | 2 | 219 |
| PEOPLE'S EXHIBIT NO. 14 - PRISON PACKET CR75335 | 2 | 221 |
| PEOPLE'S EXHIBIT NO. 15 - COMMITMENT SUMMARY D22639 | 2 | 229 |
| PEOPLE'S EXHIBIT NO. 16 - PRISON PACKET CR107662 | 2 | 238 |
| PEOPLE'S EXHIBIT NO. 17 - PRISON PACKET CR75335 | 2 | 245 |
| COURT'S EXHIBIT NO. F - LETTER TO COURT FROM DEFENDANT | 2 | 250 |
| COURT'S EXHIBIT NO. G - LETTER TO COURT FROM DEFENDANT | 2 | 252 |
| EXHIBIT LIST | 2 | 253 |
| NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATION RE PRIOR CONVICTION | 2 | 254 |
| ABSTRACT OF JUDGMENT | 2 | 306 |
| PROBATION OFFICER'S REPORT | 2 | 307 |
| PROBATION OFFICER'S REPORT - CORRECTED | 2 | 322 |
| NOTICE OF APPEAL | 2 | 337 |
| NOTICE OF APPEAL - DUPLICATE | 2 | 339 |
| MINUTES | 2 | 346 |

# MASTER ALPHABETIC INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| ABSTRACT OF JUDGMENT | 2 | 306 |
| AMENDED INFORMATION | 1 | 4 |
| COURT'S EXHIBIT NO. F - LETTER TO COURT FROM DEFENDANT | 2 | 250 |
| COURT'S EXHIBIT NO. G - LETTER TO COURT FROM DEFENDANT | 2 | 252 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 10 |
| DEFENDANT'S REQUESTED JURY INSTRUCTIONS | 1 | 17 |
| EXHIBIT LIST | 2 | 253 |
| INFORMATION | 1 | 1 |
| JURY INSTRUCTIONS - REQUESTED BY DEFENDANT, REFUSED | 1 | 56 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN - REQUESTED BY DEFENDANT, GIVEN | 1 | 80 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, GIVEN TO JURORS FOR THEIR USE DURING DELIBERATIONS - REQUESTED BY DEFENDANT, GIVEN | 1 | 141 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, NOT GIVEN - REQUESTED BY DEFENDANT, NOT GIVEN | 1 | 44 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, REPLACED WITH FINAL DRAFT | 1 | 59 |
| JURY INSTRUCTIONS - REQUESTED BY PLAINTIFF, WITHDRAWN BY STIPULATION - REQUESTED BY DEFENDANT, WITHDRAWN BY STIPULATION | 1 | 20 |
| JURY NOTE NO. 1 | 2 | 202 |
| JURY NOTE NO. 2 | 2 | 203 |
| JURY NOTE NO. 3 | 2 | 204 |
| JURY NOTE NO. 4 | 2 | 205 |
| JURY NOTE NO. 5 | 2 | 207 |
| JURY NOTE NO. 6 | 2 | 208 |
| JURY NOTE NO. 7 | 2 | 209 |
| MINUTES | 2 | 346 |

MASTER ALPHABETIC INDEX


| INDEX ENTRY | VOL. | PAGE |
|---|---|---|
| NOTICE OF APPEAL | 2 | 337 |
| NOTICE OF APPEAL - DUPLICATE | 2 | 339 |
| NOTICE OF MOTION AND MOTION TO STRIKE ALLEGATION RE PRIOR CONVICTION | 2 | 254 |
| PEOPLE'S EXHIBIT NO. 13 - COUNTY OF SAN DIEGO BOOKING AND PROPERTY RECORD | 2 | 219 |
| PEOPLE'S EXHIBIT NO. 14 - PRISON PACKET CR75335 | 2 | 221 |
| PEOPLE'S EXHIBIT NO. 15 - COMMITMENT SUMMARY D22639 | 2 | 229 |
| PEOPLE'S EXHIBIT NO. 16 - PRISON PACKET CR107662 | 2 | 238 |
| PEOPLE'S EXHIBIT NO. 17 - PRISON PACKET CR75335 | 2 | 245 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 13 |
| POINTS AND AUTHORITIES IN SUPPORT OF REQUESTED LESSER INCLUDED OFFENSE INSTRUCTIONS | 1 | 15 |
| PROBATION OFFICER'S REPORT | 2 | 307 |
| PROBATION OFFICER'S REPORT - CORRECTED | 2 | 322 |
| SECOND AMENDED INFORMATION AND BY INTERLINEATION | 1 | 7 |
| VERDICT | 2 | 210 |

Case 3:08-cv-00194-IEG-AJB Document 3 Filed 02/20/2008 Page 1 of 2

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LEE V. QUILLAR, Petitioner, vs. MATTHEW KRAMER, Warden, Respondent. | Civil No. 08-0194 IEG (AJB) **SUMMARY DISMISSAL OF SUCCESSIVE PETITION PURSUANT TO 28 U.S.C. § 2244(b)(3)(A) GATEKEEPER PROVISION** |

Petitioner, Lee V. Quillar, a state prisoner proceeding pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The instant Petition is not the first Petition for a Writ of Habeas Corpus Petitioner has submitted to this Court challenging his conviction in San Diego Superior Court case No. SCE-171374. Thus, the case is summarily dismissed pursuant to 28 U.S.C. § 2244(b)(3)(A) as indicated below.

**PRIOR FEDERAL HABEAS PETITION DENIED ON THE MERITS**

On May 30, 2001, Petitioner filed in this Court a Petition for Writ of Habeas Corpus in case No. 01cv0968 BTM (BEN). In that petition, Petitioner challenged his conviction in San Diego Superior Court case No. SCE 171374 as well. On May 29, 2003, this Court denied the petition on the merits. (*See* Order filed May 29, 2003 in case No. 01cv0968 [Doc. No. 61].) Petitioner appealed that determination. On February 7, 2005, the Ninth Circuit Court of Appeals affirmed this Court's decision. (*See* Case No. 01cv0968 at Doc. No. 79.)

Case 3:08-cv-00194-IEG-AJB Document 3 Filed 02/20/2008 Page 2 of 2

## INSTANT PETITION BARRED BY GATEKEEPER PROVISION

Petitioner is now seeking to challenge the same conviction he challenged in his prior federal habeas petition. (See Pet. at 1.) Unless a petitioner shows he or she has obtained an Order from the appropriate court of appeals authorizing the district court to consider a successive petition, the petition may not be filed in the district court. *See* 28 U.S.C. § 2244(b)(3)(A). Here, there is no indication the Ninth Circuit Court of Appeals has granted Petitioner leave to file a successive petition.

## CONCLUSION

Because there is no indication Petitioner has obtained permission from the Ninth Circuit Court of Appeals to file a successive petition, this Court cannot consider his Petition. Accordingly, the Court **DISMISSES** this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

**IT IS SO ORDERED.**

**DATED: February 20, 2008**

Irma E. Gonzalez

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

**Other Orders/Judgments**

3:08-cv-00194-IEG-AJB Quillar v. Kramer et al

**U.S. District Court**

**Southern District of California**

## Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 4:55 PM PST and filed on 2/20/2008

**Case Name:** Quillar v. Kramer et al
**Case Number:** 3:08-cv-194
**Filer:**
**Document Number:** 3

**Docket Text:**
ORDER and summary dismissal of successive Petition pursuant to 28 USC 2244(b)(3)(A) Gatekeeper Provision. Court dismissed this action without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals. Signed by Judge Irma E. Gonzalez on 02/20/08. (jpp)

**3:08-cv-194 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:08-cv-194 Notice has been delivered by other means to:**

Lee V Quillar
D-22639
CSP-Sacramento
PO Box 950
Folsom, CA 95763

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/20/2008] [FileNumber=2430576-0
] [4c96db070145b87a0d97014f74c8f17cacf3a307f3cfa9dec2d3e72111873263762
8a842a7c7c7f7443e20fe076ffc36b2deb219c2ff30c216cf64639dc36815]]

16

Case 3:08-cv-00194-IEG-AJB Document 4 Filed 02/20/2008 Page 1 of 1



# United States District Court

**SOUTHERN DISTRICT OF CALIFORNIA**

Lee V. Quillar

V.

**JUDGMENT IN A CIVIL CASE**

Matthew Kramer

**CASE NUMBER:** 08CV0194-IEG(AJB)

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS ORDERED AND ADJUDGED that the action is dismissed without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.

February 20, 2008
Date

W. Samuel Hamrick, Jr.
Clerk

s/J. Petersen
(By) Deputy Clerk

ENTERED ON February 20, 2008

## Other Orders/Judgments

3:08-cv-00194-IEG-AJB Quillar v. Kramer et al

**U.S. District Court**

**Southern District of California**

### Notice of Electronic Filing

The following transaction was entered on 2/20/2008 at 5:00 PM PST and filed on 2/20/2008

**Case Name:** Quillar v. Kramer et al
**Case Number:** 3:08-cv-194
**Filer:**
**WARNING: CASE CLOSED on 02/20/2008**
**Document Number:** 4

**Docket Text:**
CLERK'S JUDGMENT IT IS SO ORDERED AND ADJUDGED that the action is dismissed without prejudice to Petitioner filing a petition in this court if he obtains the necessary order from the Ninth Circuit Court of Appeals.(jpp)

**3:08-cv-194 Notice has been electronically mailed to:**
Attorney General docketingsdawt@doj.ca.gov

**3:08-cv-194 Notice has been delivered by other means to:**

Lee V Quillar
D-22639
CSP-Sacramento
PO Box 950
Folsom, CA 95763

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1106146653 [Date=2/20/2008] [FileNumber=2430606-0
] [a9ba6bf73e806191089f240485b6eda0b47b59dccd93bb356a2c026dd030bd1aa84
959de6dff15add70638473892e3a59030a85f2d24f77ed0be4ce3cd0039cb]]

18.

# EXHIBIT-C

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

LEE V. QUILLAR,

Petitioner,

vs.

MATTHEW KRAMER, Warden,

Respondent.

Civil No. 08-0194 IEG (AJB)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

**(Doc. No. 6.)**

On February 20, 2008, the Court dismissed petitioner Lee V. Quillar's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court summarily dismissed the instant petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A) because petitioner had already unsuccessfully challenged his state court conviction in case No. 01cv0968 BTM (BEN).

On June 4, 2008, petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner asserts he has shown fraud upon the court in obtaining his original conviction. Even if petitioner's assertions were true, this Court may not consider a successive petition without authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).

//

//

//

//

//

Accordingly, the Court hereby DENIES petitioner's motion for relief from judgment. The case shall remained closed.

**IT IS SO ORDERED.**

**DATED: June 23, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

# EXHIBIT-D

LEE V. QUILLAR D-22639
P.O. BOX 950, 5BA227
FOLSOM, CA 95763

In PRO Se.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE<br><br>LEE V. QUILLAR<br><br>AFFIANT/DECLARANT<br><br>ON SUPPORTING DECLARATION. | Case No. CV-08-0194 IEG (AJB)<br><br>**DECLARATION OF LEE V. QUILLAR re FRAUD UPON THE COURT** |

LEE V. QUILLAR declares under penalty of perjury:

1. I am the declarant in the above-entitled case. I make this declaration in support of the enclosed motion/petition.

2. After having discovered that multiple court hearings were held without declarant's knowledge, consent, or presence, I began to try to secure the actual "reporter's transcripts" to hearings that: A) stripped him of counsel; B) forced him into self-representation; C) waived his trial dates; D) appointed "Co-Counsel" to his self-representation status; and E) dismissed "Co-Counsel" and alleged that declarant withdrew his self-representation request.

3. Minute orders were fraudulently designed to make it appear as if declarant was present in court and requested the events as described above. (See Appendix, pp. 12-14.)

4. After having been denied "twice" by the same judicial officer who endorsed the fraudulent minute orders after requesting the

reporters transcripts, declarant attempted to pay for the transcripts. (Appnd, pp. 1-2.)

5. On or about April 13, 2007, declarant received a letter from one of the court reporter's who processed the minute orders, who alleged that the reporter's transcripts "are unable to be produced based on Government Code section 69955(e). (p. 3.)

6. An associate of declarant who offered to assist declarant with the court fees, also personally went to the El Cajon Superior Court in order to pay for the the reporter's transcripts. However, a computer printout was given to her and she was told that the actual transcripts are in storage. (p. 4-7.)

7. On April 18, 2007, declarant mailed letter to court reporters Tammy L. Nielsen and Nina Burns (p. 8-9.)

8. On June 24, 2007, declarant wrote a letter to the Department of Justice under Government Code section 6253. Declarant attached each of the minute orders as attachments. (pp. 10-14.)

9. On April 25, 2007, the El Cajon Superior Court Reporter, served declarant with another letter, again, stating the marsden hearing transcripts are unable to be produced. (p. 15.)

10. On May 7, 2007, declarant mailed another letter to the Department of Justice in his attempt to pay for the transcripts based on (then) having access of having his associate willing to pay the fees. (p. 16.)

11. Declarant received a letter from Attorney General Meagan Beale, (dated May 16, 2007) informing him that no application is needed to purchase transcripts. (p. 17.)

12. On May 27, 2007, declarant wrote another letter requesting the actual transcripts to the fabricated minute orders. (p. 18.)

13. On June 6, 2007, A.G. Meagan Beale responded now stating the marsden hearing transcripts "are not" contained in the normal record on appeal, and <u>are not contained in the files of this case</u>. (p.19.)

14. On June 29, 2007, A.G. Meagan Beale sent an additional letter to declarant, again, stating that the marsden hearing documents are not contained in the transcripts. (p.20.)

15. On July 20, 2007, declarant filed a Government claim with the Victims Compensation Government Claim Board. (pp. 21-26.)

16. After exhausting his state remedies, declarant then filed a civil complaint under California Civil Procedure §425.12. (pp. 27-29.)

17. **Only then**, subsequently on January 11, 2008 (letter dated January 11, <u>2007</u> is an error), did the Superior Court mail declarant a letter stating: **"it has since been determined that the reporter transcripts CAN BE PRODUCED re the August 14, 1996 and August 20, 1996 hearing.** Bob Carlucci is deceased. His notes are not available, and no transcript can now be produced for July 10, 1996." (p. 30.)

18. **Again**, on April 18, 2008, the Superior Court sent another letter now stating: "some paper notes of Mr. Carlucci's have come to light, and it has been determined that a transcript can now be produced for **<u>July 10, 1996</u>** (approximately six pages). (p. 31.)

19. Knowing good and well that he <u>did not</u> attend "any of the alleged hearings," declarant has no idea if the reporters have designed reporters transcripts at this point, or if the alleged transcripts are the ones that shows the actual events of the alleged hearings as declarant cannot afford them at this point.

20. Declarant has literally been in pursue of the hearing evidence for four years in regards to the fictitious hearings, and six years regarding having his trial counsel falsify investigation reports. Based on the parties involved and how they have each banned together, declarant has had to endure an enormous amount of blatant abuse.

21. Although the California Rules of Court, rule 8.328, is clear in its language. None of safeguards have ever been applied under the instant case.

22. Declarants case was still open in 2002 thru 2004, and as demonstrated, he has done all that is humanly possible to gain access to documents that were supposively to have became a part of the record automatically. However, based on the fraud that has occurred, declarant has been made to continue to be denied his most basic rights.

I declare under the penalty of perjury that the foregoing is true and correct except as to matters stated on information and belief, and as to those, I believe them to be true.

EXECUTED at Represa, California. On May 29, 2008.

Submitted by,

Lee V. Quillar

Lee V. Quillar/Declarant

///

///

///

///

///

///

///

///

///

# PROOF OF SERVICE BY MAIL

I LEE V. QUILLAR, AM A RESIDENT OF FOLSOM STATE PRISON IN THE COUNTY OF SACRAMENTO, STATE OF CALIFORNIA. I AM OVER THE AGE OF 18 YEARS, AND I AM /AM NOT A PARTY TO THIS ACTION.

MY PRISON NUMBER IS: D-22639

MY PRISON ADDRESS IS; **P.O. BOX 950, Folsom, Ca. 95763**

ON May 29, 2008, I SERVED A COPY OF THE FOLLOWING DOCUMENT: DECLARATION OF LEE V. QUILLAR re FRAUD UPON THE COURT

ON THE FOLLOWING PARTIES BY PLACING THE DOCUMENTS IN A SEALED ENVELOPE WITH POSTAGE FULLY PAID, IN THE UNITED STATES MAIL, IN A DEPOSIT BOX SO PROVIDED AT FOLSOM STATE PRISON (MAILBOX RULE), FOLSOM, CALIFORNIA, ADDRESSED AS FOLLOWS:

United States District Court
Southern District of California
880 Front St., Rm., 4290
San Diego, CA 92101-8900

Department of Justice
110 West "A" St., Ste. 1100
San Diego, CA 92101

THERE IS DELIVERY SERVICE BY THE UNITED STATES MAIL AT THE PLACE SO ADDRESSED, AND/OR THERE IS REGULAR COMMUNICATION BY MAIL BETWEEN THE PLACE OF MAILING AND THE PLACE SO ADDRESSED.

I DECLARE UNDER THE PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

EXECUTED May 29, 2008, AT FOLSOM, CALIFORNIA..

Lee V. Quillar
<signature here >

By, Lee V. Quillar

# *APPENDIX IN SUPPORT OF DECLARATION OF LEE V. QUILLAR Re FRAUD UPON THE COURT PAGES 1 thru 31*

LEE V. Quillar D-22639
P.O. Box 921 C-4 217
Imperial, CA 92251

IN PRO PER.

FILED
Clerk of the Superior Court

APR 10 2007

T. Lehman, COC
EAST COUNTY DIVISION

IN THE CALIFORNIA SUPERIOR COURT
COUNTY OF SAN DIEGO - EAST DIVISION

Lee V. Quillar,
Movant.

ON MOTION for Transcripts. /

CASE NO. SCE171374

NOTICE AND MOTION FOR TRANSCRIPTS AND ESTIMATE COST

NOTICE IS HEREBY GIVEN that the above-named movant is hereby requesting the follow transcripts by virtue of Cal. Rule of Court, rule 5(c) and (d).

1) The Marsden motion and all admonishments made in reference to the hearing held on July 10, 1996. A) Reporter: Carlucci, Robert # 5552, in department B. B) The August 14, 1996 hearing; Reporter: Tammy Nielsen, #9143, in department B. And C) The August 20, 1996 hearing; Reporter: Tammy Nielsen, #9143 in department B. (See attached minute orders pp. 1-3.)

2) It is further requested that the cost for the refurbishing of said transcripts be forwarded pursuant to court rule 5(c).

This request is necessary and based on the movant's "Pending Cases" under case numbers D050471, and S

Dated: April 5, 2007

Submitted by,

/s/ Lee V. Quillar
LEE V. QUILLAR

| Short Title: | Court Case No: |
|---|---|
| People of the State of California V. Quillar | SCE171374 |

# Proof of Service By Mail

I am over the age of 18 and a party/not a party (mark one out) to the cause.

I am a resident of or employed in the county where the mailing occurred. My residence or business address is (specify): CENTINELA STATE PRISON (I.D. # D-2263
2302 BROWN ROAD
P.O. BOX 921
IMPERIAL, CA 92251

I served the attached: Notice And Motion For Transcripts and estimate cost

By enclosing true copies in a sealed envelope addressed to each person whose name and address is given below and depositing the envelopes in the United States mail with the postage fully prepaid. in the County of Imperial.

Date of deposit: April 5, 2007

NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

California Superior Court
EAST County Division
250 E. Main Street,
El Cajon, CA 92020

I certify under penalty of perjury that the foregoing is true and correct.

DATE: 4-5-2007

LEE V. Quillar
(TYPE OR PRINT NAME)

Lee V. Quillar
(SIGNATURE OF DECLARANT)

**SUPERIOR COURT OF CALIFORNIA**
**COUNTY OF SAN DIEGO**

**East County Division**
**Court Reporter Services**

**Court Reporter Services**
(619) 441-4310
Fax: (619) 441-3473

El Cajon Courthouse
250 East Main Street – 3rd Floor
El Cajon, California 92020

April 10, 2007

Lee V. Quillar D-22639
P.O. Box 921 C-4217
Imperial, CA 92251

Re: Transcript Request
Case Name: People vs. Lee V. Quillar

Dear Mr. Quillar:

I am in receipt of your transcript requests for the proceedings held on August 14, 1996, and August 20, 1996.

Unfortunately, unlike case files, reporters' stenograph notes are destroyed after 10 years in storage. According to Government Code Section 69955(e), "Reporting notes produced under subdivision (b) may be destroyed upon the order of the court after 10 years from the taking of the notes in criminal proceedings and after five years from the taking of the notes in all other proceedings, unless the notes report proceedings in capital felony cases including the preliminary hearing. No reporting notes in a capital felony case proceeding shall be destroyed until such time as the Supreme Court on request by the court clerk authorizes the destruction."

Therefore, we are unable to produce a transcript for this case.

Thank you,

Tammy L. Nielsen, CSR No. 9143
Official Court Reporter

```
DA10 85116 004903 802 001      CASE DISPLAY                         EL CAJON BRANCH
CRIME F    PROS NO P8001801              ISSUED ON 061296 BY EL CAJON BRANCH
NAME SYS QUILLAR          LEE          VIRT          111267 DEF ATTY BARREA A
     AKA                                                          CLOSED 000000
4TH AMEND 0000 4TH EXP DATE 000000                                 DISPO 090597
B M HGT 600 WGT 150 EYES BRO HAIR BLK  EMP TYPE   EMP STATUS U INTERPRETER N
BKG 96139457A MC CE171374    001 CII 07920570                    SSN 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
OTH                SC SCE171374  001 FBI 911532DA6               UNDOC. PERSON N
REL STATUS CUST W-DATE       AMT 0000000
OFFENSE  061096 AT 920 LESLIE #6         EL CAJON             CA
AGY ECPD 061096 AT SAME                                           AT SCENE Y
AGY INVEST CONT N                NODEFS 01                         PURGE 101422
PROB HEAR-SENTENCING 100997 0900 EC-S-C   SCHEWH 000 STATE PRISON
NOTICE OF APPEAL     102997 0800 EC-S-B   NO   DA 000 PENDING APPEAL
REMITTITUR           022900 0800 EC-S-011 NO   DA 000 AFFIRMED IN PART
CASE DISP G-J-F                                   COURT CASE LOCATION CC/RA
SENTENCING INFORMATION IS FOR MOST SERIOUS CHARGE OF PC236-237     LCDT 112206
SENTENCED TO PRISON        25L YEARS CONFINEMENT

                                                TOTAL SENT TIME 36L YEARS
100997 CTS D631;R/F 10,000 PC2085.5/PC1202.45;TTL TERM 36 YRS TO LIFE
 FOR CHARGE RECORDS PRESS ENTER KEY                          CURRENT DATE 04/10/07
```

4.

DA11 85116 004903 802 01 EVENT DISPLAY PROS NO MUNI NO
DEFENDANT NAME SUP NO

| EVENT | COURT | DATE | DEPUTY | DEF ATTY | TYPE | ADDITIONAL INFO |
|---|---|---|---|---|---|---|
| | | start ↓ | | | | |
| COMPLAINT FILED | ECM000 | 06-12-96 | | | N | FELONY |
| ARRAIGN ON COMPLAINT | ECMCUS | 06-12-96 | MEANCJ | | N | C*OTHER JURIS REASON |
| ARRAIGN ON COMPLAINT | ECMCUS | 06-13-96 | MEANCJ | DEFEP | B | PLED NG |
| FELONY READINESS | ECM007 | 06-20-96 | BENNGT | DEFEP | B | PRELIM DATE SET-CONF |
| PRELIMINARY EXAM | ECM004 | 06-26-96 | HANSKL | DEFEP | B | BOUNDOVER |
| INFORMATION FILED | ECSB | 07-02-96 | | DEFEP | B | FELONY |
| ARR ON INFORMATION | ECSB | 07-10-96 | | DEFEP | B | ERROR-CHANGE EVENT |
| ARR ON INFORMATION | ECSB | 07-10-96 | KOSTL | PROPER | P | PLED NG |
| SUP READINESS CONF | ECSB | 08-14-96 | BENNGT | PROPER | P | C*OTH DISCRETNY RSN |
| SUP READINESS CONF | ECSB | 08-20-96 | BENNGT | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 08-26-96 | | PROPER | P | VACATED |
| SUP READINESS CONF | ECSB | 09-24-96 | BENNGT | BARREA | A | C*FURTHER NEGOTIATN |
| TRIAL CALL | ECSB | 09-30-96 | | BARREA | A | VACATED |
| SUP READINESS CONF | ECSB | 11-18-96 | BENNGT | BARREA | A | NON-NEGOTIABLE |
| TRIAL CALL | ECSB | 12-02-96 | HANSKL | BARREA | A | C*OTH DISCRETNY RSN |
| SUP READINESS CONF | ECSB | 01-22-97 | BENNGT | BARREA | A | C*FURTHER NEGOTIATN |
| TRIAL CALL | ECSB | 01-27-97 | | BARREA | A | VACATED |
| SUP READINESS CONF | ECSB | 02-04-97 | BENNGT | BARREA | A | C*FURTHER NEGOTIATN |

all dates continued until 3/3/97.

ADDITIONAL EVENTS - PRESS PA1 KEY

5.

DA11 85116 004903 802 01 EVENT DISPLAY PROS NO MUNI NO
DEFENDANT NAME SUP NO

| EVENT | COURT | DATE | DEPUTY | DEF ATTY | TYPE | ADDITIONAL INFO |
|---|---|---|---|---|---|---|
| SUP READINESS CONF | ECSB | 02-10-97 | BENNGT | BARREA | A | C*FURTHER NEGOTIATN |
| SUP READINESS CONF | ECSB | 02-25-97 | BENNGT | BARREA | A | NON-NEGOTIABLE |
| TRIAL CALL | ECSB | 03-03-97 | BENNGT | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 04-07-97 | SCHEWH | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 04-14-97 | BENNGT | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 04-21-97 | BENNGT | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 05-19-97 | SCHEWH | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 06-02-97 | SCHEWH | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 06-23-97 | | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 06-25-97 | SCHEWH | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 08-11-97 | BENNGT | BARREA | A | C*OTH DISCRETNY RSN |
| TRIAL CALL | ECSB | 08-12-97 | | BARREA | A | ASSIGND TO COURTROOM |
| TRIAL - JURY | ECSC | 08-12-97 | SCHEWH | BARREA | A | G-J-F |
| PROB HEAR-SENTENCING | ECSC cont'd. | 09-18-97 | SCHEWH | BARREA | A | C*PROB INVST INCMPLT |
| PROB HEAR-SENTENCING | ECSC | 10-09-97 | SCHEWH | BARREA | A | STATE PRISON |
| NOTICE OF APPEAL | ECSB | 10-29-97 | NO DA | BARREA | A | PENDING APPEAL |
| REMITTITUR | ECS011 | 02-29-00 | NO DA | BARREA | A | AFFIRMED IN PART |

all dates continued until 8/12/97 for trial.

ALL RECORDS DISPLAYED

6.

(1)

Lee, 4-11-07

Hey I let you know I went El Cajon court already and spoke w/ Nina Burns who work on Report Trans. for ROBERT. Robert is NO Longer work there anymore. He is passed away (Died.) last 6 month ago. Nina is ~~[illegible]~~ Instead Now. She said she will talk to you, write you Everything what you Request. The Report Trans of your case is gone in storage. They kept in for 10 years. Tammy will call me soon and she will find and look though your paper too. I let you know that No $ pay for Report Trans. your case is in storage. it kept for 10 years. They said ~~your~~ the ~~[illegible]~~ Jury found your Guidity on Aug 12, 1997. so None Report Trans here in El Cajon court, they have to check back in storage - and Tammy's case will send to you about aug 14, 20th Etc... yes, They will give me copy. If not ya make copy then send to me. I will kept in my file record for you OK. I'll put my file Drawer and hold. OK. Hey Gotta 2 Go...

Be Strong!

T. 7.

April 18, 2007
LEE V. QUILLARD-22639
P.O. BOX 921 C4 217
Imperial, CA 92251

CASE NO. SCE171374

El Cajon Courthouse
250 East Main Street - 3rd Floor
El Cajon, CA 92020

Re: COPY OF "Notice of Superior Court record destruction, Rule 243.6

To: Tammy L. Nielsen, CSR No. 9143:

On April 17, 2007, I received a letter from you (dated April 10, 2007), explaining that the Reporter transcripts has been destroyed.

Firstly, I thank you for your responding to my request.

Secondly, I am respectfully requesting that a copy of the Superior Court Notice of Record Destruction Form be forwarded to me. (See Rule 982.9.)

This request is being made based on the defendant in case no. SCE171374, currently having "two writs" pending in the court wherein, said information is direly needed in order to clarify his claims.

I thank you in advance Ms. Nielsen, for your time regarding this matter.

Respectfully Submitted by,

/s/ Lee V. Quillar
LEE V. QUILLAR - Defendant / Requester.

April 18, 2007

LEE V. QUILLAR D-22639
P.O. BOX 921 C4 217
Imperial, CA 92251

CASE NO. SCE171374

El Cajon Courthouse
250 East Main Street-3rd Floor
El Cajon, CA 92020

Re: COPY OF Reporter's Transcripts/Notice of Destruction-Rule 243.6.

TO: Nina Burns, Court Reporter:

On April 11, 2007, defendant in the above-entitled case learnt that the above-named court Reporter has takened the Position of Robert carlucci (Reporter), after his demise.

I am hereby now requesting that the Reporter transcript of the hearing held on July 10, 1996, be Produced For Purchasing, or in the alternative, the Notice of date of destruction be forwarded to the undersigned.

This request is based on the defendant in the above case number currently having a need for said Report (Marsden Motion) based on his Pending habeas corpus claims.

Thank You for Your time!

Respectfully,

/s/ Lee V. Quillar
LEE V. QUILLAR

June 24, 2007

LEE V. QUILLAR D-22639
P.O. BOX 715071 (5BA210u)
Old Folsom
Represa, CA 95671

Department of Justice
110 West "A" Street, Ste. 1100
San Diego, CA 92101

RE: REQUESTED DOCUMENTS UNDER GOV'T CODE § 6253.

MS. Meagan Beale:

On may 27, 2007, the above-named forwarded three minute orders whereby, the actual transcripts were requested. Since that time, the above party has transferred from Centinela, to folsom state Prison.

It is again being requested that the following transcripts be duplicated and forwarded to the above party:

1) the marsden hearing portion of the transcript under case number SCE171374, on July 10, 1996, (see attached minute order);

2) the transcript under case number SCE171374, on August 14, 1996, appointing co-counsel, (see attached minute order); and,

3) the transcript under case number SCE171374, on August 20, 1996, showing the above party withdrawing counsel (see attached minute order).

Please forward me the fee charge upon completion of securing same so that a cashier check can be forwarded.

Thank You!

by,

/s/ Lee V. Quillar
LEE V. QUILLAR

ATTACHMENTS re REQUEST FOR TRANSCRIPTS UNDER CASE NUMBER: (SCE171574) D029778; Transcripts no. 0346-0348 (minute orders).

ECS

CR SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** 0346

DATE 07-10-96 AT 01:25 M. 96139457 ARR ON INFORMATION

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER CARLUCCI, ROBERT 5552 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA

VS.

DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V B - S.TARANTINO relieved

DEFENDANT ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) Ct1 PC245(a)(1) Ct2 PC236/237 Ct3

Alleg: PC12022(b) Ct3 Priors: 2 Strike: 2 S/F: 2

INTERPRETER ____ SWORN

LANGUAGE ____

**ARRAIGN**

☒ DEFENDANT ~~NOT~~ PRESENT ☐ VIA AUDIO/VISUAL ☒ ARRAIGNED, FURNISHED WITH A TRUE COPY OF INFORMATION/~~INDICT~~

☒ READING WAIVED ☒ TRANSCRIPT FURNISHED/~~WAIVED~~ FOR ARRAIGNMENT. ☒ DEFENDANT ADVISED OF RIGHTS.

DEFENDANT PLEADS ☒ NOT GUILTY ☐ NOT GUILTY BY REASON OF INSANITY. ☐ OTHER:

☐ DRS. ____ AF...

DEFENDANT ☐ ADMITS ☒ DENIES PRIOR FELONY CONVICTIONS/ALLEGATIONS.

**STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ THIS CASE ONLY.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ____ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ____

**FUTURE HRNGS**

☒ DEFENDANT WAIVES STATUTORY TIME FOR TRIAL ☐ JURY WAIVED BY DEFENDANT.

READINESS CONFERENCE SET FOR 8/14/96 AT 9:30 IN DEPARTMENT B 13

TRIAL SET FOR [redacted] 8/26/96 AT 9:00 IN DEPARTMENT B DAYS LEFT [redacted]

BAIL REVIEW SET FOR ____ AT ____ IN DEPARTMENT ____ ☐ PTS ORDERED

MOTIONS DUE 7/24/96

____ CONTINUED TO/SET FOR ____ AT ____ IN DEPT. ____

ON MOTION OF COURT/DDA/DEFENDANT/PROBATION OFFICER. REASON:

**WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ____ . ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ____

☐ BENCH WARRANT ISSUED/ORDERED ____ IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ____ . BOND NO. ____

BOND COMPANY ____ AGENT ____

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ____ AT ____

IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON ____ AT ____ IN DEPARTMENT ____.

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING STATED ABOVE.

OTHER: Public Defenders Office is relieved.
Defendant is pro per.
Sheriff is ordered to give the defendant pro per privileges.

12.

[signature]

JUDGE OF THE SUPERIOR COURT

2

CRIMINAL MINUTES

ECS

SCE171374 DA P8001801 **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

DATE 08-14-96 AT 09:30 M. 96139457 SUP READINESS CONF 0347

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK KATHLEEN FAHEY KOMAN REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA
VS.

G. Bennett
DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V P - PROPER
DEFENDANT ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3
ALLEG: PC12022(b) CT3
PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ______ SWORN/CERT
LANGUAGE ______

---

**READINESS**

DEFENDANT ☑ ~~NOT~~ (PRESENT). ☐ NOT NEGOTIABLE. TRIAL DATE ______ REMAINS AS SET/CONFIRMED/VACATED.

☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ______

☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS

☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:

☐ GUILTY OF THE OFFENSE:

☐ PEOPLE V. WEST PLEA.

☐ COUNSEL & DEFT. STIP. TO PRELIM.
TRANS. AS FACTUAL BASIS OF PLEA.

☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ______ REMAINING IS/ARE DISMISSED FOJ/VOP.

☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ______ REMAINING IS/ARE STRICKEN FOJ/VOP.

---

**CUSTODY STATUS**

☑ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000-.

☑ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______.

---

**FUT HRGS**

☐ DEFT'S WAIVERS: ☐ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING

Hrg re pro per privileges IS SET FOR/CONT'D/TRAILED TO 8-20-96 AT 9:30

IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT ______

---

**BONDS WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______

☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______. BOND NO. ______

BOND COMPANY ______ AGENT ______

☐ BOND FORFEITURE OF ______ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ______ W/IN 30 DAYS

---

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______
IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.
HEARING ON ______ AT ______ IN DEPARTMENT ______.

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

---

**PROBTN REFRL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ______

☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.

☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.

☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:

☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY

---

OTHER: Adult-Conflicts Counsel - [redacted] [redacted] is appointed as advisory counsel - (notified K.K. 8-14-96) Elizabeth Barranco

Sheriff's representative is ordered to be present on 8-20-96 - Charles Ervin - 13. notified

Herbert J. Exarhos

ECS

SCE171374 DA P8001801

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

DATE 08-20-96 AT 09:30 M. 96139457 SUP READINESS CONF 0348

PRESENT: HON HERBERT J. EXARHOS JUDGE PRESIDING DEPARTMENT B

CLERK M. C. del Toro REPORTER TAMMY L. NIELSEN CSR 9143 CSR#

REPORTER'S ADDRESS: P.O. BOX 128, SAN DIEGO, CA 92112-4104

THE PEOPLE OF THE STATE OF CALIFORNIA VS.

G. Bennett DEPUTY DISTRICT ATTORNEY

QUILLAR LEE V DEFENDANT

P - PROPER Elizabeth Barranco ATTORNEY FOR DEFENDANT (APPTD/RETAINED)

VIOLATION OF PC451(b) CT1 PC245(a)(1) CT2 PC236/237 CT3

ALLEG: PC12022(b) CT3

PRIORS: 2 STRIKE: 2 S/F: 2

INTERPRETER ______ SWORN/CERT

LANGUAGE ______

**READINESS**

DEFENDANT ☒ ~~NOT~~ PRESENT. ☐ NOT NEGOTIABLE. TRIAL DATE 8-26-96 REMAINS AS SET/CONFIRMED/VACATED.

☐ DEFENDANT ADVISED OF RIGHTS, WAIVES RIGHTS. ☐ DEFT. SWORN & EXAMINED. DATE INFO./INDICT. FILED ______.

☐ DEFENDANT WITHDRAWS PLEA OF "NOT GUILTY" HERETOFORE ENTERED AND NOW PLEADS

☐ NOLO CONTENDERE, WITH CONSENT OF DISTRICT ATTORNEY AND APPROVAL OF COURT, OF THE OFFENSE:

☐ GUILTY OF THE OFFENSE:

☐ PEOPLE V. WEST PLEA.

☐ COUNSEL & DEFT. STIP. TO PRELIM. TRANS. AS FACTUAL BASIS OF PLEA.

☐ ON MOTION OF COURT/DDA/DEFENDANT COUNT(S) ______ REMAINING IS/ARE DISMISSED FOJ/VOP.

☐ ON MOTION OF COURT/DDA/DEFENDANT ALLEGATIONS/PRIOR(S) ______ REMAINING IS/ARE STRICKEN FOJ/VOP.

**CUSTODY STATUS**

☒ DEFENDANT REMANDED TO CUSTODY OF SHERIFF ☐ WITHOUT BAIL ☒ WITH BAIL SET AT $ 30,000.

☐ DEFENDANT ORDERED RELEASED FROM CUSTODY ☐ ON OWN/SUPERVISED RECOGNIZANCE ☐ CASE DISMISSED ☐ ACQUITTED.

☐ DEFENDANT TO REMAIN AT LIBERTY ☐ ON BOND POSTED $ ______ ☐ ON OWN/SUPERVISED RECOGNIZANCE.

☐ BAIL IS SET AT/REDUCED TO/INCREASED TO $ ______.

**FUT HRGS**

☒ DEFT'S WAIVERS: ☐ STATUTORY TIME PRON. JUDGMENT/TRIAL ☐ HARVEY/ARBUCKLE ☐ PRESENCE AT POST-SENTENCE HEARING.

Trial IS SET FOR/CONT'D/TRAILED TO 9-30-96 AT 9:00 am

IN DEPARTMENT B ON MOTION OF COURT/DDA/DEFENDANT. DAYS LEFT 10

**BONDS WRRNTS**

☐ BENCH WARRANT TO ISSUE, BAIL SET AT $ ______. ☐ SERVICE FORTHWITH. ☐ ORDERED WITHHELD TO ______.

☐ BENCH WARRANT ISSUED/ORDERED ______ IS RECALLED/RESCINDED.

☐ BOND IS ☐ EXONERATED ☐ FORFEITED. AMOUNT $ ______. BOND NO. ______

BOND COMPANY ______ AGENT ______

☐ BOND FORFEITURE OF ______ IS SET ASIDE/REINSTATED/EXONERATED. SURETY TO PAY $ ______ W/IN 30 DAYS.

**MH**

☐ PROCEEDING SUSPENDED PER PC 1368. MENTAL COMPETENCY EXAMINATION ON ______ AT ______ IN ROOM 1003, PSYCHIATRIC EXAMINING FACILITY.

HEARING ON ______ AT ______ IN DEPARTMENT ______.

☐ THE SHERIFF IS ORDERED TO TRANSPORT DEFENDANT TO AND FROM THE EXAMINATION AND HEARING SHOWN ABOVE.

**REFERRAL**

☐ REPORT ORDERED: ☐ PRESENTENCE ☐ POST-SENTENCE ☐ PC1000 ☐ SUPPLEMENTAL. PROB. RVKD. ON ______.

☐ DEFENDANT FOUND GUILTY BY ☐ JURY VERDICT ☐ COURT FINDING. ☐ DEFT. WAIVES POST-SENTENCE INTERVIEW.

☐ DEFT. ORDERED TO REMAIN IN COURTROOM UNTIL INTERVIEWED BY COURT PROBATION OFFICER FOR A LIMITED REPORT.

☐ DEFENDANT REFERRED TO/ORDERED TO REPORT IMMEDIATELY TO PROBATION DEPT. BELOW FOR INTERVIEW:

☐ 232 W. ASH ST., SAN DIEGO ☐ 325 S. MELROSE DR., VISTA ☐ 1460 E. MAIN ST., EL CAJON ☐ 1727 SWEETWATER RD, NATIONAL CITY.

OTHER: Further readiness 9-24-96 930 Dept B. Defendant withdraws his pro per status. Court grants deft request. Elizabeth Barranco is appointed as attorney of record.

14

Herbert Exarhos

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN DIEGO

**Central Division**
**Court Reporter Services**

San Diego County Courthouse
220 West Broadway, Room 3005
San Diego, California 92101-3877

**Court Reporter Services**
(619) 531-3964
Fax: (619) 515-8500

April 25, 2007

Lee V. Quillar D-22639
P.O. Box 921 C4 217
Imperial, CA 92251

Re: Transcript Request
Case Name: <u>People vs. Lee V. Quillar</u>
Case No.: SCE171374

Dear Mr. Quillar:

We are in receipt of your letter requesting the transcription of steno notes taken by Robert Carlucci on July 10, 1996.

Unfortunately, unlike case files, reporters' stenograph notes are destroyed after 10 years in storage. According to Government Code Section 69955(e), "Reporting notes produced under subdivision (b) may be destroyed upon the order of the court after 10 years from the taking of the notes in criminal proceedings and after five years from the taking of the notes in all other proceedings, unless the notes report proceedings in capital felony cases including the preliminary hearing. No reporting notes in a capital felony case proceeding shall be destroyed until such time as the Supreme Court on request by the court clerk authorizes the destruction."

Therefore, we are unable to produce transcripts for this case.

Thank you,

E. Neal

E. Neal
Court Reporting Services

15.

LEE V. QUILLAR D-22639
P.O. Box 921 C4 217
Imperial CA 92251

Department of Justice
110 West "A" Street, Ste. 1100
San Diego, CA 92186

Dear Sir/Madam.

I am writing in request for the appropriate application that is needed to order records and the fee charges. This request is being made under Government Code section 6253(a); and under Penal code section

Enclosed, please find a self addressed stamped envelope.

Thank You for Your time!

Dated: May 7, 2007.

Respectfully Submitted by,

/s/ Lee V. Quillar
LEE V. QUILLAR - Requester

*BILL LOCKYER*
*Attorney General*

*State of California*
*DEPARTMENT OF JUSTICE*

110 WEST A STREET, SUITE 1100
SAN DIEGO, CA 92101

P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 645-2001
Telephone: (619) 645-2225
Facsimile: (619) 645-2191
E-Mail: MEAGAN.BEALE@doj.ca.gov

May 16, 2007

Lee. V. Quillar
P. O. Box 921 C4 217
Imperial, CA 92251

Dear Mr. Quillar:

No particular form or application is needed for a request for records under the Public Records Act, Government Code § 6253. The cost for copies is 10¢ per page.

Sincerely,

MEAGAN J. BEALE
Deputy Attorney General

For EDMUND G. BROWN JR.
Attorney General

MJB:cp

17.

Lee V. Quillar D-22639
P.O. Box 921 D-101
Imperial, CA 92251

Department of Justice
110 West "A" Street, Ste. 1100
San Diego, CA 92101

Ms. Meagan Beale:

On May 21, 2007, I received your letter dated May 16, 2007, in response to my request for "records under the Public Records Act, Government Code § 6253.

I am requesting the following:

1) the marsden hearing portion of the transcripts regarding the hearing under case No. SCE171374, on July 10, 1996, (see attached minute order, Page 1.)

2) the hearing as shown at Page 2 of the attached minute order under case no. SCE171374, on August 14, 1996, appointing Co-Counsel. and,

3) The hearing held on August 20, 1996, under Case no. SCE-171374, as shown at attachment-3. The actual transcripts for each of the above three hearings were never included in the original transcripts. Based on this fact, I am requesting that same be made available by virtue of Government Code § 6253.

Please reproduce an original and true copy, send me the fee charge, so that I can have a cashier check forwarded.

I thank you in advance!

Submitted by,

Dated: May 27, 2007

/s/ Lee V. Quillar
LEE V. QUILLAR

EDMUND G. BROWN JR.
*Attorney General*

*State of California*
**DEPARTMENT OF JUSTICE**

110 WEST A STREET, SUITE 1100
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 645-2001
Telephone: (619) 645-2225
Facsimile: (619) 645-2191
E-Mail: Meagan.Beale@doj.ca.gov

June 6, 2007

Lee V. Quillar, D-22639
P.O. Box 921 D-1 101
Imperial, CA 92251

Dear Mr. Quillar,

Upon receiving your letter of May 27, 2007, requesting documents from the Attorney General's Office, I reviewed our entire file of your criminal case, San Diego County Case No. SCE 171374. We do not have any original or copies of the documents requested. We have only the normal record on appeal of a criminal case, as described in California Rule of Court, rule 8.320. The documents you requested are the reporter's transcripts of your arraignment (July 10, 1996) and two pre-trial readiness conferences (August 14, 1996 and August 20, 1996). Transcripts of these proceedings are not contained in the normal record on appeal, and are not contained in our file of this case.

You should contact directly the court reporters identified on the minute orders for those days to determine if transcripts are available.

Sincerely,

Meagan J. Beale

MEAGAN J. BEALE
Deputy Attorney General

For EDMUND G. BROWN JR.
Attorney General

MJB/cp

EDMUND G. BROWN JR.
Attorney General

State of California
DEPARTMENT OF JUSTICE

110 WEST A STREET, SUITE 1100
SAN DIEGO, CA 92101
P.O. BOX 85266
SAN DIEGO, CA 92186-5266

Public: (619) 645-2001
Telephone: (619) 645-2225
Facsimile: (619) 645-2191
E-Mail: Meagan.Beale@doj.ca.gov

June 29, 2007

Lee V. Quillar, D-22639
P.O. Box 715071
Old Folsom
Represa, CA 95671

Dear Mr. Quillar,

Upon receiving your letter of May 27, 2007, requesting documents from the Attorney General's Office, I reviewed our entire file of your criminal case, San Diego County Case No. SCE 171374. We do not have any original or copies of the documents requested. We have only the normal record on appeal of a criminal case, as described in California Rule of Court, rule 8.320. The documents you requested are the reporter's transcripts of your arraignment (July 10, 1996) and two pre-trial readiness conferences (August 14, 1996 and August 20, 1996). Transcripts of these proceedings are not contained in the normal record on appeal, and are not contained in our file of this case.

You should contact directly the court reporters identified on the minute orders for those days to determine if transcripts are available.

Sincerely,

/s/ Meagan J. Beale
MEAGAN J. BEALE
Deputy Attorney General

For EDMUND G. BROWN JR.
Attorney General

MJB/cp

# Government Claims Form

**California Victim Compensation and Government Claims Board**
**P.O. Box 3035**
**Sacramento, CA 95812-3035**

**1-800-955-0045 • www.governmentclaims.ca.gov**

RECEIVED
State of California Victim Compensation and Govt Claims Board
JUL 20 2007
Government Claims Div.

For Office Use Only
Claim No.: 568909

## Is your claim complete?

| | |
|---|---|
| | *New!* Include a check or money order for $25 payable to the State of California. |
| | Complete all sections relating to this claim and sign the form. Please print or type all information. |
| | Attach receipts, bills, estimates or other documents that back up your claim. |
| | Include two copies of this form and all the attached documents with the original. |

## Claimant Information

1. Last name: QuiLLAR, First Name: Lee, MI: V
2. Tel: N/A
3. Email: N/A
4. Mailing Address: P.O. BOX 715071 (5BAZ10u) City: Represa State: CA Zip: 95671
5. Best time and way to reach you: Any time by mail
6. Is the claimant under 18? Yes (No) If YES, give date of birth: MM DD YYYY

## Attorney or Representative Information

7. Last name: QuillAR, First Name: Lee, MI: V
8. Tel: N/A
9. Email: N/A
10. Mailing Address: P.O. Box 715071 (Old Folsom) City: Represa State: CA Zip: 95671
11. Relationship to claimant: Self.

## Claim Information

12. Is your claim for a stale-dated warrant (uncashed check) or unredeemed bond? Yes (No)
    If NO, continue to Step 13.
    State agency that issued the warrant: N/A
    Dollar amount of warrant: N/A
    Date of issue: MM DD YYYY
    Proceed to Step 22.
13. Date of Incident: April 10-July 2007
    Was the incident more than six months ago? Yes (No)
    If YES, did you attach a separate sheet with an explanation for the late filing? N/A Yes No
14. State agencies or employees against whom this claim is filed: California Superior Court, California Department of Justice, and Superior Court Reporter Robert Carlucci and Tammy L. Nielsen, and Superior court Clerk KathLeen Koman and M.C. del Toro, and Deputy District Attorney L. Koster and G. Bennett
15. Dollar amount of claim: $0.00
    If the amount is more than $10,000, indicate the type of civil case: Limited civil case ($25,000 or less) / Non-limited civil case (over $25,000)
    Explain how you calculated the amount: $0.00

21.

**16** Location of the incident: San Diego, CA.

**17** Describe the specific damage or injury: Due process, equal protection and Statutory law under California Gov't code 6253; California rules of court rule 8.328, 10.856; and Penal code 1181, 13200 and 13300. Also, California Const., Art. I, Sec. 3, (b)(1) and Art I, Section 3 (b)(2).

**18** Explain the circumstances that led to the damage or injury: Intentional suppression of Evidence, and denial of equal rights. (see declaration)

**19** Explain why you believe the state is responsible for the damage or injury: Intentional Fraud and violation of due process (see declaration)

**20** Does the claim involve a state vehicle? Yes (No)

If YES, provide the vehicle license number, if known:

## Auto Insurance Information

**21** N/A

*Name of Insurance Carrier*

*Mailing Address* *City* *State* *Zip*

| | |
|---|---|
| Policy Number: | Tel: |
| Are you the registered owner of the vehicle? | Yes No |
| If NO, state name of owner: | |
| Has a claim been filed with your insurance carrier, or will it be filed? | Yes No |
| Have you received any payment for this damage or injury? | Yes No |
| If yes, what amount did you receive? | |
| Amount of deductible, if any: | |
| Claimant's Drivers License Number: | Vehicle License Number: |
| Make of Vehicle: Model: | Year: |
| Vehicle ID Number: | |

## Notice and Signature

**22** I declare under penalty of perjury under the laws of the State of California that all the information I have provided is true and correct to the best of my information and belief. I further understand that if I have provided information that is false, intentionally incomplete, or misleading I may be charged with a felony punishable by up to four years in state prison and/or a fine of up to $10,000 (Penal Code section 72).

Lee V. Quillar — July 2, 2007

*Signature of Claimant or Representative* *Date*

**23** Mail the original and two copies of this form and all attachments with the $25 filing fee or the "Filing Fee Waiver Request" to: Government Claims Program, P.O. Box 3035, Sacramento, CA, 95812-3035. Forms can also be delivered to the Victim Compensation and Government Claims Board, 630 K Street, Sacramento.

## For State Agency Use Only

**24**

*Name of State Agency* *Fund or Budget Act Appropriation No.*

*Name of Agency Budget Officer or Representative* *Title*

*Signature* *Date*

LEE V. QUILLAR D-22639
P.O. BOX 715071, 5BA210
Represa, CA 95671

IN PRO PER.

CALIFORNIA BOARD OF CONTROL

IN re Matter of
LEE V. QUILLAR,
Before
CALIFORNIA BOARD OF CONTROL.

NO. ________

DECLARATION OF LEE V. QUILLAR re BOARD OF CONTROL CLAIM

I, Lee V. Quillar, declare:

1. I am currently incarcerated at Folsom State Prison, located in Represa, California.

2. On April 10, 2007, declarant Filed a "Notice and motion For tran-scripts by virtue of Cal. Rules of court, rule 5(c) and (d) (See attach-ments, Pages 1-2.)

3. On April 11, 2007, a Friend of declarant went to the El Cajon Superior Court in an attempt to secure transcripts that by Opera-ting law, were suppose to automatically be given to declarant which Consist of an "in Camera Marsden hearing as Formated under the case of People v. Marsden (1970) 2 Cal.3d 118; (Self representation). (See attachment PP. 3-6.)

4. On May 7, 2007, declarant wrote the Department of Justice, and again requested the Reporter's transcripts under Government Code section 6253(a). (Attachment P. 7, and See response P. 8.)

5. On May 27, 2007, declarant again wrote to the Justice Department in his continual attempt to secure document that he should have been afford "automatically under Cal. Rules of Court, rule 8.-328(b), which states:

(1) The reporter's transcripts of any hearing held under People v. Marsden (1970) 2 Cal.3d 118; must be kelp confidential. The chronological index to the reporter's transcripts MUST include the marsden hearing but list it as "CONFIDENTIAL" or the equivalent;

(2) The superior court clerk MUST send the original and one copy of the confidential transcripts to the reviewing court with the record; and, (3) The superior court clerk MUST send one copy of the confidential transcript to the defendant's appellate counsel or, if the defendant is not yet represented by the appellate counsel, to the appellate project for the district.

6. Not only have the state failed to follow the above process, but declarant has been denied this direct exculpatory evidence which is crucially needed based on his unconstitutional conviction. (see second letter to Justice Department, p.9.)

7. On June 26, 2007, declarant received a second response from the Department of Justice stating: "The transcripts of the July 10, 1996, August 14, 1996 and August 20, 1996; are not contained in the normal record. (attachment p. 10.)

8. Declarant is being denied his rights to "Public Records" which said documents are direly needed to prove his claims, which in terms are denying him of equal protection of the law and due process. Thus having violated California Rules of Court, rule 8.328; Government code 6253; and California constitution, Article

9. On July 10, 1996, Superior court Judge Herbert J. Exarhos, presided over a hearing in the El Cajon superior court-East county, in San Diego whereby, declarant was relieved of professional counsel, his trial date was waived, and declarant was placed into self-representation. (see attachment p. 11.)

10. On August 14, 1996, another hearing was held before Superior Court Judge Herbert J Exarhos wherein, attorney Elizabeth A. Barranco was appointed as "co-counsel" to declarant's "Pro Per status." (See attachment P. 12.)

11. On August 20, 1996, a third hearing was held before Judge Herbert J. Exarhos. Now, declarant's Pro Per status was withdrawn, and attorney Elizabeth Barranco was appointed as attorney of record. (Attachment P. 13.)

12. Declarant "DID NOT" attend any of the above hearings, he not request any of the above Privileges, nor agreed to "ANY" of the information as alleged and the attached document's as shown at attachment 11-13, are totally Fictitious.

13. After having recently discovered the above, declarant is now being denied access at all Public records Procedures, to have the actual Reporter's Transcripts that declarant is suppose to automatically have granted to him under California Rule of court, rule 8.328.

14. Declarant was not given any of the information as outlined in attachment 11-13, in the form of Reporter's Transcripts. After requesting documents Previously, declarant was denied "twice" by the same Judicial officer (Exarhos) who held the Fictitious hearings and fabricated the minute orders. (Attachment 11-13.)

15. Now, declarant is being denied due Process to Public records under every Procedure allowed as demonstrated herein.

I declare under the Penalty of Perjury that the foregoing is true and correct except on information and belief, and as to those, I believe them to be true.

EXECUTED at Represa, California on July 2, 2007.

/s/ Lee V. Quillar
LEE V. QUILLAR

CALIFORNIA
VCGCB
Victim Compensation & Government Claims Board

STATE OF CALIFORNIA
ARNOLD SCHWARZENEGGER, Governor

GOVERNMENT CLAIMS PROGRAM
400 R Street, 5th Floor ♦ Sacramento, California 95814
Mailing Address: P.O. Box 3035 ♦ Sacramento, California 95814
Toll Free Telephone Number 1-800-955-0045 ♦ Fax Number: (916) 491-6443
Internet: www.vcgcb.ca.gov

ROSARIO MARIN
Secretary
State and Consumer Services Agency
Chairperson

JOHN CHIANG
State Controller
Board Member

MICHAEL A. RAMOS
San Bernardino County District Attorney
Board Member

KAREN McGAGIN
Executive Officer

Lee Quillar D22639
PO Box 715071
Represa, CA 95671

August 06, 2007

RE: Claim G568909 for Lee Quillar, D22639

Dear Lee Quillar,

The Victim Compensation and Government Claims Board (VCGCB) received your claim on July 18, 2007.

Based on its review of your claim, Board staff believes that the court system is the appropriate means for resolution of these claims, because the issues presented are complex and outside the scope of analysis and interpretation typically undertaken by the Board. The claim has been placed on the consent agenda. The VCGCB will act on your claim at the September 25, 2007 hearing. You do not need to appear at this hearing. The VCGCB's rejection of your claim will allow you to initiate litigation should you wish to pursue this matter further.

If you have questions about this matter, please mention letter reference 99 and claim number G568909 when you call or write your claim technician/analyst at (800) 955-0045.

Sincerely,

Government Claims Division
Victim Compensation and Government Claims Board

cc: D-8 Justice, Administrative Services Division, Attn: Jana Ott

Ltr 99 Complex Issue Reject

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED
Clerk of the Superior Court
NOV 15 2007
BY: B. Follis, Clerk

NOTICE TO DEFENDANT: TAMMY L. NIELSON, KATHLEEN
(AVISO AL DEMANDADO): KOMAN, M.C. DEL TORO, AND ROBERT CARLUCCI

YOU ARE BEING SUED BY PLAINTIFF: LEE V. QUILLAR
(LO ESTÁ DEMANDANDO EL DEMANDANTE):

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

***Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.***

The name and address of the court is: SUPERIOR COURT OF SAN DIEGO
(*El nombre y dirección de la corte es*): 330 W. BROADWAY,
SAN DIEGO, CA 92101
CENTRAL DIVISION

CASE NUMBER: 37-2007-00082024-CU-PO-CTL
(*Número del Caso*):

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(*El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es*):
LEE V. QUILLAR
P.O. BOX 950 (5BA210U)
FOLSOM, CA 95763

DATE: ~~September 30, 2007~~ NOV 19 2007
(*Fecha*) Resubmitted ~~November 2, 2007~~ BJ

Clerk, by (*Secretario*) B. Follis — B. FOLLIS, Deputy (*Adjunto*)

(*For proof of service of this summons, use Proof of Service of Summons (form POS-010).*)
(*Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL] SUPERIOR COURT SAN DIEGO COUNTY, CA

**NOTICE TO THE PERSON SERVED:** You are served
1. [X] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (*specify*):
3. [ ] on behalf of (*specify*):
under: [ ] CCP 416.10 (corporation) [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
[X] other (*specify*): STATE REPRESENTATIVE
4. [ ] by personal delivery on (*date*):



Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

SUMMONS

Code of Civil Procedure §§ 412.20, 465

American LegalNet, Inc.

27.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
LEE V. QUILLAR D-22639
P.O. BOX 950 (5BA210U)
FOLSOM, CA. 95763
TELEPHONE NO.: FAX NO.:
ATTORNEY FOR (Name): INPROPRIA PERSONA

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO
STREET ADDRESS: 330 W. BROADWAY
MAILING ADDRESS: P.O. BOX 122724
CITY AND ZIP CODE: SAN DIEGO, CA. 92112-2724
BRANCH NAME: CENTRAL DIVISION

CASE NAME: QUILLAR V. TAMMY L. NIELSON, et al.,

FOR COURT USE ONLY

FILED
Clerk of the Superior Court
NOV 15 2007
BY: B. Follis, Clerk

## CIVIL CASE COVER SHEET

[ ] Unlimited (Amount demanded exceeds $25,000)
[ ] Limited (Amount demanded is $25,000 or less)

**Complex Case Designation**
[ ] Counter [ ] Joinder
Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402)

CASE NUMBER: 37-2007-00082024-CU-PO-CTL
JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (*check all that apply*): a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action (*specify*): EIGHT
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (*You may use form CM-015.*)

Date: September 30, 2007 Resubmitted on November 2, 2007
LEE V. QUILLAR
(TYPE OR PRINT NAME)

▶ Lee V. Quillar
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: LEE V. QUILLAR D-22639<br>P.O. BOX 950 (5BA210U)<br>FOLSOM, CA. 95763<br>TELEPHONE NO.: FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: INPROPRIA PERSONA | FOR COURT USE ONLY<br>**FILED**<br>**Clerk of the Superior Court**<br>**NOV 15 2007**<br>**BY: B. Follis, Clerk** |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO<br>STREET ADDRESS: 330 W. BROADWAY<br>MAILING ADDRESS: P.O. BOX 122724<br>CITY AND ZIP CODE: SAN DIEGO, CA. 92112-2724<br>BRANCH NAME: CIVIL DIVISION | |
| PLAINTIFF: LEE V. QUILLAR<br>DEFENDANT: TAMMY L. NIELSON, KATHLEEN KOMAN, M.C. DEL TORO, AND ROBERT CARLUCCI.<br>☐ DOES 1 TO ______ | |
| COMPLAINT—Personal Injury, Property Damage, Wrongful Death<br>☐ AMENDED *(Number)*:<br>Type *(check all that apply)*:<br>☐ MOTOR VEHICLE ☒ OTHER *(specify)*: DENIAL OF CONSTITUTIONAL RIGHTS<br>☐ Property Damage ☐ Wrongful Death<br>☒ Personal Injury ☐ Other Damages *(specify)*: | |
| Jurisdiction *(check all that apply)*:<br>☐ ACTION IS A LIMITED CIVIL CASE<br>Amount demanded ☐ does not exceed $10,000<br>☐ exceeds $10,000, but does not exceed $25,000<br>☐ ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)<br>☐ ACTION IS RECLASSIFIED by this amended complaint<br>☐ from limited to unlimited<br>☐ from unlimited to limited NON-MONETARY | CASE NUMBER:<br>**37-2007-00082024-CU-PO-CTL** |

1. Plaintiff *(name or names)*: LEE V. QUILLAR
alleges causes of action against defendant *(name or names)*: ROBERT CARLUCCI, TAMMY NIELSON, KATHLEEN FAHEY KOMAN, M.C. DEL TORO.
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:
   b. ☐ except plaintiff *(name)*:
      (1) ☐ a corporation qualified to do business in California
      (2) ☐ an unincorporated entity *(describe)*:
      (3) ☐ a public entity *(describe)*:
      (4) ☐ a minor ☐ an adult
         (a) ☐ for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
         (b) ☐ other *(specify)*:
      (5) ☐ other *(specify)*:

☐ Information about additional plaintiffs who are not competent adults is shown in Attachment 3.



Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

COMPLAINT—Personal Injury, Property Damage, Wrongful Death

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

# Superior Court of California
## County of San Diego

CENTRAL COURTHOUSE
220 W. BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128


January 11, 2007

Lee V. Quillar
P.O. Box 950 (5BA21OU)
Folsom, CA 95763

Ref: *Lee Quillar v. Tammy Nielsen, Kathleen Koman, MC Del Toro & Robert Carlucci*, San Diego Superior Court Case No. 37-2007-00082024-CU-PO-CTL

Dear Mr. Quillar:

You filed a lawsuit in the above-referenced matter, seeking transcripts of hearings in *People v. Quillar*, San Diego Superior Court Case No. SCE171374, on three dates: July 10, 1996, August 14, 1996 and August 20, 1996. On April 10, 2007, it was originally believed that the court reporters' notes for these dates had been destroyed, pursuant to Government Code section 69955, subdivision (e), because they are more than ten years old.

However, it has since been determined that transcripts can be produced for the hearings of August 14, 1996 (approximately ten pages), and August 20, 1996 (approximately one page). Since your request for free transcripts was denied by the Honorable Herbert Exarhos, Judge of the San Diego Superior Court, there would be a charge of $44.80, payable to Tammy Nielsen, San Diego Superior Court, East County Regional Center, 250 East Main Street, El Cajon, California 92020.

Court reporter Bob Carlucci is deceased. His notes are not available, and no transcript can now be produced for July 10, 1996.

Sincerely,

Cheryl L. Brierton
Litigation Attorney

# Superior Court of California
## County of San Diego

CENTRAL COURTHOUSE
220 W. BROADWAY
PO BOX 120128
SAN DIEGO CA 92112-0128

April 18, 2008

Lee V. Quillar
P.O. Box 950 (5BA21OU)
Folsom, CA 95763

Ref: *Lee Quillar v. Tammy Nielsen, Kathleen Koman, MC Del Toro & Robert Carlucci*, San Diego Superior Court Case No. 37-2007-00082024-CU-PO-CTL

Dear Mr. Quillar:

You filed a lawsuit in the above-referenced matter, seeking transcripts of hearings in *People v. Quillar*, San Diego Superior Court Case No. SCE171374, on three dates: July 10, 1996, August 14, 1996 and August 20, 1996. As I stated in my letter to you on January 11, 2008, it was originally believed that the court reporters' notes for these dates had been destroyed, pursuant to Government Code section 69955, subdivision (e), because they are more than ten years old.

It was subsequently determined that transcripts could be produced for the hearings of August 14, 1996 (approximately ten pages), and August 20, 1996 (approximately one page). Since your request for free transcripts was denied by the Honorable Herbert Exarhos, Judge of the San Diego Superior Court, there would be a charge of $44.80, payable to Tammy Nielsen, San Diego Superior Court, East County Regional Center, 250 East Main Street, El Cajon, California 92020. Ms. Nielsen indicates that to date, you have not ordered these transcripts, nor sent any payment.

In our earlier letter, we informed you that Court reporter Bob Carlucci was deceased, and his notes were not available. However, some paper notes of Mr. Carlucci's have come to light, and it has been determined that a transcript can now be produced for July 10, 1996 (approximately six pages). The transcript cost would be $16.80. Payment for this transcript should be sent to Donna Foster, Court Reporter, San Diego Superior Court, 220 W. Broadway, San Diego, CA 92101.

Sincerely,
Cheryl L. Brierton
Cheryl L. Brierton
Litigation Attorney

31.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

LEE V. QUILLAR,

Petitioner,

vs.

MATTHEW KRAMER, Warden,

Respondent.

Civil No. 08-0194 IEG (AJB)

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

**(Doc. No. 6.)**

On February 20, 2008, the Court dismissed petitioner Lee V. Quillar's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court summarily dismissed the instant petition as successive pursuant to 28 U.S.C. § 2244(b)(3)(A) because petitioner had already unsuccessfully challenged his state court conviction in case No. 01cv0968 BTM (BEN).

On June 4, 2008, petitioner filed a motion for relief from judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Petitioner asserts he has shown fraud upon the court in obtaining his original conviction. Even if petitioner's assertions were true, this Court may not consider a successive petition without authorization from the Ninth Circuit Court of Appeals. See 28 U.S.C. § 2244(b)(3)(A).

//

//

//

//

//

Accordingly, the Court hereby DENIES petitioner's motion for relief from judgment. The case shall remained closed.

**IT IS SO ORDERED.**

**DATED: June 23, 2008**

**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

# Notice of Appeal Notification Form

**To:** Clerk, U.S. Court of Appeals **Date:** 07/16/08
**From:** U.S. District Court, Southern District of California
**Subject:** New Appeals Case Information & Docket Fee Notification

## Case Information

Case Title: Lee V. Quillar v. Matthew Kramer, Warden

U.S.D.C. No.: 08cv194 IEG (AJB) U.S.D.C. Judge: Irma E. Gonzalez

Complaint/Indictment/Petition Filed: Petition

Appealed Order Entered: 06/24/08

Notice of Appeal Filed: 07/10/08

Court Reporter: n/a

COA Status: ☐ Granted in full/part (appeal only) ☐ Denied (send clerk's file)

## Docket Fee Notification

Docket Fee: ☐ Paid ☒ Not Paid ☐ No Fee Required

USA/GOVT. APPEAL: ☐ Yes ☒ No

Date F/P granted (Show Date and Attach Copy of Order): ____________

Was F/P Status Revoked? ☐ Yes ☐ No

Companion Case(s): (Please list consolidated cases, if applicable) ____________

## Counsel Information

**Appellant Counsel:**

Lee V. Quillar

D-22639
CSP-Sacramento
P.O. Box 950, 5BA227
Folsom, CA 95763

**Appellee Counsel:**

Attorney General

State of California
Office of the Attorney General
110 West A Street, Suite 1100
San Diego, CA 92101-5266

619-645-2076

Counsel Status: ☐ Retained ☐ Appointed ☒ Pro Se

Appointed by: ____________
(Attach copy of order/minutes)

## Defendant Information

Prisoner ID Number: D-22639

Bail: ____________________

Custody: ______x______________

**SERVICE LIST**

**Counsel for Appellant(s) and Appellee(s), as listed on the previous page, have been sent copies of the following items:**

| | |
|---|---|
| x | Transmittal of U.S.C.A. (Appellant and Appellee) |
| x | Case Information/Docketing Fee Notification Form. (Appellant Only) |
| x | Notice of Appeal. (Appellant, Appellee, U.S. District Judge, USPO, and Court Reporter) |
| x | Docket Entries (Appellant and Appellee) |
| x | Designation of Reporter's Transcript and Ordering Form. (Appellant Only, mailed separately) |
| | Order for Time Schedule. (Criminal Only) (Appellant, Appellee, and Court Reporter) |
| | Magistrate Judge's Report and Recommendation |
| | COA Order |
| | F/P Order |
| | Minute Order |
| x | Other: Order Denying Motion for Relief from Judgment, entered 06/24/08 |

Form Completed And Documents Served By U.S. District Court Deputy Clerk:

Angela Rowland — A. Rowland

Deputy's Name — Deputy's Signature

**UNITED STATES DISTRICT COURT**
Southern District Of California
Office Of The Clerk
880 Front Street, Room 4290
San Diego, California 92101-8900
Phone: (619) 557-5600
Fax: (619) 702-9900

W. Samuel Hamrick, Jr.
Clerk of Court

To: Clerk, U.S. Court of Appeals
P.O. Box 193939
San Francisco, CA 94119-3939

Re: USCA No:
USDC No: 08cv194 IEG (AJB)

Clerk, U.S. Court of Appeals, enclosed herewith you will please find:

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| x | Copy of the Notice of Appeal | | | x | | Docket Entries | |
| x | Case Information/Docket Fee Payment Notification Form | | | | | | |
| | Order for Time Schedule (Criminal) | | | | | | |
| | Original Clerk's Record in | | | | set(s) of | | volume(s). |
| | Reporter's transcript's transcripts in | | | | set(s) of | | volume(s). |
| | Exhibits in | | envelope(s) | | box(es) | | folders(s) |
| | Judgement Order | | | | | F/P Order | |
| | CJA Form 20 | | | | | Minute Order | |
| | Certificate of Record | | | | | Mandate Return | |
| | Magistrate Judge's Report and Recommendation | | | | | | |
| | COA Order | | | | | | |
| | Amended docket fee notification form | | | | | | |
| | Order Appointing Counsel for Appeal | | | | | | |
| x | Other: Order Denying Motion for Relief from Judgment, entered 06/24/08 | | | | | | |
| x | Please acknowledge on the enclosed copy of this transmittal | | | | | | |

Sincerely yours,

W. Samuel Hamrick, Jr.
Clerk of Court

Date: 07/16/08

By: A. Rowland
Angela Rowland, **Deputy**